## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEFF HULBERT**<br>P.O. Box 137<br>Chester, Maryland 21619, | |
| **KEVIN HULBERT**<br>P.O. Box 41<br>Oak Hall, Virginia 23416, | CASE No._____ |
| **and** | ***JURY TRIAL DEMANDED*** |
| **MARYLAND SHALL ISSUE, INC.**<br>for itself and its members,<br>    1332 Cape St. Claire Rd #342<br>    Annapolis, MD 21409 | |
| *Plaintiffs* | |
| **v.** | |
| **SGT. BRIAN T. POPE**<br>Maryland Capitol Police, Annapolis<br>29 St. Johns St.<br>Annapolis, MD 21401 | |
| **and** | |
| **COLONEL MICHAEL WILSON**<br>Chief of Police<br>Maryland Capitol Police, Annapolis<br>29 St. Johns St.<br>Annapolis, MD 21401 | |
| *Defendants* | |

## COMPLAINT

COME NOW Plaintiffs Jeff Hulbert, Kevin Hulbert, and Maryland Shall Issue, Inc., by

and through counsel, and file suit against Sergeant Brian T. Pope and Colonel Michael Wilson of

the Maryland Capitol Police, in their individual and official capacities, and state as follows:

## INTRODUCTION

1.      Jeff Hulbert and Kevin Hulbert were picketing in Maryland's capital protesting against state laws and policies which they sincerely believe are wrong.  They were within their rights on a public sidewalk and were neither impeding nor interfering with the movement of other pedestrians.  The police ordered them away and then falsely arrested the Hulbert brothers for criminal misdemeanors as a result of the exercise of their constitutional freedoms of speech and assembly.  When the police did not like what the brothers had to say to the media the following day about their unlawful arrests, the police retaliated against them for speaking out by charging the Hulberts with two additional crimes.  This was a blatant attempt to intimidate and harass the brothers for publicly speaking out against their unlawful arrest, search and detention. The Hulbert brothers' arrest, detention, and all of the criminal charges filed against them are grave violations of their constitutional freedoms of speech and assembly.  Jeff Hulbert and Kevin Hulbert are filing this lawsuit to protect their rights, and the rights of others.

2.      At the time of his arrest, Jeff Hulbert was peaceably carrying a sign on a public sidewalk in Annapolis, Maryland.  The Constitution guarantees the right to peacefully protest in public areas without interfering with the rights of others.  Jeff Hulbert was arrested and charged in violation of his rights to freedom of speech and assembly.  The arrest was made on the orders of the Chief of the Maryland Capitol Police, who apparently did not like the messages on some of the signs carried by the Hulbert brothers.

3.      When he was arrested, Kevin Hulbert was not carrying a sign and was not actively picketing.  Instead, he was falsely charged as a result of merely video recording the police interaction with his brother.  The Constitution guarantees the right to peacefully observe

and film police actions in public spaces without interfering.  Kevin Hulbert's arrest violated

these rights.

4.      To make matters worse, when the Hulbert brothers publicly discussed their

unlawful arrests, the police retaliated against them.  The day after the arrests, the Chief of the

Maryland Capitol Police told the Hulberts that he and his staff had spent "all day" reading the

negative news reports and social media coverage his office was receiving.  After making this

remark, the Chief personally informed the Hulberts that they were each being charged with two

additional violations of Maryland law.  These citations were dated February 6, 2018, the day

after the underlying events.  It is clear that these new citations were issued to the Plaintiffs in

retaliation for the exercise of their constitutional right to comment in the media about the actions

of the police because:

> a) the Chief took the time to personally oversee the delivery of the additional
> citations, which is a task usually left to much lower ranking officers;
>
> b) the Chief made his disdain for the media coverage clear shortly before serving
> the new citations;
>
> c) the new citations were not issued or dated at the time of the alleged infraction,
> but instead they were issued and dated the following day, after the media
> coverage; and
>
> d) as further explained below, there were no lawful grounds for any of the
> citations, *all of which were dismissed by the State's Attorney within days of being
> issued*.

5.      Government retaliation against individuals for exercising their First Amendment

rights is unconstitutional.

6.      This case seeks to protect and vindicate fundamental constitutional rights.  It is a

civil rights action brought under the First, Fourth, and Fourteenth Amendments to the United

States Constitution and 42 U.S.C. § 1983, challenging Defendants' restriction on Plaintiffs'

rights to freedom of speech and assembly and Defendants' violation of Plaintiffs' rights to be free from unlawful arrest, seizure, and excessive force.  Plaintiffs seek a declaration that Defendants violated their clearly established constitutional rights as set forth in this Complaint; a declaration that Defendants' restriction on Plaintiffs' speech violates the U.S. Constitution and 42 U.S.C. § 1983 as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendants' speech restriction as set forth in this Complaint; and all compensatory, punitive and other damages recognized by law for the tortious and constitutional violations stated herein. Plaintiffs also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

7.     The Plaintiffs are not alone in their condemnation of the government overreach and misconduct at the heart of this case: "This arrest never should have happened.  Citizens have a sacred right to free speech which applies everywhere but especially at the Maryland State House. These gentlemen have been coming to Annapolis to lawfully express their views for years…" Public Statement given by House Minority Leader Nic Kipke on February 9, 2018. "Unimpeded political speech is a cornerstone of our democracy and a sacred right held by all Americans…While I am glad to see the charges dropped, this arrest never should have happened. I hope this incident serves as a learning opportunity for the Capitol Police and they can, in the future, strike the appropriate balance and protect the public without impeding on free speech. Otherwise, this arrest could have people thinking twice before they come to Annapolis to express their views. That would be a travesty." Public Statement given by House Minority Whip Kathy Szeliga on February 9, 2018.

