IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFF HULBERT, et al. | * |
| Plaintiffs | * |
| | * |
| v. | * Case No. 1:18-cv-00461-GLR |
| | * |
| SGT. BRIAN T. POPE, et al. | * |
| | * |
| Defendants | * |

## ANSWER OF DEFENDANT COLONEL MICAHEL WILSON

Defendant Col. Michael Wilson, by his attorney, John C. Fredrickson, Assistant Attorney General, responds as follows to allegations and counts as stated in Plaintiffs' Complaint:

INTRODUCTION

1. Defendant admits that Plaintiffs Jeff and Kevin Hulbert were at times on February 5, 2018 protesting against state laws and policies. Defendant denies the remaining factual allegations contained in paragraph 1. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

2. Defendant, upon information and belief, admits that at the time of his arrest, Plaintiff Jeff Hulbert was carrying a sign on or near a sidewalk in Annapolis, Maryland.

1

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

3. Defendant, upon information and belief, admits that at the time of his arrest, Plaintiff Kevin Hulbert was not carrying a sign. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

4. Defendant, upon information and belief, admits that citations dated February 6, 2018 were issued to Plaintiffs Jeff and Kevin Hulbert   Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4 and therefore denies those allegations.

5. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations. The allegation contained in paragraph 5 of the Complaint is a general conclusion of law.

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

## JURISDICTION AND VENUE

8. Defendant admits to the allegations of jurisdiction and venue that are contained in paragraphs 8 – 10 of the Complaint.

## PARTIES

9. Upon information and belief, Defendant admits to the allegations contained in paragraph 11 that Plaintiff Jeff Hulbert is an adult citizen of Maryland and that he is a member of Plaintiff Maryland Shall Issue, Inc. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

10. Upon information and belief, Defendant admits to the allegations contained in paragraph 12 that Plaintiff Kevin Hulbert is an adult citizen of Maryland and that he is a member of Plaintiff Maryland Shall Issue, Inc. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

11. Upon information and belief, Defendant admits the allegations in paragraph 13 that Plaintiff Maryland Shall Issue, Inc. ("MSI") is a non-profit membership organization with its principal place of business in Annapolis, Maryland. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 13 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

12. Defendant admits the allegations in paragraph 14 that members of MSI routinely exercise their First Amendment rights by petitioning the state government in Annapolis. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 14 that refer to either legal conclusions, any individual's or any Plaintiff's state of mind and, therefore, denies those allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 and, therefore, denies those allegations.

14. Defendant admits the allegations in paragraph 16.

15. Defendant admits the allegations in paragraph 17.

16. Defendant admits the allegations in paragraph 18.

17. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 as they refer to legal conclusions and, therefore, denies those allegations.

## FACTS

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 and, therefore, denies those allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 and, therefore, denies those allegations.

20. Defendant admits the allegations contained in paragraph 22 that the demonstrations are typically conducted by a small group during the evening hours. Defendant denies the remaining allegations contained in paragraph 22.

21. Defendant is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 23 and, therefore, denies those allegations.

22. Defendant admits the allegations contained in paragraph 24 and, therefore, denies those allegations.

23. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 and, therefore, denies those allegations.

24. Defendant admits the allegations in paragraph 26 that he occasionally engaged in conversations with Plaintiffs Jeff and Kevin Hulbert during their demonstrations. Defendant admits that he occasionally asked that Plaintiffs move to a different location to conduct their protests and that Plaintiffs typically complied with these requests. Defendant denies the remaining allegations contained in paragraph 26.

25. Upon information and belief, Defendant admits that Sgt. Pope informed an individual (upon information and belief Plaintiff Kevin Hulbert), that his protest should be moved back to Lawyer's Mall for safety reasons. Upon information and belief, Defendant denies the remaining allegations contained in paragraph 27.

26. Defendant admits the allegations in paragraph 28 that Lawyer's Mall is a public park area located between College Avenue and State Circle in Annapolis, Maryland. Defendant admits that Plaintiffs have conducted protests around Lawyer's Mall and that they do not apply for permits prior to their protests. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 28 and, therefore, denies those allegations.

27. Upon information and belief, Defendant admits that after Sgt. Pope's initial contact with Plaintiff Jeff Hulbert, he left the Lawyer's Mall area to conduct other duties.

