| | | |
|---|---|---|
| **JEFF HULBERT, et al.** | * | |
| **Plaintiffs** | * | |
| | * | |
| v. | * | **Case No. 1:18-cv-00461-GLR** |
| | * | |
| **SGT. BRIAN T. POPE, et al.** | * | |
| | * | |
| **Defendants** | * | |

## ANSWER OF DEFENDANT SGT. BRIAN T. POPE

Defendant Sgt. Brian Pope, by his attorney, Robert A. McFarland, Assistant Attorney General, responds as follows to allegations and counts as stated in Plaintiffs' Complaint:

## INTRODUCTION

1. Defendant admits that Plaintiffs Jeff and Kevin Hulbert were at times on February 5, 2018 protesting against state laws and policies. Defendant denies the remaining factual allegations contained in paragraph 1. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

2. Defendant admits that at the time of his arrest, Plaintiff Jeff Hulbert was carrying a sign on or near a sidewalk in Annapolis, Maryland. Defendant is without

knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

3.     Defendant admits that at the time of his arrest, Plaintiff Kevin Hulbert was not carrying a sign.  Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

4.     Defendant admits that citations dated February 6, 2018 were issued to Plaintiffs Jeff and Kevin Hulbert.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4 and therefore denies those allegations.

5.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.  The allegation contained in paragraph 5 of the Complaint is a general conclusion of law.

6.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

7.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

## JURISDICTION AND VENUE

8.   Defendant admits to the allegations of jurisdiction and venue that are contained in
     paragraphs 8 – 10 of the Complaint.

## PARTIES

9.   Upon information and belief, Defendant admits to the allegations contained in
     paragraph 11 that Plaintiff Jeff Hulbert is an adult citizen of Maryland and that he
     is a member of Plaintiff Maryland Shall Issue, Inc. Defendant is without
     knowledge or information sufficient to form a belief as to the allegations
     contained in paragraph 11 that refer to either legal conclusions or any Plaintiff's
     state of mind and, therefore, denies those allegations.

10.  Upon information and belief, Defendant admits to the allegations contained in
     paragraph 12 that Plaintiff Kevin Hulbert is an adult citizen of Maryland and that
     he is a member of Plaintiff Maryland Shall Issue, Inc. Defendant is without
     knowledge or information sufficient to form a belief as to the allegations
     contained in paragraph 12 that refer to either legal conclusions or any Plaintiff's
     state of mind and, therefore, denies those allegations.

11.  Upon information and belief, Defendant admits the allegations in paragraph 13
     that Plaintiff Maryland Shall Issue, Inc. ("MSI") is a non-profit membership
     organization with its principal place of business in Annapolis, Maryland.
     Defendant is without knowledge or information sufficient to form a belief as to

the remaining allegations contained in paragraph 13 that refer to either legal conclusions or any Plaintiff's state of mind and, therefore, denies those allegations.

12. Defendant admits the allegations in paragraph 14 that members of MSI routinely exercise their First Amendment rights by petitioning the state government in Annapolis. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 14 that refer to either legal conclusions, any individual's or any Plaintiff's state of mind and, therefore, denies those allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 and, therefore, denies those allegations.

14. Defendant admits the allegations in paragraph 16.

15. Defendant admits the allegations in paragraph 17.

16. Defendant admits the allegations in paragraph 18.

17. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 as they refer to legal conclusions and, therefore, denies those allegations.

## FACTS

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 and, therefore, denies those allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 and, therefore, denies those allegations.

20. Defendant admits the allegations in paragraph 22 to the extent that in the approximately four prior occasions he witness Plaintiffs' protests that they were conducted peacefully and in the sidewalk area.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 and, therefore, denies those allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 and, therefore, denies those allegations.

23. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 and, therefore, denies those allegations.

