UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

CHAMBERS OF101 WEST LOMBARD STREET
SUSAN K. GAUVEYBALTIMORE, MARYLAND 21201
U.S. MAGISTRATE JUDGEMDD_skgchambers@mdd.uscourts.gov

May 2, 2019

Cary Johnson Hansel, III, Esq.
Erienne Sutherell, Esq.
Justin Stefanon, Esq.
Hansel Law, P.C.
2514 North Charles Street
Baltimore, MD 21218

Robert Alan McFarland, Esq.
John C. Fredrickson, Esq.
Office of the Attorney General
Of Maryland
300 W. Preston Street, Room 608
Baltimore, MD  21201

Re:  Hulbert, *et al* v. Pope, *et al*
Civil Action No. GLR-18-461

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **Tuesday, August 27, 2019, at 10:00 a.m.**, to be held in **chambers 3A**, United States Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201. It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  A person with "complete authority" is someone who has the experience and judgment to exercise that authority *without having to consult with anyone who is not in attendance at the settlement conference*.[1] **Please provide the name and title**

---

[1] This requirement will only be waived upon a showing of exceptional circumstances.  If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration <u>at</u> <u>least</u> two weeks before the scheduled

**of the individuals who will be attending the conference.** Attendance by the attorney for a party is not sufficient.  *See* Local Rule 607.3.  Please also be advised that the conference may take the entire day.

No later than **August 6, 2019**, I would like to receive from each party a short letter candidly setting forth the following:

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

3. An evaluation of the maximum and minimum damage awards you believe likely;

4. The history of any settlement negotiations to date; and

5. Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted ex parte and will be solely for my use in preparing for the settlement conference.

The letters should be limited to **five (5) pages** unless permission of the Court is received.  As mediating judge, I certainly want to understand the key points of your case, but voluminous submissions are not always necessary and helpful in my preparation for the mediation.

I also will review select pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify.  If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[2]

---

settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner.

[2] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters.  Therefore, please discuss these items with your client before appearing for the

Since settlement conferences are often more productive if the parties have previously exchanged demands and offers and have made a good faith effort to settle the case on their own, I require that the plaintiffs submit a written itemization of damages and a settlement demand to the defendants on **August 6, 2019,** with a copy to the Court, and the defendants shall submit a written offer to the plaintiffs and any alternate itemization of damages on **August 13, 2019**, again with a copy to the Court. Thereafter, the parties should continue to engage in negotiations.

Failure to comply without justification may result in the imposition of sanctions.

For your information, at the outset of the conference, I usually ask each party to give a brief (five minute) overview of the trial: expected witnesses and documentary evidence, any crucial evidentiary issues and any controversial jury instructions.

If counsel believes that a telephone conference prior to the **August 27** in-person conference would be advisable to make the settlement conference more productive, please contact Bonnie Jacobs to make arrangements at Bonnie_Jacobs@mdd.uscourts.gov and/or 410-962-3277.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

I look forward to seeing you on **August 27th.**

                Sincerely yours,

                /s/

                Susan K. Gauvey
                United States Magistrate Judge

---

settlement conference.

```
cc:   Honorable George Levi Russell, III
      Court and Chambers File
```