# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFF HULBERT, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil No: 1:18-CV-00461 GLR |
| SGT. BRIAN T. POPE, *et al.*, | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

Lieutenant Governor of Maryland, Boyd K. Rutherford, through counsel, moves pursuant to Federal Rules of Civil Procedure 26 and 45 for a protective order barring his deposition and to quash a deposition subpoena issued to him in the above-captioned case. In support, Lt. Governor Rutherford states as follows:

1. On or about September 5, 2019, plaintiffs in this action issued a subpoena to take the deposition of Lt. Governor Rutherford on October 16, 2019. Lt. Governor Rutherford is a nonparty who lacks any personal knowledge of the facts at issue in this case.

2. This is a dispute over how certain members of the Maryland Capitol Police responded to a sidewalk demonstration by plaintiffs near Lawyer's Mall in Annapolis in 2018.

3. Given Lt. Governor's lack of knowledge of the events at issue, his counsel asked plaintiffs' counsel to identify what information that plaintiffs believed Lt. Governor Rutherford had that would justify taking him away from his official duties to give a deposition on this case. *See* Certificate of Conference, attached hereto as Exhibit 1.

4. Despite several requests, plaintiffs' counsel has declined to identify what specific information he believes that Lt. Governor possesses that is relevant in this case. Ex. 1.

5. This Court has the power to quash the subpoena and issue a protective order to protect Lt. Governor Rutherford from the "undue burden" that would arise from taking time away from his numerous, high-level official duties to be deposed in this case, in which he has not been accused of any wrongdoing. Fed. R. Civ. P. 26(c)(1), 45(d)(3)(A)(iv).

6. As numerous federal courts, including this one, have recognized, "the indiscriminate depositions of high-ranking government officials would be unduly burdensome upon said officials and likely discourage them from accepting positions as public servants." *United States v. Wal-Mart Stores, Inc.*, No. CIV.A. PJM-01-1521, 2002 WL 562301, at *3 (D. Md. Mar. 29, 2002) (citing *United States v. Morgan*, 313 U.S. 409 (1941) as "creat[ing] an exception" to general rules of discovery "as it applies to high-ranking officials holding public office"); *see also Bogan v. City of Boston*, 489 F.3d 417, 423-24 (1st Cir. 2007) ("'High ranking government officials have greater duties and time constraints than other witnesses' and . . . without appropriate limitations, such officials will

spend an inordinate amount of time tending to pending litigation." (quoting *In re United States (Kessler* ), 985 F.2d 510, 512 (11th Cir.1993))).

7. Thus, "courts will require [a] high-ranking official submit to deposition in litigation not specifically directed at his conduct if: 1) extraordinary circumstances are shown; or 2) the official is personally involved in a material way." *Wal-Mart Stores*, 2002 WL 562301, at *3; *see also In re McCarthy*, 636 F. App'x 142, 143 (4th Cir. 2015) ("It is well established that high-ranking government officials may not be deposed or called to testify about their reasons for taking official actions absent 'extraordinary circumstances.'"); *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (holding that "to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition—for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means"); *Bogan*, 489 F.3d at 423 (same); *In re United States (Holder)*, 197 F.3d 310, 316 (8th Cir. 1999) (requiring exceptional circumstances); *Buono v. City of Newark*, 249 F.R.D. 469, 470 (D.N.J. 2008) ("Absent extraordinary circumstances, good cause exists to preclude the deposition of a high level government official because there is a public policy interest in ensuring that high level government officials are permitted to perform their official tasks without disruption or diversion.")

8. Courts consider several factors to determine if the requisite extraordinary circumstances exist, including whether the party seeking the deposition has shown: (1)

"that the official's testimony is necessary to obtain relevant information that is not available from another source"; (2) "the official has first-hand information that could not be reasonably obtained from other sources"; (3) "the testimony is essential to that party's case"; (4) "the deposition would not significantly interfere with the ability of the official to perform his government duties"; and (5) "that the evidence sought is not available through any alternative source or less burdensome means." *Buono*, 249 F.R.D. at 470. *See, e.g.*, *Bogan*, 489 F.3d at 423-24 (affirming issuance of a protective order precluding the deposition of the Mayor because the plaintiff did not pursue other avenues of information, such as the Mayor's aides who would have been able to clarify the Mayor's role in the inspection that the Mayor allegedly ordered); *Wal-Mart Stores*, 2002 WL 562301, at *4-5 (quashing deposition of high-ranking official, in part, because of the existence of other individuals from whom the party seeking the deposition could obtain the desired information).

9. "[M]ere knowledge or awareness of information that may be helpful if discovered . . . will not justify ordering a deposition of the official." *Buono*, 249 F.R.D. at 470 (citation omitted). Nor are vague allegations of wrongdoing sufficient to warrant deposing a high-ranking official. *See Wal-Mart Stores*, 2002 WL 562301, at *4 (explaining that "alleged misconduct" of a high-ranking official "must go to the material determinations" at issue "as opposed to collateral matters of a general bias").

10. As of the date of this filing, plaintiffs' have refused to identify with any particularity the information they purport to need from Lt. Governor Rutherford, what first-

hand knowledge of the litigated claims they purport the Lt. Governor possesses, or that the information they seek could not be obtained elsewhere.  Plaintiffs have failed to carry their burden to demonstrate that extraordinary circumstances exist that would warrant the deposition of Lt. Governor Rutherford in this matter.

WHEREFORE, for the reasons stated herein, Lt. Governor Rutherford requests that this Court quash the deposition subpoena and issue a protective order barring his deposition in this case.  A proposed order is attached.

                                                Respectfully submitted,

                                                BRIAN E. FROSH

                                                __/s/ *Robert A. Scott*_____
                                                ROBERT A. SCOTT (Bar NO. 24613)
                                                JENNIFER L. KATZ  (Bar. No. 28973)
                                                Assistant Attorneys General
                                                Office of the Attorney General
                                                200 Saint Paul Place, 20th Floor
                                                Baltimore, Maryland 21202
                                                rscott@oag.state.md.us
                                                (410) 576-7055; (410) 576-6955 (fax)

Dated:  September 23, 2019              Attorneys for Lt. Governor Boyd Rutherford

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of September, 2019, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

                                            __/s/__*Robert A. Scott*_____
                                            Robert A. Scott (Bar No. 24613)