## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**JEFF HULBERT,** *et al.*

    *Plaintiffs,*

    v.

**SGT. BRIAN POPE,** *et al.*

    *Defendants*

**Case No. 1:18-cv-00461 GLR**

## NOTICE TO TAKE DEPOSITION DUCES TECUM
### (Records Only)

Under the terms and provisions of Fed. R. Civ. P. 30 and 34, and in accordance with the

Maryland Local Rules, counsel for Plaintiffs Jeff Hulbert and Kevin Hulbert will take the records

deposition of the following named person who is requested to produce the records at the time and

place designated below:

| | |
|---|---|
| **NAME:** | **Designee of the State of Maryland** |
| | **ATTN: John C. Fredrickson, Esq.**<br>**ATTN: Robert A. McFarland, Esq.**<br>**300 W Preston Street, Room 608**<br>**Baltimore, MD 21201** |
| **DATE & TIME:** | **October 7, 2019 at 9:00am** |
| **PLACE:** | **Hansel Law, P.C.**<br>**2514 North Charles Street**<br>**Baltimore, MD 21218** |

The records deposition will be taken before a Notary Public of the State of Maryland, or

other duly qualified officer authorized by law to administer oaths at the location set forth above.


Exhibit C

At the above date, time and place, you are also requested to produce for inspection and copying **the documents listed in the provided attachment.**

Please certify that the requested records and documents provided by you are true and accurate copies of records maintained by your facility, and should be certified as correct by the custodian of records or another person authorized to make that certification.

**NOTE:     PERSONAL APPEARANCE OF THE CUSTODIAN OF RECORDS IS NOT NECESSARY IF THE REQUESTED CERTIFIED RECORDS ARE DELIVERED TO HANSEL LAW, P.C. PRIOR TO THE DATE AND TIME OF THE DEPOSITION NOTED ABOVE.**

Respectfully submitted,

HANSEL LAW, PC

Cary J. Hansel
Hansel Law, P.C.
2514 North Charles Street
Baltimore, MD 21218
Tel: (301) 461-1040
Fax: (443) 451-8606
cary@hansellaw.com
*Counsel for Plaintiff*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September, 2019, a copy of the foregoing

was Notice of Deposition *Duces Tecum* was mailed, postage pre-paid to:

John C. Fredrickson, Esq.
Robert A. McFarland, Esq.
Assistant Attorney General
300 W Preston Street, Room 608
Baltimore, MD 21201

Cary Hansel

## DOCUMENTS REQUESTED

**REQUEST NO. 1:** All current and former policies and procedures related to picketing, filming, congregating or walking on the public sidewalk adjacent to "Lawyer's Mall" in Annapolis, Maryland, which were in place at any time from 2015 until the present.

**REQUEST NO. 2:** The recordings (audio and/or visual) and documents (including, but not limited to, police reports, police files, correspondence, notes, e-mail, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication by or between any Maryland state employee(s) or official(s) (whether appointed or elected), or anyone known or believed to have been acting under the authority of any Maryland state employee(s) and/or official(s), concerning the Patriot Picket's activities in Annapolis, Jeff or Kevin Hulbert, the Hulberts' activities on February 5, 2018, the Hulberts' February 5, 2018 arrest, the Hulberts' charging on February 5 and/or 6, 2018, or the decision to drop charges.

**REQUEST NO. 3:** Please produce all e-mail communication related in any way to the Hulberts, or any of the matters identified in Request No. 2 above, by or between Col. Michael Wilson, Chief of the Maryland Capital Police, and:

a) the office of the Anne Arundel County State's Attorney (*see* Wilson Deposition at 55);
b) Chief Wilson's lieutenants (*see* Wilson Deposition at 55);
c) Chief Wilson's commanders (*see* Wilson Deposition at 55);
d) Chief Wilson's Detachment Commander (*see* Wilson Deposition at 55);
e) the media (*see* Wilson Deposition at 57);
f) Ellington Churchill, Jr., Secretary, Maryland Department of General Services; and
g) Nick Cavey, Director Of Communications at Maryland Department of General Services (*see* Wilson Deposition at 58).

