## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Jeff Hulbert, *et al*. | |
| *Plaintiffs*, | |
| v. | Civil No.: 1:18-CV-00461-SAG |
| Sgt. Brian Pope, *et al*. | |
| *Defendants*. | |

### PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY
### (Hearing Requested)

Plaintiffs, by and through undersigned counsel, respectfully submit this Motion, and in support thereof, state the following:

### TABLE OF EXHIBITS

Exhibit A: November 8th through November 13th Emails ................................................................4

Exhibit B: December 17th through December 23rd Emails .............................................................4

Exhibit C: December 24th through January 2nd Emails ..................................................................5

Exhibit D: January 24th through January 30th Emails ....................................................................5

Exhibit E: January 31st Email............................................................................................................5

1.     Plaintiffs respectfully request the extension of the discovery deadline as significant discovery disputes remain unresolved and there are substantial documents that Defendants have signified an intent and willingness to produce that have yet to be produced.

2.     *First*, Defendants have promised, but failed, to produce substantial quantities of documents to date, which Defendants indicate they are in the process of reviewing. Additional time is required to permit Defendants to produce the documents and provide Plaintiffs with

sufficient time to review the produced documents, and the service of any reasonable discovery arising therefrom.

3. *Second*, Plaintiffs have served a Second Motion to Compel on Defendants seeking production of documents that have not been produced and unredacted copies of produced documents that have been incorrectly redacted. Additional time is required for the full resolution of Plaintiffs' motion, sufficient time to review the produced documents, and the service of any reasonable discovery arising therefrom.

4. *Third*, Plaintiffs have simultaneously filed a Motion for Reconsideration of this Court's decision on Lt. Governor Rutherford's Motion to Quash Subpoena, on the basis that Plaintiffs have sufficiently laid the foundation and established the necessity of deposing Lt. Governor Rutherford. Additional time is required for the full resolution of Plaintiffs' motion, the deposition of Lt. Governor Rutherford, and the service of any reasonable discovery arising therefrom.

5. The outstanding disputes include the production of substantial quantities of documents that Defendants have promised, but failed, to produce and other disputes requiring further motions practice. Plaintiffs have served on Defendants

6. The Court granted the parties' Joint Motion to Modify Scheduling Order to the Court on November 25, 2019, which set the current factual discovery deadline on January 31, 2020. *See* ECF 46.

7. The deadline for dispositive pretrial motions is March 31, 2020. *Id*.

8. The Plaintiffs served a Notice to Take Deposition Duces Tecum on Defendants' counsel on September 5, 2019 (the "**State Subpoena**"). *See* ECF 41-2.

9. The Notice to Take Deposition Duces Tecum required Defendants' counsel to produce responsive documents by October 7, 2019, at 9:00 a.m. *Id*. at 1.

10. The Plaintiffs provided eight Requests for Documents requesting documents vital to the Plaintiffs' case, including, *but not limited to*, policies and procedures related to picketing; recordings and documents memorializing communications between state employees regarding the Plaintiffs, the February 5, 2018, incident and the Plaintiffs' arrest; recordings and documents relating to requests from any elected or appointed official to move or interfere with picketers or protestors during a legislative session; recordings and documents relating to requests specifically originating from the Lt. Governor's office or staff to move or interfere with picketers or protestors during a legislative session; recordings and documents relating to requests specifically originating from the Governor's office or staff to move or interfere with picketers or protestors during a legislative session; and any documents sufficient to identify the male caller who contacted the Maryland Capitol Police in relation to the picketers on February 5, 2018. *Id*. at 5-6.

11. Plaintiffs' counsel also served a Notice to Take Oral Deposition of Lt. Governor Boyd K. Rutherford on Defendants' counsel on September 5, 2019. *See* ECF 41-3.

12. The Notice to Take Oral Deposition of Lt. Governor Boyd K. Rutherford set the deposition at 10:00 a.m. on October 16, 2019. *Id*. at 1.

13. On September 23, 2019, Lt. Governor Rutherford filed a Motion to Quash Subpoena and for Protective Order in response to Plaintiffs' Notice to Take Oral Deposition. *See* ECF 36.

14. After numerous inquiries by Plaintiffs' counsel regarding the status of the production required pursuant to the State Subpoena, *see* ECF 41, Defendants produced documents on October 28, 2019. The production was woefully inadequate and barely scratched the surface of

3

the State Subpoena, as described at length in Plaintiffs' Motion to Compel Discovery filed the same day. *See* ECF 40.