4

## JURISDICTION AND VENUE

8.      This action arises under the Constitution and laws of the United States.

Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has

supplemental jurisdiction over the State claims alleged in this Complaint under 28 U.S.C. § 1367

as such claims form a part of the same case or controversy.

9.      Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C.

§§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the

general legal and equitable powers of this Court. Plaintiffs' claims for damages are

authorized by 42 U.S.C. § 1983.

10.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the

events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

11.     Plaintiff Jeff Hulbert is an adult citizen and resident of the state of Maryland.  At

all times relevant hereto, Jeff Hulbert was engaged in activities protected by the First

Amendment of the United States Constitution and Article Forty of the Maryland Declaration of

Rights.  Jeff Hulbert is a member of Maryland Shall Issue, Inc.

12.     Plaintiff Kevin Hulbert is an adult citizen and resident of the state of Virginia.  At

all times relevant hereto, Kevin Hulbert was engaged in activities protected by the First

Amendment of the United States Constitution and Article Forty of the Maryland Declaration of

Rights.  Kevin Hulbert is a member of Maryland Shall Issue, Inc.

13.     Plaintiff Maryland Shall Issue, Inc. ("MSI") is a non-profit membership

organization incorporated under the laws of Maryland with its principal place of business in

Annapolis, Maryland. MSI has approximately 800 members statewide.  MSI is an all-volunteer,

non-partisan organization dedicated to the preservation and advancement of gun owners' rights in Maryland. It seeks to educate the community about the right of self-protection, the safe handling of firearms, and the responsibility that goes with carrying a firearm in public.  The purposes of MSI include promoting the exercise of the right to keep and bear arms; and education, research, and legal action focusing on the constitutional right to privately own, possess and carry firearms.  MSI brings this action on behalf of itself and its members.

14.    MSI and its members routinely exercise their First Amendment rights by petitioning the state government in Annapolis, and by demonstrating in the same public area in which the Hulberts were recently cited.  These citations, and the policy of issuing future and similar citations, does and is designed to have a content-based chilling effect on the exercise of the First Amendment Rights of the plaintiffs, Jeff Hulbert and Kevin Hulbert, and plaintiff MSI, MSI's members and the public.

15.    The Defendants' actions directly harm MSI as an organization by undermining its message and acting as an obstacle to the organization's objectives and purposes.  The membership of MSI includes individuals who wish to openly express their opinions regarding certain government policies, including by peacefully carrying signs in the public sidewalk area from which the Defendants seek to unlawfully exclude people.  MSI membership includes persons who wish to exercise their First Amendment rights in ways that are precluded by the issuing of citations such as those issued to the individual Plaintiffs.

16.    Defendant, Sergeant Brian T. Pope ("Defendant Pope"), is an adult citizen and upon information and belief, a resident of the State of Maryland.

17.    Defendant, Colonel Michael Wilson ("Defendant Wilson"), is an adult citizen and upon information and belief, a resident of the State of Maryland.

18.     Defendant Pope and Wilson are, and at all times relevant to the occurrence complained of herein were, employed by the state of Maryland Capitol Police, and at all times relevant hereto were acting under the authority and color of law.

19.     This complaint constitutes timely and proper notice under the Maryland Tort Claims Act for all state law claims stated herein and Plaintiffs are in full compliance with said Act.

## FACTS

20.     Jeff Hulbert and Kevin Hulbert, biological twin brothers, are founding members of Patriot Picket, an informal gathering of "law-abiding, gun-owning American Patriots who assemble peacefully to fiercely oppose—by lawful pickets and protests—the infringement of our Second Amendment Right to keep and bear arms." (www.patriotpicket.org)

21.     For several years, as members of the Patriot Picket, Plaintiffs have peacefully demonstrated on the public sidewalks outside of the Maryland State House in Annapolis, Maryland ("State House").

22.     These demonstrations ordinarily take place on Monday evenings, between the hours of 6:00 p.m.-9:00 p.m. (EST), and include the peaceful gathering of a small group of individuals, holding signs on the public sidewalks in front of the Maryland State House.

23.     The signs held by the demonstrators, as referenced above, address primarily Second Amendment concerns and rights.

24.     On February 5, 2018, Plaintiffs had gathered with approximately five (5) additional individuals to hold signs, as they had done for countless weeks before, on the public sidewalks in front of the State House.

25.     At approximately 6:00 p.m., Kevin Hulbert arrived to engage in activities protected by the First Amendment. He did so without impeding traffic, causing a nuisance, disturbing the peace, or otherwise impacting the rights of others.