28. Defendant is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 30 and, therefore, denies those allegations.

29. Upon information and belief, Defendant admits the allegations in paragraph 31 that the sidewalks had not become crowded, however, there was concern for vehicle traffic and it was anticipated that pedestrian traffic would begin to pick up shortly thereafter with the end of the legislative functions for the day.

30. Upon information and belief, Defendant admits that upon returning to Lawyer's Mall that Sgt. Pope ordered Plaintiffs to clear the sidewalk area immediately adjacent to Lawyer's Mall on the State Circle side for safety reasons and to keep their protest activities within the Lawyer's Mall area. Upon information and belief, Defendant admits further that all of the protesters, with the exception of Plaintiffs Jeff and Kevin Hulbert, acquiesced to Sgt. Pope's order and either stayed within the Lawyer's Mall area or returned to within that area.

31. Upon information and belief, Defendant admits the allegations in paragraph 33 that one individual sign-holder (upon information and belief Plaintiff Jeff Hulbert) disregarded Sgt. Pope's order and refused to continue his protest within the Lawyer's Mall area and was therefore, arrested. Upon information and belief, Defendant admits that the individual Sgt. Pope arrested insisted that regardless of Sgt. Pope's order, that he did not want to leave the sidewalk area.

32. Upon information and belief, Defendant admits that at least one additional officer assisted Sgt. Pope with the arrest of a second individual (upon information and belief Plaintiff Kevin Hulbert). Defendant denies the remaining allegations contained in paragraph 34.

33. Defendant admits that a second individual (upon information and belief Plaintiff

Kevin Hulbert), who was not holding a sign at the time, was arrested at his direction. Defendant denies the remaining allegations contained in paragraph 35.

34. Upon information and belief, Defendant admits that pursuant to Maryland Capitol Police procedures, the arrestees were placed in standard handcuffs and searched before being transported to the Annapolis City Police station. Upon information and belief, Defendant denies the remaining allegations contained in paragraph 36.

35. Upon information and belief, Defendant admits that Sgt. Pope consulted with other Maryland Capitol Police regarding the citations that were given to Plaintiffs Kevin and Jeff Hulbert. Upon information and belief, Defendant denies the remaining allegations contained in paragraph 37.

36. Upon information and belief, Defendant admits that the allegations in paragraph 38 both of the arrestees' handcuffs were locked to a bench seating area for a period of time as per Annapolis City Police Department procedure. Upon information and belief, Defendant admits that Plaintiffs Kevin and Jeff Hulbert were each given a citation and released. Defendant admits that the citation documents "speak for themselves".

37. Defendant is without knowledge or information sufficient to form a belief as to the factual allegations contained in paragraph 39 which are legal conclusions and, therefore denies those allegations. Upon information and belief, Defendant denies the factual allegations contained in paragraph 39.

38. Upon information and belief, Defendant denies the allegation contained in paragraph 40.

39. Defendant is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 41 that are legal conclusions and, therefore, denies those allegations.

40. Upon information and belief Defendant denies the factual allegations contained in paragraph 42. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 42 that refer to either legal conclusions, any individual's or any Plaintiff's state of mind and, therefore, denies those allegations.

41. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 that refer to either legal conclusions, any individual's or any Plaintiff's state of mind and, therefore, denies those allegations.

42. Defendant admits the allegations in paragraph 44 that he was previously employed by the Maryland State Police and served in the unit assigned to transport and protect Senator Michael Miller, President of the Maryland Senate. Defendant admits that Plaintiffs' protest signs are often critical of Senator Miller. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 44 and, therefore, denies those allegations.

43. Defendant denies the allegations contained in paragraph 45.

44. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 and, therefore, denies those allegations.

45. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 and, therefore, denies those allegations.

46. Defendant admits that he had a brief communication including some humor with Plaintiffs Jeff and Kevin Hulbert. Defendant denies the remaining allegations

contained in paragraph 48.

47. Defendant admits the allegations in paragraph 49 that he discussed social media coverage of Plaintiff's arrest with Plaintiffs. Defendant denies the remaining allegations in paragraph 49.

48. Defendant admits the allegation in paragraph 50 that he participated in the delivery of citations to Plaintiffs Jeff and Kevin Hulbert on February 6, 2018 and that he informed Plaintiffs that the new citations superseded the citations dated February 5, 2018. Defendant denies the remaining allegations contained in paragraph 50.