24. Defendant denies the allegations contained in paragraph 26.

25. Defendant admits that he informed an individual (upon information and belief Plaintiff Kevin Hulbert), that his protest should be moved back into Lawyer's Mall for safety reasons. Defendant denies the remaining allegations contained in paragraph 27.

26. Defendant admits that Lawyer's Mall is a public park area located between College Avenue and State Circle in Annapolis, Maryland. Defendant admits that Plaintiffs have conducted protests at Lawyer's Mall and that they do not apply for permits prior to their protests. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 28 and, therefore, denies those allegations.

27. Defendant admits that after his initial contact with Plaintiff Jeff Hulbert, he left the Lawyer's Mall area to conduct other duties.

28. Defendant is without knowledge or information sufficient to form a belief as to

the allegations contained in paragraph 30 and, therefore, denies those allegations.

29. Defendant admits the allegations in paragraph 31 to the extent that at 7:00 p.m. the sidewalks had not become crowded, however, there was concern for vehicle traffic and it was anticipated that pedestrian traffic would begin to pick up shortly thereafter with the end of the legislative functions for the day.

30. Defendant admits that upon returning to Lawyer's Mall that he ordered Plaintiffs to clear the sidewalk area immediately adjacent to Lawyer's Mall on the State Circle side and to keep their protest activities within the Lawyer's Mall area. Defendant admits further that all of the protesters, with the exception of Plaintiffs Jeff and Kevin Hulbert, acquiesced to his order and either stayed within the Lawyer's Mall area or returned to within that area.

31. Defendant admits that one individual sign-holder (upon information and belief Plaintiff Jeff Hulbert) disregarded his order and refused to continue his protest within the Lawyer's Mall area and was therefore, arrested. Defendant admits that the individual he arrested insisted that regardless of Sgt. Pope's order, that he did not want to leave the sidewalk area.

32. Defendant admits that at least one additional officer assisted with the arrest of a second individual (upon information and belief Plaintiff Kevin Hulbert). Defendant denies the remaining allegations contained in paragraph 34.

33. Defendant admits that a second individual (upon information and belief Plaintiff Kevin Hulbert), who was not holding a sign at the time, was arrested at his direction. Defendant denies the remaining allegations contained in paragraph 35.

34. Defendant admits that pursuant to Maryland Capitol Police procedures, the

arrestees were placed in standard handcuffs and searched before being transported to the Annapolis City Police station. Defendant denies the remaining allegations contained in paragraph 36.

35. Defendant admits that he consulted with other Maryland Capitol Police regarding the citations that were given to Plaintiffs Kevin and Jeff Hulbert. Defendant denies the remaining allegations contained in paragraph 37.

36. Defendant admits the allegations in paragraph 38 that both of the arrestees' handcuffs were locked to a bench seating area for a period of time as per Annapolis Police Department procedures. Defendant admits that Plaintiffs Kevin and Jeff Hulbert were each given a citation and released. Defendant admits that the citation documents "speak for themselves".

37. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39, which are legal conclusions and, therefore, denies those allegations. Defendant denies the factual allegations contained in paragraph 39.

38. Defendant denies the allegation contained in paragraph 40.

39. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 that are legal conclusions and, therefore, denies those allegations.

40. Defendant denies the factual allegations contained in paragraph 42. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 42 that refer to either legal conclusions, any individual's or any Plaintiff's state of mind and, therefore, denies those

allegations.

41.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 that refer to either legal conclusions, any individual's or any Plaintiff's state of mind and, therefore, denies those allegations.

42.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 that refer to either legal conclusions, any individual's or any Plaintiff's state of mind and, therefore, denies those allegations.

43.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 and, therefore, denies those allegations.

44.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 and, therefore, denies those allegations.

45.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 and, therefore, denies those allegations.

46.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 and, therefore, denies those allegations.

47.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 and, therefore, denies those allegations.

48.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 and, therefore, denies those allegations.