This request includes, but is not limited to, any e-mails from any person listed in Request 3(a) to and including 3(g) above to anyone else regarding the Hulberts, as well as the responses and any related e-mails any recipient(s) sent or received.

4

**REQUEST NO. 4:** Please produce all recordings (audio and/or visual) and documents (including, but not limited to, police reports, police files, correspondence, notes, e-mail, memoranda, and journal entries) related in any way to the Hulberts, or any of the matters identified in Request No. 2 above, created, sent, received, stored or reviewed by Maryland Governor Larry Hogan, The Office of the Governor, Maryland Lieutenant Governor Boyd Rutherford, The Office of the Lieutenant Governor, Secretary of the Department of General Services Ellington Churchill, Jr., The Department of General Services, The Maryland State Police, Col. Michael Wilson (Chief of the Maryland Capital Police), The Maryland Capital Police, or any of their protection details, offices, agents, apparent agents, assigns, staff or employees.

**REQUEST NO. 5:** Please produce all recordings (audio and/or visual) and documents (including, but not limited to, police reports, police files, correspondence, notes, e-mail, memoranda, and journal entries) relating to or reflecting requests by any appointed or elected official, their protection details, offices, agents, apparent agents, assigns, staff or employees, to law enforcement to move, relocate, investigate, contact, examine, speak with, direct, order, interfere with, or otherwise interact in any way with picketers, protesters, speakers, demonstrators, and/or others engaging in or attempting to engage in First Amendment activity during a legislative session in Annapolis, Maryland.

**REQUEST NO. 6:** Please produce all recordings (audio and/or visual) and documents (including, but not limited to, police reports, police files, correspondence, notes, e-mail, memoranda, and journal entries) relating to or reflecting requests by Lieutenant Governor Boyd Rutherford, The Office of the Lieutenant Governor, the Lt. Governor's protection details, offices, agents, apparent agents, assigns, staff or employees, to law enforcement to move, relocate,

investigate, contact, examine, speak with, direct, order, interfere with, or otherwise interact in any way with picketers, protesters, speakers, demonstrators, and/or others engaging in or attempting to engage in First Amendment activity during a legislative session in Annapolis, Maryland.

**REQUEST NO. 7:**   Please produce all recordings (audio and/or visual) and documents (including, but not limited to, police reports, police files, correspondence, notes, e-mail, memoranda, and journal entries) relating to or reflecting requests by Governor Larry Hogan, The Office of the Governor, the Governor's protection details, offices, agents, apparent agents, assigns, staff or employees, to law enforcement to move, relocate, investigate, contact, examine, speak with, direct, order, interfere with, or otherwise interact in any way with picketers, protesters, speakers, demonstrators, and/or others engaging in or attempting to engage in First Amendment activity during a legislative session in Annapolis, Maryland.

**REQUEST NO. 8:**   Documents sufficient to identify the male, thought to be a Maryland State Police Officer, who called from the Governor's Mansion to the Maryland Capital Police on February 5, 2018 in connection with picketers later ascertained to be the Patriot Picket.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Maryland

| | | |
|---|---|---|
| Jeff Hulbert, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:18-cv-00461 GLR |
| Sgt. Brian Pope, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      State of Maryland

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Notice of Deposition Duces Tecum

| Place: Hansel Law, P.C.<br>2514 North Charles Street<br>Baltimore, MD 21218 | Date and Time:<br><br>10/07/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/05/2019

       *CLERK OF COURT*
                                      OR
                                                /s/ Cary Hansel
_____        _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Jeff Hulbert and
Kevin Hulbert _____, who issues or requests this subpoena, are:
Cary Hansel 2514 N Charles Street, Baltimore, MD 21218 cary@hansellaw.com (301) 461-1040

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-00461 GLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                              *Server's signature*

                                      _____
                                              *Printed name and title*

                                      _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).