15. On November 6, 2019, the Court granted Lt. Governor Rutherford's Motion to Quash Subpoena without prejudice, subject to Plaintiffs' right to re-subpoena him for deposition under appropriate circumstances, and denied Plaintiffs' Motion to Compel without prejudice for failure to comply with Local Rules 104.7 and 104.8. *See* ECF 43.

16. During the teleconference, this Court ordered Defendants to provide discovery regarding the possible caller from the Governor's Mansion on or before November 13, 2019. *See* ECF 44.

17. On November 8, 2019, counsel met in-person for an hour and a half to discuss discovery. Exhibit A (November 8th through November 13th Emails). During the meeting, Defendants disclosed to Plaintiffs that the caller was Corporal Ryan Bitter. *Id*. Defendants' counsel informed Plaintiffs' counsel that additional documents were being reviewed for privilege and would be produced by November 14, 2019. *Id*. Plaintiffs' counsel outlined a proposed search mechanism to ensure that Defendants' counsel sufficiently respond to the State Subpoena. *Id*.

18. The promised discovery was produced nearly two months later on December 23, 2019, heavily redacted. Exhibit B (December 17th through December 23rd Emails).

19. Simultaneously, Plaintiffs conducted depositions of each executive protection officer assigned to the Lt. Governor as well as Corporal Ryan Bitter, who was identified by the Defendants as the individual that called the Capitol Police from the Governor's Mansion. The depositions included the "front man," the executive protection officer standing directly next to the Lt. Governor at the time of the incident. The officers confirmed that an order must have been given

to move the Plaintiffs from Lawyers' Mall, but were unable to confirm who gave the order. Thus, the only remaining individual that can answer the question is Lt. Governor Rutherford.

20.     Plaintiffs continually attempted to set up an in-person meeting with Defendants' counsel to discuss the insufficiency of Defendants' production. By December 30, 2019, Plaintiffs' counsel had attempted three times to schedule a meeting. Exhibit C (December 24th through January 2nd Emails). Defendants pushed back on scheduling the meeting for an additional month, only agreeing to meet one day prior to the discovery deadline. Exhibit D (January 24th through January 30th Emails).

21.     Plaintiffs' counsel met in-person with Defendants' counsel at 2:00 p.m. on January 30, 2019 at Defendants' counsel's office. *Id*. The meeting lasted approximately an hour and forty-five minutes. *Id*.

22.     At the meeting, counsel discussed (1) the requested deposition of Lt. Governor Rutherford, (2) the missing emails that Defendants are required to produce pursuant to the State Subpoena, and (3) the redaction of the emails produced by Defendants on December 23, 2019. *Id*. Counsel were unable to reach an agreement on any of the three outstanding discovery issues. Plaintiffs advised Defendants that Plaintiffs would serve a motion to compel shortly covering the outstanding issues. *Id*.

23.     As a result, Plaintiffs served Defendants with Plaintiffs' Second Motion to Compel by e-mail on January 31, 2020. Exhibit E (January 31st Email).

24.     Given that Defendants have failed to meet their discovery obligations by failing to adequately respond to the State Subpoena, Plaintiffs have laid an adequate foundation to demonstrate Lt. Governor Rutherford has information relevant to this proceeding that cannot be discovered through any other means, and a Second Motion to Compel has been simultaneously

served on Defendants that remain outstanding, the factual discovery deadline should be extended to permit Plaintiffs the opportunity to conduct meaningful discovery.

25. Accordingly, Plaintiffs respectfully request that this Court extend the discovery period to thirty-five days after the last to occur of (1) any production voluntarily produced or (2) any production produced as ordered by the Court, to allow for the completion of the discovery sought by Plaintiffs in the Second Motion to Compel simultaneously served on the Defendants and to complete any remaining discovery arising out of facts discovered during extant discovery efforts. The thirty-five-day period permits Plaintiffs five days to review the final production and thirty days to serve any reasonable discovery arising therefrom.

26. This requested extension of discovery will require a continuance of the deadline for dispositive pretrial motions. Plaintiffs respectfully request that this Court extend the deadline for dispositive pretrial motions to May 31, 2020.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion for Extension of Discovery.

Respectfully submitted,

HANSEL LAW, PC

     /s/ Cary J. Hansel
Cary J. Hansel (Bar No. 14722)
cary@hansellaw.com
2514 N. Charles Street
Baltimore, MD 21218
Phone: (301) 461-1040
Fax: (443) 451-8606
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of January, 2020, I caused the foregoing to be filed via the Court's electronic filing system, which will make service on all parties entitled to service.

                                        /s/ Cary J. Hansel
                                    Cary J. Hansel