26.     It was not unusual for Defendant Pope or Defendant Wilson to engage in conversation with the Plaintiffs during their peaceful demonstrations.  In fact, it was common for the Defendants to approach the Plaintiffs and request that they move to a different location to continue their demonstrations.  Each time the request was previously made, however, Plaintiffs informed the Defendants of their right to demonstrate on the public forum, and maintained their position.  This conduct was repeated for years as the Plaintiffs engaged in peaceful demonstrations nearly every Monday evening while the legislature was in session.

27.     Shortly after Kevin Hulbert's arrival, Defendant Pope stated, "I'm advising you that you have to be in the Lawyer's Mall," and went on to explain that policy had changed, making reference to orders coming down from the Chief of Police, Defendant Wilson.

28.     The Lawyer's Mall is the area beyond the public sidewalk between the walkway and the State House, and is a permitted zone, requiring that demonstrators receive a permit prior to using the grounds.  Plaintiffs and other members of the Patriot Picket, consciously avoid the Lawyer's Mall area, as their public demonstrations always take place on the non-permitted, public forum area of the public sidewalks, as allowed by law.

29.     After Defendant Pope conveyed his message, he left.

30.     A very small group of fellow Patriot Picket members arrived and began holding their signs and walking on the public sidewalk.  Instead of holding a sign, Kevin Hulbert began using his personal cell phone to record video and audio of the demonstration.

31.     During this time, the sidewalks were unobstructed.  It was approximately 7:00 p.m. and there was minimal, if any, foot traffic in the area due in part to the fact that it was cold outside.

32.     Certain members of the group acquiesced to police commands and moved to "Lawyer's Mall."

33.     Jeff Hulbert was the sole sign-holder who chose to stay behind in civil and respectful disobedience of the unlawful order to move.  Defendant Pope returned to the area and arrested Jeff Hulbert, placing him in handcuffs as Jeff Hulbert calmly explained that "This is a public sidewalk, we have a right to engage in First Amendment activity here."

34.     Additional officers arrive on scene, creating an unnecessary spectacle and drawing attention to the officers' activities.

35.     While not holding a sign and merely recording the incident on video and audio from a reasonable and lawful distance, Kevin Hulbert was placed under arrest as well at the direction of Defendant Pope.  When he was arrested, Kevin Hulbert was not carrying a sign or otherwise engaged in a demonstration, but simply video and audio recording the police response.

36.     Plaintiffs were both placed painfully in tight handcuffs and searched before being taken to the Annapolis City Police precinct.

37.     While at the precinct, the Plaintiffs waited for approximately an hour and forty-five minutes while Defendant Pope conferred with other officers on how to write the citations given to Kevin Hulbert and Jeff Hulbert.

38.     Finally, after Kevin Hulbert had been locked to a bench in the precinct, the two were released and each given one citation.  The citation itself does not identify the Md. Code

Article that it purports the Plaintiffs have violated, but merely cites the CJIS code as being 2-0055, with the following explanation:

> It is formally charged that the above named person on 5 February, 2018 at 7:20 PM at Lawyer's Mall- Public Sidewalk Annapolis…did willfully fail to obey a reasonable and lawful order of a law enforcement officer to…prevent a disturbance of the public peace.[1]

39.     The Plaintiffs did not disturb the public peace.

40.     No lawful order was ever given to the Plaintiffs.

41.     The Plaintiffs had every right to walk peaceably on the sidewalk carrying a sign and to film police conduct from a safe and respectful distance.

42.     The citation presupposes a clairvoyant officer.  The officer purports that his order to disburse was lawful because a disturbance of the public peace, which had not yet occurred, *might* occur in the future.  The accurate prediction of a potential future disturbance of the peace is impossible, and, thus, the whole premise of the order is false and flawed.  In addition, if such supposed potential future disturbances are permitted as grounds for orders to disperse, then any officer can order that anyone leave any area at any time and our rights are lost.  It is a violation of the First Amendment to order someone off of a public sidewalk on the theory that they might engage in an unlawful act there in the future.  It is a further violation to issue a citation for failing to follow the unlawful order.

43.     The initial charges violated the First Amendment rights of freedom of speech and assembly.  They also constituted content-based retaliation for the political messages contained on sign boards carried by the individual defendants.

---

[1]CJIS Code 2-0055 refers to Md. Code, Crim. Law § 10-201.

44.     Chief Wilson, who suddenly ordered the citations after years of the same lawful conduct, was previously employed working for or at the direction of the President of the Maryland Senate.  The President of the Maryland State Senate recommended Chief Wilson for his current job and was instrumental in Chief Wilson obtaining it.  The protest signs carried by the plaintiffs are critical of the President of the Maryland State Senate, who has commented on them on the floor of the Senate.

45.     Chief Wilson ordered that these citations be issued in retaliation for the content of the Plaintiffs' protected speech.

46.     Given the outrageousness of the incident, Jeff Hulbert and Kevin Hulbert were contacted by numerous news outlets and media sources the following morning, and they both agreed to appear for interviews on the public sidewalks in front of the State House, where the arrests occurred the night before.  The interviews were to take place on February 6, 2018. In addition, various social media websites covered the incident and videos of the arrests were being widely circulated on the internet.

47.     On February 6, 2018, Jeff Hulbert and Kevin Hulbert appeared for the requested interviews on the public sidewalks in front of the State House.  In the interviews, Plaintiffs expressed their opinions that the arrests were uncalled for and that the Defendants' justifications for the arrests were "hogwash," once again citing that they are free to exercise their First Amendment rights on the public sidewalks.  During the interviews, the Plaintiffs observed Defendant Wilson standing off to the side.