49. Defendant admits the allegation in paragraph 51 that Sgt. Pope signed the citations dated February 6, 2018 that were issued to Plaintiffs Jeff and Kevin Hulbert. Defendant denies the remaining allegations contained in paragraph 51.

50. Defendant denies the allegations in paragraph 52.

51. Defendant denies the allegations contained in paragraph 53.

52. Defendant admits the allegations in paragraph 54 that Plaintiffs Kevin and Jeff Hulbert were each given citations dated February 6, 2018 that were intended to supersede the citations dated February 5, 2018 Defendant admits that the citation documents dated February 6, 2018 "speak for themselves".

53. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 that refer to legal conclusions and, therefore, denies those allegations. Defendant admits that the citation documents dated February 6, 2018 "speak for themselves".

54. Defendant denies the allegations contained in paragraph 56.

55. Defendant is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 57 that refer to a video of the events or legal conclusions and, therefore, denies those allegations. Defendant admits that the citation documents dated February 6, 2018 "speak for themselves". Upon information and belief, Defendant denies the remaining factual allegations contained in paragraph 57.

56. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 that refer to a video of the events or legal conclusions and, therefore, denies those allegations. Defendant admits that the citation documents dated February 6, 2018 "speak for themselves". Upon information and belief, Defendant denies the remaining factual allegations contained in paragraph 58.

57. Defendant admits that the quotation in paragraph 59 is from a page in the Maryland Capitol Police website entitled "Demonstrating on Public Property" and that the document "speaks for itself".

58. Defendant is without knowledge or information sufficient to form a belief as to the factual allegations contained in paragraph 60 and, therefore, denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 60 that refer to either legal conclusions or any individual's or Plaintiff's state of mind and, therefore, denies those allegations.

59. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 as they refer to either legal conclusions or any individual's or Plaintiff's state of mind and, therefore, denies those allegations.

60. Defendant denies the allegations contained in paragraph 62.

61. Defendant denies the allegations contained in paragraph 63.

62. Defendant denies the allegations contained in paragraph 64.

63. Defendant denies the allegations contained in paragraph 65.

64. Defendant denies the allegations contained in paragraph 66.

65. Defendant admits that his actions were conducted in his capacity as an officer of the Maryland Capitol Police pursuant to State law. Defendant denies the remaining allegations contained in paragraph 67.

66. Defendant admits the allegations contained in paragraph 68.

67. Defendant denies that his actions violated Plaintiffs' rights. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 69 and, therefore, denies those allegations.

68. Defendant denies the allegations contained in paragraph 70.

69. Defendant denies that his actions caused injuries, losses or damages to Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 71, and therefore denies those allegations.

## CLAIMS FOR RELIEF

### COUNT I
### FIRST AMENDMENT FREEDOM OF SPEECH-LAWFUL DEMONSTRATION

70. Defendant responds to the allegations contained in paragraphs 1 – 71 as stated above.

71. Defendant denies the allegations contained in paragraphs 73 through 74, inclusive.

72. Defendant denies that he took any actions to suppress Plaintiffs' freedom of speech or violate any of Plaintiffs' rights as alleged in paragraph 75. Defendant is without

knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 75 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

73. Defendant denies that he violated the Free Speech Clause of the First Amendment or any of Plaintiffs' rights. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 76 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count I and for such other and further relief as this cause may require.

## COUNT II

## FIRST AMENDMENT FREEDOM OF SPEECH – LAWFULLY FILMING OFFICERS

74. Defendant responds to the allegations contained in paragraphs 1 – 76 as stated above.

75. Defendant denies the allegations contained in paragraphs 78 and 79, inclusive.

76. Defendant denies that he took any actions to suppress Plaintiff Kevin Hulbert's freedom of speech or violate any of Plaintiffs' rights as alleged in paragraph 80. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 80 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

77. Defendant denies that he violated the Free Speech Clause of the First Amendment or

any of Plaintiffs' rights. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 81 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count II and for such other and further relief as this cause may require.

## COUNT III

### FIRST AMENDMENT FREEDOM OF SPEECH – RETALIATION

78. Defendant responds to the allegations contained in paragraphs 1 – 81 as stated above.

79. Defendant denies the allegations contained in paragraphs 83 through 86 inclusive.

80. Defendant denies the allegations in paragraph 87 that he retaliated against Plaintiffs for engaging in any protected activity of exercising their rights to freedom of speech or violated any of Plaintiffs' rights. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 87 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

81. Defendant denies the allegations contained in paragraph 88.

82. Defendant denies the allegations in paragraph 89 that he violated the Free Speech Clause of the First Amendment or any of Plaintiffs' rights. Defendant is without

knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 89 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count III and for such other and further relief as this cause may require.