49.     Defendant admits the allegation in paragraph 51 that he signed the citations dated February 6, 2018 that were issued to Plaintiffs Jeff and Kevin Hulbert. Defendant

is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 51 and, therefore, denies those allegations.

50.     Defendant denies the allegation that he issued the citations in retaliation.

Defendant is without knowledge or information sufficient to form a belief as to

the remaining allegations contained in paragraph 52 and, therefore, denies those

allegations.

51.     Defendant is without knowledge or information sufficient to form a belief as to

the allegations contained in paragraph 53 and, therefore, denies those allegations.

52.     Defendant admits the allegations in paragraph 54 that Plaintiffs Kevin and Jeff

Hulbert were each given citations dated February 6, 2018 that were intended to

supersede the citations dated February 5, 2018. Defendant admits that the citation

documents dated February 6, 2018 "speak for themselves".

53.     Defendant is without knowledge or information sufficient to form a belief as to

the allegations contained in paragraph 55 that refer to legal conclusions and,

therefore, denies those allegations. Defendant admits that the citation documents

dated February 6, 2018 "speak for themselves".

54.     Defendant denies the allegations contained in paragraph 56.

55.     Defendant is without knowledge or information sufficient to form a belief as to

the allegations contained in paragraph 57 that refer to a video of the events or

legal conclusions and, therefore, denies those allegations. Defendant admits that

the citation documents dated February 6, 2018 "speak for themselves".

Defendant denies the remaining factual allegations contained in paragraph 57.

56.     Defendant is without knowledge or information sufficient to form a belief as to

the allegations contained in paragraph 58 that refer to a video of the events or legal conclusions and, therefore, denies those allegations. Defendant admits that the citation documents dated February 6, 2018 "speak for themselves".

Defendant denies the remaining factual allegations contained in paragraph 58.

57. Defendant admits that the quotation in paragraph 59 is from a page in the Maryland Capitol Police website entitled "Demonstrating on Public Property" and that the document "speaks for itself".

58. Defendant is without knowledge or information sufficient to form a belief as to the factual allegations contained in paragraph 60 and, therefore, denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the  remaining allegations contained in paragraph 60 that refer to either legal conclusions or any individual's or Plaintiff's state of mind and, therefore, denies those allegations.

59. Defendant is without knowledge or information sufficient to form a belief as to the   allegations contained in paragraph 61 as they refer to either legal conclusions or any individual's or Plaintiff's state of mind and, therefore, denies those allegations.

60. Defendant denies the allegations contained in paragraph 62.

61. Defendant denies the allegations contained in paragraph 63.

62. Defendant denies the allegations contained in paragraph 64.

63. Defendant denies the allegations contained in paragraph 65.

64. Defendant denies the allegations contained in paragraph 66.

65. Defendant admits that his actions were conducted in his capacity as an officer of

the Maryland Capitol Police. Defendant denies the remaining allegations contained in paragraph 67.

66.  Defendant admits the allegations contained in paragraph 68.

67.  Defendant denies that his actions violated Plaintiffs' rights. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 69.

68.  Defendant denies the allegations contained in paragraph 70.

69.  Defendant denies that his actions caused injuries, losses or damages to Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 71.


## CLAIMS FOR RELIEF

## COUNT I

FIRST AMENDMENT FREEDOM OF SPEECH-LAWFUL DEMONSTRATION

70.  Defendant responds to the allegations contained in paragraphs 1 – 71 as stated above.

71.  Defendant denies the allegations contained in paragraphs 73 through 74, inclusive.

72.  Defendant denies that he took any actions to suppress Plaintiffs' freedom of speech or violate any of Plaintiffs' rights as alleged in paragraph 75. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 75 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

73.  Defendant denies that he violated the Free Speech Clause of the First Amendment

or any of Plaintiffs' rights. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 76 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count I and for such other and further relief as this cause may require.