48.     At the close of the interviews, Defendant Wilson approached the Plaintiffs and began discussing what had taken place over the previous twenty-four hours, making light of his officers' misconduct and even chuckling about it.

49.     Jeff Hulbert and Kevin Hulbert remarked that they were talking about the incident amongst their Patriot Picket members.  In response, Defendant Wilson commented that he and members of his Capitol Police force had been looking at social media coverage of the arrests all day.  Defendant Wilson's irritation at the tone of the coverage was evident to the Hulberts given Wilson's comment that he and others had spent "all day" reviewing the almost universal condemnation of the arrests.

50.     After his displeasure at the media coverage of the event had been made apparent, Defendant Wilson presented two additional citations to Jeff Hulbert and Kevin Hulbert.

51.     Notably, the two new citations were once again signed by Defendant Pope, but they were dated February 6, 2018.  These citations were issued after a substantial amount of the media condemnation which obviously angered Chief Wilson.

52.     Chief Wilson ordered that additional citations be issued to the plaintiffs in retaliation for the plaintiffs' lawful comment in the media about their treatment by law enforcement officers.  Chief Wilson intensely disliked the criticism and abused his power by ordering the issuance of additional citations.  Officer Pope knowingly issued the citations in retaliation for the Plaintiffs' exercise of protected First Amendment rights.

53.     Chief Wilson ordered that these citations be issued in retaliation for the content of the Plaintiffs' protected speech.

54.     The two additional citations that both Jeff Hulbert and Kevin Hulbert received stated as follows:

> It is formally charged that the above named person on 5 February, 2018 at 7:20 PM at Lawyer's Mall-sidewalk public…did refuse to leave Lawyer's Mall a property of state of Maryland public agency during regular business hours upon being requested to do so by said Pope and when the defendant was acting in a manner disruptive of and disturbing to the conduct of normal business in violation of: Md. Ann. Code CR 6-409(b)…

12

…

> It is formally charged that the above named person on 5 February, 2018 at 7:20
> PM at Lawyer's Mall-sidewalk public…did prevents [sic] or disturbs [sic] the
> general public from obtaining services provided on the property or obstructs
> walks in violation of: COMAR 04.05.01.03…

55.    The citations are logically and internally inconsistent.  The citations note both that the Plaintiffs were on "Lawyer's Mall," *and* that they were on a "public sidewalk."

56.    In fact, the Plaintiffs were lawfully present on a public sidewalk when told to move and *not* in the "Lawyer's Mall" permitted area.

57.    The citation also falsely states that the Plaintiffs were "acting in a manner disruptive of and disturbing to the conduct of normal business."  This is false.  Video of the events proves that the Plaintiffs did not disrupt or disturb normal business.

58.    The citation also falsely states that the Plaintiffs "did prevent() or disturb() the general public from obtaining services provided on the property or obstruct() walks."  This is false.  Video of the events proves that the Plaintiffs did not prevent or disturb the general public from obtaining services provided on the property or obstruct walks.

59.    The Maryland Capitol Police Guidelines for Demonstrating on Public Property provides as follows:

> Because the First Amendment protects free speech from infringement by the
> government, leafleting and assembly is generally permissible in most public areas,
> such as public park, public streets and sidewalks, and outside public buildings.
> These locations are commonly known as public forums, which are generally
> defined as areas that can be used for the communication of any and all views on
> political and social issues.

60.    Plaintiff, MSI, and its represented members, are similarly situated as individual Plaintiffs Jeff Hulbert and Kevin Hulbert, as they frequently exercise their First Amendment rights to peacefully and lawfully demonstrate on the public sidewalks in front of the Maryland

State House and wish to continue to do so without arrest or threat thereof. The actions of the defendants were intended to, and do, have a chilling effect on the First Amendment rights of MSI members.

61.     Pursuant to clearly established First Amendment jurisprudence, the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury sufficient to warrant relief.

62.     Defendants abused their power, acting under color and authority of law, with the intent and purpose to oppress Plaintiffs' rights.

63.     Defendants knowingly, willingly, intentionally and with malicious intent or gross negligence, violated Plaintiffs constitutional rights as described herein, thereby waiving any statutory or common law immunity.

64.     Defendants' acts shocked the conscience and amount to an abuse of power, thereby subjecting Plaintiffs to a deprivation of constitutional rights and privileges.

65.     Defendants' actions were outrageous and beyond the bounds of decency.

66.     At all times relevant hereto, Defendants acted with malice, an evil and rancorous motive, influenced by hate, the purpose being to deliberately and willfully injure the Plaintiffs.

67.     At all times relevant hereto, Defendants acted under color and pretense of law, and under color of statutes, customs, and usages of the State of Maryland.

68.     At all times relevant hereto, Defendants acted within the scope of their employment.

69.     As a result of the Defendants' actions, Plaintiffs rights were violated and infringed upon, causing Plaintiffs emotional pain and suffering, mental anguish, and financial loss.