## COUNT IV

## UNCONSTITUIONAL SEARCH AND SEIZURE

Dismissed as to Col. Wilson

## COUNT V-FOURTH AMENDMENT

## UNCONSTITUIONAL EXCESSIVE FORCE

Dismissed as to Col. Wilson

## COUNT VI

## MARYLAND DECALRATION OF RIGHTRS

## FREEDOM OF SPEECH

83. Defendant responds to the allegations contained in paragraphs 1 – 103 as stated above.

84. Defendant denies the allegations contained in paragraph 105.

85. The statements contained in paragraph 106 are not allegations of fact and Defendant can neither admit nor deny them.

86. Defendant denies the allegations contained in paragraph 107.

87. Defendant denies the allegation in paragraph 108 that he violated the Free Speech Clause of the Maryland Declaration of Rights. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 108 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count VI and for such other and further relief as this cause may require.

COUNT VII

MARYLAND DECLARATION OF RIGHTS

ARTICLES 24 & 26

88. Defendant responds to the allegations contained in paragraphs 1 – 108 as stated above.

89. Defendant denies the allegations contained in paragraphs 110 and 111.

90. Defendant denies the allegations in paragraphs 112 that he acted to deny any of Plaintiffs' rights and denies that Plaintiffs were arrested without probable cause. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 112 as they refer to either legal

conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

91. Defendant denies the allegations in paragraphs 113 that he acted to deny any of Plaintiffs' rights and denies that Plaintiffs were arrested without probable cause. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 113 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

92. The statements contained in paragraph 114 are not allegations of fact and Defendant can neither admit nor deny them.

93. Defendant denies the allegations contained in paragraphs 115 through 117, inclusive.

94. Defendant denies the allegation in paragraph 118 that he acted in "a manner which was not objectively reasonable." Defendant admits the allegations in paragraph 118 that his actions were conducted in his capacity as an officer of the Maryland Capitol Police and pursuant to State law.

95. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 119 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count VII and for such other and further relief as this cause may require.

COUNT VIII

## MARYLAND DECLARATION OF RIGHTS

### ARTICLES 24 & 26

96. Defendant responds to the allegations contained in paragraphs 1 – 119 as stated above.

97. Defendant denies the allegations contained in paragraphs 121 and 122.

98. Defendant denies the allegations in paragraph 123 that Plaintiffs were arrested without probable cause or warrant. Defendant denies the remaining allegations of fact contained in paragraph 123. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 123 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

99. Defendant denies the allegations contained in paragraph 124.

100. Defendant denies the allegations of fact contained in paragraph 125. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 125 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

101. The statements contained in paragraph 126 are not allegations of fact and Defendant can neither admit nor deny them.

102. Defendant denies the allegations in paragraphs 127 through 129, inclusive.

103. Defendant denies the allegation in paragraph 130 that he acted in "a manner which was not objectively reasonable." Defendant admits the allegations in paragraph 130 that his actions were conducted in his capacity as an officer of the Maryland Capitol Police and pursuant to State law.

104. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 131 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count VIII and for such other and further relief as this cause may require.

COUNT IX

FALSE ARREST

Dismissed as to Col. Wilson

COUNT X

FALSE IMPRISONMENT

Dismissed as to Col. Wilson

Respectfully submitted,

_____/s/_____
_____

John C. Fredrickson
Assistant Attorney General
Federal Bar No. 02566
300 W. Preston Street, Room 608
Baltimore, MD 21201
John.fredrickson@maryland.gov
Telephone: (410) 767-1825
Fax: (410) 333-7654

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2019, a copy of this Answer of Defendant Col. Wilson was served by the Court's electronic case filing system pursuant to Fed. R. Civ. P. 5(d)(3) and Local Rule 102.1(c) and (d) to Cary Johnson Hansel, III, Esquire, Erienne Sutherell, Esquire, and Justin Stefanson, Esquire, attorneys for Plaintiffs and to Robert A. McFarland, attorney for Defendant Sgt. Brian Pope.

                                            /s/
                                     John C. Fredrickson
                                     Assistant Attorney General