## COUNT II

## FIRST AMENDMENT FREEDOM OF SPEECH – LAWFULLY FILMING OFFICERS

74. Defendant responds to the allegations contained in paragraphs 1 – 76 as stated above.

75. Defendant denies the allegations contained in paragraphs 78 and 79, inclusive.

76.  Defendant denies that he took any actions to suppress Plaintiff Kevin Hulbert's freedom of speech or violate any of Plaintiffs' rights as alleged in paragraph 80. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 80 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

77. Defendant denies that he violated the Free Speech Clause of the First Amendment or any of Plaintiffs' rights. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 81and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count II and for such other and further relief as this cause may require.

## COUNT III

## FIRST AMENDMENT FREEDOM OF SPEECH – RETALIATION

78.    Defendant responds to the allegations contained in paragraphs 1 – 81 as stated above.

79.    Defendant denies the allegations contained in paragraphs 83 through 86 inclusive.

80.    Defendant denies the allegations in paragraph 87 that he retaliated against Plaintiffs for engaging in any protected activity of exercising their rights to freedom of speech or violated any of Plaintiffs' rights. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 87 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

81.    Defendant denies the allegations contained in paragraph 88.

82.    Defendant denies the allegations in paragraph 89 that he violated the Free Speech Clause of the First Amendment or any of Plaintiffs' rights. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 89 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count III and for such other and further relief as this cause may require.

## COUNT IV

## UNCONSTITUIONAL SEARCH AND SEIZURE

83.  Defendant responds to the allegations contained in paragraphs 1 – 89 as stated above.

84.  Defendant admits the allegations in paragraph 91 that his actions were conducted in his capacity as an officer of the Maryland Capitol Police and pursuant to State law.

85.  Defendant denies the allegations in paragraph 92.

86.  Defendant denies that deprived Plaintiffs of any rights as alleged in paragraph 93. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 93 and, therefore, denies those allegations.

87.  Defendant denies the allegations contained in paragraphs 94 through 96, inclusive.

88.  Defendant denies that his actions were an unlawful search, seizure, false arrest or false imprisonment as alleged in paragraph 97. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 97 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count IV and for such other and further relief as this cause may require.

## COUNT V-FOURTH AMENDMENT
## UNCONSTITUIONAL EXCESSIVE FORCE

89.    Defendant responds to the allegations contained in paragraphs 1 – 97 as stated above.

90.    Defendant admits the allegations in paragraph 99 that his actions were conducted in his capacity as an officer of the Maryland Capitol Police and pursuant to State law.

91.    Defendant denies the allegations contained in paragraphs 100 through 102, inclusive.

92.    Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 103 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count V and for such other and further relief as this cause may require.

## COUNT VI

## MARYLAND DECLARATION OF RIGHTS

### FREEDOM OF SPEECH

93.    Defendant responds to the allegations contained in paragraphs 1 – 103 as stated
       above.

94.    Defendant denies the allegations contained in paragraph 105.

95.    The statements contained in paragraph 106 are not allegations of fact and
       Defendant can neither admit nor deny them.

96.    Defendant denies the allegations contained in paragraph 107.

97.    Defendant denies the allegation in paragraph 108 that he violated the Free Speech
       Clause of the Maryland Declaration of Rights.   Defendant is without knowledge or
       information sufficient to form a belief as to the remaining allegations contained in
       paragraph 108 and, therefore, denies those allegations.


WHEREFORE, Defendant respectfully requests that this Court pass an order denying
the relief requested by Plaintiffs in Count VI and for such other and further relief as
this cause may require.


## COUNT VII

## MARYLAND DECLARATION OF RIGHTS

### ARTICLES 24 & 26

98.   Defendant responds to the allegations contained in paragraphs 1 – 108 as stated above.

99.   Defendant denies the allegations contained in paragraphs 110 and 111.

100.   Defendant denies the allegations in paragraphs 112 that he acted to deny any of Plaintiffs' rights and denies that Plaintiffs were arrested without probable cause. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 112 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

101.   Defendant denies the allegations in paragraphs 113 that he acted to deny any of Plaintiffs' rights and denies that Plaintiffs were arrested without probable cause. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 113 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

102.   The statements contained in paragraph 114 are not allegations of fact and Defendant can neither admit nor deny them.