70.     Defendants' actions were a foreseeable cause of the injuries sustained by the Plaintiffs.

71.     Plaintiffs further state that all of their injuries, losses and damages –past, present, and prospective –were caused solely by the actions of Defendants, as set forth above, without any negligence, want of due care, or provocation on the part of the Plaintiffs, either directly or indirectly.

## CLAIMS FOR RELIEF

### COUNT I
### FIRST AMENDMENT FREEDOM OF SPEECH – LAWFUL DEMONSTRATION

72.     Plaintiffs adopt and incorporate by reference each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth. This Count is brought by plaintiffs Jeff Hulbert, Kevin Hulbert and plaintiff MSI, both on behalf of itself and on behalf of its members.

73.     Defendants' actions were an unconstitutional abridgment of Plaintiffs' affirmative rights to freedom of speech and assembly under the United States Constitution, First and Fourteenth Amendments.

74.     The Defendants' actions restricted Plaintiffs' freedom of speech, depriving them of the right to engage in protected speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. 1983.

75.     Defendants' actions in arresting Plaintiff Jeff Hulbert while peacefully demonstrating by holding a sign on the public sidewalk in front of the Maryland State House were undertaken for the purpose of suppressing Plaintiffs' freedom of speech rights and were

done to silence Plaintiffs' viewpoint expressed in the sign.  The Defendants' violations of the constitutional rights of Plaintiff Jeff Hulbert do, and were intended to, have a chilling effect on the exercise of the First Amendment rights of others similarly situated, including plaintiff MSI and its members.  MSI members who become aware, now and in the future, of the arrest and charging of Plaintiff Jeff Hulbert will be and are in reasonable and actual fear that their own exercise of their constitutional rights will be met with the same or similar results.  For fear of wrongful arrest and charging, MSI members are unable to freely exercise their constitutional rights without undue and unlawful burdens.  The inability of MSI members to reasonably exercise their individual rights significantly impedes MSI's mission by reducing or eliminating MSI's ability to deliver its message to the public.

76.     As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiffs Jeff Hulbert and Kevin Hulbert and plaintiff MSI have suffered irreparable harm, including the loss of constitutional rights, emotional pain and suffering, and mental anguish, entitling them to declaratory and injunctive relief, as well as compensatory damages.

WHEREFORE, Plaintiffs Jeff Hulbert and Keven and plaintiff MSI demand judgment against Defendants, jointly and severally, in an amount to be determined at trial, plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires, including, but not limited to temporary, preliminary and permanent injunctive relief barring the Defendants from interfering with the lawful exercise of constitutional rights, including the freedoms of speech and assembly.

## COUNT II
## <u>FIRST AMENDMENT FREEDOM OF SPEECH – LAWFULLY FILMING OFFICERS</u>

77.     Plaintiffs adopt and incorporate by reference each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth.  This Count is brought by plaintiffs Jeff Hulbert, Kevin Hulbert and plaintiff MSI, both on behalf of itself and on behalf of its members.

78.     Defendants' actions were an unconstitutional abridgment of Plaintiffs' affirmative rights to freedom of speech and assembly under the United States Constitution, First and Fourteenth Amendments.

79.     The Defendants' actions restricted Plaintiffs' freedom of speech, depriving them of the right to engage in protected speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

80.     Defendants' actions in arresting Plaintiff Kevin Hulbert while videotaping the peaceful demonstration of Patriot Pickets on the public sidewalk in front of the Maryland State House were undertaken for the purpose of suppressing Plaintiffs' freedom of speech rights and were done to silence Plaintiffs' viewpoints.  The Defendants' violations of the constitutional rights of Plaintiff Kevin Hulbert do, and were intended to, have a chilling effect on the exercise of the First Amendment rights of others similarly situated, including  plaintiff MSI and its members.  MSI members who become aware, now and in the future, of the arrest and charging of Plaintiff Kevin Hulbert will be and are in reasonable and actual fear that their own exercise of their constitutional rights will be met with the same or similar results.  For fear of wrongful arrest and charging, MSI members are unable to freely exercise their constitutional rights without undue and unlawful burdens.  The inability of MSI members to reasonably exercise their

individual rights significantly impedes MSI's mission by reducing or eliminating MSI's

effectiveness at observing and responding to violations of the constitution.

81.     As a direct and proximate result of Defendants' violation of the Free Speech

Clause of the First Amendment, Plaintiffs Jeff Hulbert and Kevin Hulbert and plaintiff MSI have

suffered irreparable harm, including the loss of constitutional rights, emotional pain and

suffering, and mental anguish, entitling them to declaratory and injunctive relief, as well as

compensatory damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in

an amount to be determined at trial, plus interest, costs and attorneys' fees, and punitive

damages, in an amount to be determined at trial, and such other and further relief as the nature of

the case requires, including, but not limited to temporary, preliminary and permanent injunctive

relief barring the Defendants from interfering with the lawful exercise of constitutional rights,

including the freedoms of speech and assembly.

## COUNT III
## FIRST AMENDMENT FREEDOM OF SPEECH - RETALIATION

82.     Plaintiffs adopt and incorporate by reference each and every allegation contained

elsewhere herein verbatim with the same effect as if herein fully set forth.  This Count is brought

by plaintiffs Jeff Hulbert, Kevin Hulbert and plaintiff MSI, both on behalf of itself and on behalf

of its members.