103.   Defendant denies the allegations contained in paragraphs 115 through 117, inclusive.

104.   Defendant denies the allegation in paragraph 118 that he acted in "a manner which was not objectively reasonable." Defendant admits the allegations in paragraph 118 that his actions were conducted in his capacity as an officer of the Maryland Capitol Police and pursuant to State law.

105. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 119 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count VII and for such other and further relief as this cause may require.

## COUNT VIII

## MARYLAND DECLARATION OF RIGHTS

## ARTICLES 24 & 26

106. Defendant responds to the allegations contained in paragraphs 1 – 119 as stated above.

107. Defendant denies the allegations contained in paragraphs 121 and 122, inclusive.

108. Defendant denies the allegations in paragraph 123 that Plaintiffs were arrested without probable cause or warrant. Defendant denies the remaining allegations of fact contained in paragraph 123. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 123 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

109. Defendant denies the allegations contained in paragraph 124.

110. Defendant denies the allegations of fact contained in paragraph 125. Defendant is without knowledge or information sufficient to form a belief as to the remaining

allegations contained in paragraph 125 as they refer to either legal conclusions or any individual's or Plaintiffs' state of mind and, therefore, denies those allegations.

111. The statements contained in paragraph 126 are not allegations of fact and Defendant can neither admit nor deny them.

112. Defendant denies the allegations in paragraphs 127 through 129, inclusive.

113. Defendant denies the allegation in paragraph 130 that he acted in "a manner which was not objectively reasonable." Defendant admits the allegations in paragraph 130 that his actions were conducted in his capacity as an officer of the Maryland Capitol Police and pursuant to State law.

114. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 131 and, therefore, denies those allegations.


WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count VIII and for such other and further relief as this cause may require.


COUNT IX

FALSE ARREST


115. Defendant responds to the allegations contained in paragraphs 1 – 131 as stated above.

116. The statements contained in paragraph 133 are not allegations of fact and Defendant can neither admit nor deny them.

117.  Defendant denies the allegations contained in paragraphs 134 through 136, inclusive.

118.  Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 137 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count IX and for such other and further relief as this cause may require.

## COUNT X

## FALSE IMPRISONMENT

119.  Defendant responds to the allegations contained in paragraphs 1 – 137 as stated above.

120.  Defendant denies the allegations contained in paragraphs 139 through 141, inclusive.

121.  Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 142 and, therefore, denies those allegations.

122.  Defendant admits that Plaintiffs Jeff and Kevin Hulbert were released within a reasonable time after their arrest.  Defendant denies the remaining allegations in paragraph 143.

123.  Defendant denies the allegations in paragraphs 144 and 145.

124.  Defendant is without knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 146 and, therefore, denies those allegations.

WHEREFORE, Defendant respectfully requests that this Court pass an order denying the relief requested by Plaintiffs in Count X and for such other and further relief as this cause may require.

_____/s/_____
Robert A. McFarland
Assistant Attorney General
Federal Bar No. 10095

300 W. Preston Street, Room 608
Baltimore, MD 21201

Robert.mcfarland@maryland.gov
Telephone: (410) 767-4514
Fax: (410) 333-7654

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2019, a copy of this Answer of Defendant Sgt. Pope was served by the Court's electronic case filing system pursuant to Fed. R. Civ. P. 5(d)(3) and Local Rule 102.1(c) and (d) to Cary Johnson Hansel, III, Esquire, Erienne Sutherell, Esquire, and Justin Stefanson, Esquire, attorneys for Plaintiffs and to John C. Fredrickson, attorney for Defendant Colonel Michael Wilson.

_____/s/_____
Robert A. McFarland
Assistant Attorney General