83.     Defendants' actions were an unconstitutional abridgment of Plaintiffs' affirmative

rights to freedom of speech under the United States Constitution, First and Fourteenth

Amendments.

84.     The Defendants' actions restricted Plaintiffs' freedom of speech, depriving them

of the right to engage in protected speech in violation of the Free Speech Clause of the First

Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. 1983.

85.     On February 5, 2018, without probable cause to support the citations, Defendants caused charges to be issued against the Plaintiffs to retaliate against them for the political messages contained on signboards they carried in public areas.

86.     On February 6, 2018, without probable cause to support the citations, Defendants caused additional charges to be issued against the Plaintiffs to retaliate against them for speaking to the press about their arrests.

87.     Defendants retaliated against Plaintiffs for engaging in the protected activity of exercising their rights to freedom of speech. The Defendants' violations of the constitutional rights of Plaintiffs Jeff Hulbert and Kevin Hulbert do, and were intended to, have a chilling effect on the exercise of the First Amendment rights of others similarly situated, including plaintiff MSI and its members.  MSI members who become aware, now and in the future, of the retaliation against the Hulbert brothers will be and are in reasonable and actual fear that their own exercise of their constitutional rights will be met with the same or similar results.  For fear of retaliation, MSI members are unable to freely exercise their constitutional rights without undue and unlawful burdens.  The inability of MSI members to reasonably exercise their individual rights free from retaliation significantly impedes MSI's mission by reducing or eliminating MSI's ability to deliver its message to the public.

88.     Defendants' actions in retaliating against Plaintiffs for engaging in a protected activity were undertaken for the purpose of suppressing Plaintiffs' freedom of speech rights and were done to silence Plaintiffs' viewpoint and further suppress their First Amendment Rights.

89.     As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiffs have suffered irreparable harm, including the loss of constitutional rights, emotional pain and suffering, and mental anguish, entitling them to declaratory and injunctive relief, as well as compensatory damages.

WHEREFORE, Plaintiffs Jeff Hulbert and Kevin Hulbert and plaintiff MSI demand judgment against Defendants, jointly and severally, in an amount to be determined at trial, plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires, including, but not limited to temporary, preliminary and permanent injunctive relief barring the Defendants from interfering with the lawful exercise of constitutional rights, including the freedoms of speech and assembly.

## COUNT IV- FOURTH AMENDMENT
## UNCONSITUTIONAL SEARCH AND SEIZURE

90.     Plaintiffs adopt and incorporate by reference each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth. This Count is brought by plaintiffs Jeff Hulbert and Kevin Hulbert.

91.     Defendants at all relevant times hereto, acted under color of State law.

92.     Defendants deprived Plaintiffs of their rights under the Fourth Amendment of the United States Constitution, said rights including freedom from unreasonable search and seizure and arrest without probable cause.

93.     At all times relevant hereto, Defendants deliberately subjected the Plaintiffs to the deprivation of their rights with actual or implied malice, searching, seizing and arresting them without reasonable suspicion or probable cause to do so, thereby injuring them and depriving them of their liberties as alleged.  This treatment violated Plaintiffs' rights to be free from

unreasonable search and seizure and arrest without probable cause as protected by the Fourth
Amendment to the United States Constitution.

94.     Defendants lacked probable cause to cite, arrest or search the Plaintiffs.

95.     Defendants' actions were objectively unreasonable.

96.     Defendants' actions violated Plaintiffs' rights to be secure in their persons from
unreasonable citations, searches or seizures.

97.     Plaintiffs sustained damages as a direct and proximate result of Defendants'
unlawful search, seizure, false arrest and false imprisonment, as well as consciously experienced
pain and suffering, humiliation, and embarrassment, all to their detriment.

WHEREFORE, Plaintiffs Jeff Hulbert and Kevin Hulbert demand judgment against
Defendants, jointly and severally, in an amount to be determined at trial, plus interest, costs and
attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and
further relief as the nature of the case requires, including, but not limited to temporary,
preliminary and permanent injunctive relief barring the Defendants from interfering with the
lawful exercise of constitutional rights, including the freedoms of speech and assembly.

## COUNT V- FOURTH AMENDMENT
## UNCONSITUTIONAL EXCESSIVE FORCE

98.     Plaintiffs adopt and incorporate by reference each and every allegation contained
elsewhere herein verbatim with the same effect as if herein fully set forth. This Count is brought
by plaintiffs Jeff Hulbert and Kevin Hulbert.

99.     Defendants at all relevant times hereto, acted under color of State law.

100.     Defendants deprived Plaintiffs of their rights under the Fourteenth Amendment of the United States Constitution, said rights including freedom from summary punishment and excessive and unreasonable force.

101.     At all times relevant hereto, Defendants deliberately subjected the Plaintiffs to the deprivation of their rights with actual or implied malice, using unreasonable and unnecessary force in the treatment of the Plaintiffs, thereby injuring them as alleged.  This treatment violated Plaintiffs' rights to be free from summary punishment and excessive force as protected by the Fourteenth Amendment to the United States Constitution.

102.     The Plaintiffs were unlawfully handcuffed in a manner which violated both law and policy and which caused injury to the Plaintiffs.

103.     Plaintiffs sustained injuries as a direct and proximate result of the individual Defendant's actions, as well as consciously experienced pain and suffering, humiliation, and embarrassment, all to their detriment.

WHEREFORE, Plaintiffs Jeff Hulbert and Kevin Hulbert demand judgment against Defendants, jointly and severally, in an amount to be determined at trial, plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires, including, but not limited to temporary, preliminary and permanent injunctive relief barring the Defendants from interfering with the lawful exercise of constitutional rights, including the freedoms of speech and assembly.

## COUNT VI
## MARYLAND DECLARATION OF RIGHTS
## FREEDOM OF SPEECH

104.     Plaintiffs adopt and incorporate by reference each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth. This Count is brought

by plaintiffs Jeff Hulbert and Kevin Hulbert and plaintiff MSI on behalf of itself and on behalf of its members.

105.     Defendants' actions were an unconstitutional abridgment of Plaintiffs' affirmative rights to freedom of speech under the Maryland Constitution, Declaration of Rights.

106.     Article Forty (40) of the Maryland Declaration of Rights is read in *pari materia* with the First Amendment to the United States Constitution, and guarantees the right to freedom of speech.

107.     The Defendants' actions restricted Plaintiffs' freedom of speech, depriving them of the right to engage in protected speech in violation of Article Forty (40) of the Maryland Declaration of Rights.

108.     As a direct and proximate result of Defendants' violation of the Free Speech Clause of the Maryland Declaration of Rights, Plaintiffs have suffered irreparable harm, including the loss of constitutional rights, emotional pain and suffering, and mental anguish, entitling them to declaratory and injunctive relief, as well as compensatory damages.

WHEREFORE, Plaintiffs Jeff Hulbert and Kevin Hulbert and plaintiff MSI demand judgment against Defendants, jointly and severally, in an amount to be determined at trial, plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires, including, but not limited to temporary, preliminary and permanent injunctive relief barring the Defendants from interfering with the lawful exercise of constitutional rights, including the freedoms of speech and assembly.

## COUNT VII
## MARYLAND DECLARATION OF RIGHTS
## ARTICLES 24 & 26

109.    Plaintiffs adopt and incorporate by reference each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth. This count is brought by plaintiffs Jeff Hulbert and Kevin Hulbert.

110.    Defendants engaged in activity that violated Plaintiff's rights as protected under the Maryland Constitution.

111.    Defendants' actions, including, but not limited to, the unlawful detention, arrest, and search of Plaintiffs, deprived Plaintiffs of their rights under the Maryland Declaration of Rights, including, but not limited to:

(a)    freedom from imprisonment and seizure of freehold, liberty and privilege without due process, and without judgment of his peers;

(b)    freedom from the deprivation of liberty without due process of the law, and without the judgment of his peers;

(c)    freedom from the abuse of power by the police; and

(d)    freedom from summary punishment.

112.    Plaintiffs have a right to be free from unlawful citation, arrest, detention and prosecution.  Plaintiffs were denied this right when, despite the fact that they were peacefully demonstrating on a public forum exercising their rights to freedom of speech, defendants arrested and/ or caused them to be arrested without probable cause or warrant for said arrests.

113.    Plaintiffs have a right to be free from the deprivation of liberty without due process of law.  Plaintiffs were denied this right when Defendants arrested and/ or caused the Plaintiffs to be arrested without probable cause or warrant for said arrests.

114.    Plaintiffs have a protected property and liberty interest in their freedom, their ability to exercise their free will and domain over their persons, their ability to be free from unlawful and excessive police force.

115.    Defendants deprived Plaintiffs of numerous protected property and liberty interests.

116.    Defendants afforded Plaintiffs less process than was due under law by depriving them of their rights in question.

117.    Defendants' actions, including, but not limited to, the unlawful arrest, detention, seizure and search of their persons, deprived Plaintiffs of their constitutional rights under Article 24 and Article 26 of the Maryland Declaration of Rights, including, but not limited to, freedom from abuse of power by the police.

118.    The individual Defendants, at all times relevant hereto, acted under color of State law and in a manner which was not objectively reasonable.

119.    As a direct and proximate result of Defendants' conduct, Plaintiffs suffered the emotional injuries, physical injuries, and financial damages described above.

WHEREFORE, Plaintiffs Jeff Hulbert and Kevin Hulbert demand judgment against Defendants, jointly and severally, in an amount to be determined at trial, plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires, including, but not limited to temporary, preliminary and permanent injunctive relief barring the Defendants from interfering with the lawful exercise of constitutional rights, including the freedoms of speech and assembly.

**COUNT VIII**
**MARYLAND DECLARATION OF RIGHTS**
**ARTICLES 24 & 26**

120.     Plaintiffs adopt and incorporate by reference each and every allegation contained

elsewhere herein verbatim with the same effect as if herein fully set forth. This count is brought

by plaintiffs Jeff Hulbert and Kevin Hulbert.

121.     Defendants engaged in activity that violated Plaintiffs' rights as protected under

the Maryland Constitution.

122.     Defendants' actions, including, but not limited to, the use of excessive force

deprived Plaintiffs of their rights under the Maryland Declaration of Rights, including, but not

limited to:

>     (a)     freedom from imprisonment and seizure of freehold, liberty and privilege
>     without due process, and without judgment of their peers;
>
>     (b)     freedom from the deprivation of liberty without due process of the law,
>     and without the judgment of their peers;
>
>     (c)     freedom from the abuse of power by the police; and
>
>     (d)     freedom from summary punishment.

123.     Plaintiffs have a right to be free from excessive force.  Plaintiffs were denied this

right when the Defendants arrested, or caused the arrests, of the Plaintiffs, which required force

to be used to initiate the arrests, which were undertaken without probable cause or warrant.

124.     The arrests of Plaintiffs were unlawful, therefore, any and all amount of force

used against the Plaintiffs constitutes excessive force.

125.     Plaintiffs have a right to be free from the deprivation of liberty without due

process of law.  Plaintiffs were denied this right when Defendants placed, or caused to be placed,

handcuffs on the Plaintiffs in a painful manner.

26

126.    Plaintiffs have a protected property and liberty interest in their freedom, their ability to exercise their free will and domain over their persons, their ability to be free from unlawful and excessive police force, and their ability to practice their chosen profession and earn a living thereby.

127.    Defendants deprived Plaintiffs of numerous protected property and liberty interests.

128.    Defendants afforded Plaintiffs less process than was due under law by depriving them of the rights in question.

129.    Defendants' actions, including, but not limited to, the use of excessive force, deprived Plaintiffs of their constitutional rights under Article 24 and Article 26 of the Maryland Declaration of Rights, including, but not limited to, freedom from abuse of power by the police.

130.    The individual Defendants, at all times relevant hereto, acted under color of State law and in a manner which was not objectively reasonable.

131.    As a direct and proximate result of Defendants' conduct, Plaintiffs suffered the emotional injuries, physical injuries, and financial damages described above.

WHEREFORE, Plaintiffs Jeff Hulbert and Kevin Hulbert demand judgment against Defendants, jointly and severally, in an amount to be determined at trial, plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires, including, but not limited to temporary, preliminary and permanent injunctive relief barring the Defendants from interfering with the lawful exercise of constitutional rights, including the freedoms of speech and assembly.

## COUNT IX
## <u>FALSE ARREST</u>

132.     Plaintiffs adopt and incorporate by reference each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth. This count is brought by plaintiffs Jeff Hulbert and Kevin Hulbert

133.     Plaintiffs have a protected property and liberty interest in their freedom, their ability to exercise their free will and domain over their persons, their ability to be free from unlawful and excessive police force, and their ability to practice their chosen profession and earn a living thereby.

134.     Defendants deprived Plaintiffs of numerous protected property and liberty interests.

135.     Defendants had no rational reason to believe that there was probable cause for the arrests of the Plaintiffs, as they were peacefully demonstrating as they had done on countless occasions before.

136.     Plaintiffs' arrests were made without probable cause or warrant and demonstrate ill will, improper motivation, or evil motive.

137.     As a direct and proximate result of Defendants' conduct, Plaintiffs suffered the emotional injuries, physical injuries, and financial damages described above.

WHEREFORE, Plaintiffs Jeff Hulbert and Kevin Hulbert demand judgment against Defendants, jointly and severally, in an amount to be determined at trial, plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires, including, but not limited to temporary, preliminary and permanent injunctive relief barring the Defendants from interfering with the lawful exercise of constitutional rights, including the freedoms of speech and assembly.

## COUNT X
## FALSE IMPRISONMENT

138.     Plaintiffs adopt and incorporate by reference each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth. This count is brought by plaintiffs Jeff Hulbert and Kevin Hulbert.

139.     The individual Defendants restrained Plaintiffs' liberty by acts including, but not limited to, placing plaintiffs under arrest, holding plaintiffs for a period of nearly two hours, and unlawfully restraining Plaintiffs' freedom.

140.     The individual Defendants' actions caused Plaintiffs to be unlawfully deprived of their liberty.

141.     Plaintiffs did not consent to the individual Defendants' deprivation of their liberty.

142.     Plaintiffs were conscious of, and harmed by, the unlawful restriction of his liberty.

143.     The Defendants' confinement of Plaintiffs was complete.

144.     The Defendants acted with the specific intent to deprive Plaintiffs of their physical freedom and liberty.

145.     The Defendants had no legal authority to detain Plaintiffs.

146.     As a direct and proximate result of Defendants' conduct, Plaintiffs suffered the emotional injuries, physical injuries, and financial damages described above.

WHEREFORE, Plaintiffs Jeff Hulbert and Kevin Hulbert demand judgment against Defendants, jointly and severally, in an amount to be determined at trial, plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires, including, but not limited to temporary,

preliminary and permanent injunctive relief barring the Defendants from interfering with the lawful exercise of constitutional rights, including the freedoms of speech and assembly.

## JURY DEMAND

Plaintiffs demand a jury trial as to all claims so triable.

Respectfully submitted,

HANSEL LAW, PC

_____/s/_____
Cary J. Hansel (Bar No. 14722)
Erienne A. Sutherell (Bar No. 20095)
2514 N. Charles Street
Baltimore, Maryland 21218
Phone:      301-461-1040
Facsimile: 443-451-8606
*Counsel for Plaintiffs*