IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFF HULBERT, *et al.* | * | |
| Plaintiffs | * | |
| v. | * | Case No. 1:18-CV-00461-SAG |
| SGT. BRIAN T. POPE, *et al.* | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Sergeant Brian T. Pope and Colonel Michael Wilson (the "Defendants"), through counsel, submit motion for summary judgment, accompanying memorandum of law in support of their motion for summary judgment, and proposed order pursuant to Fed. R. Civ. P. 56, and state that there is no dispute of material facts in this case, which show:

1. Plaintiffs have alleged various constitutional and tortious claims against Defendants arising out of their arrest on February 5, 2018.

2. On February 5, 2018, Sergeant Pope gave Plaintiffs Jeff and Kevin Hulbert a lawful order to move roughly fifteen feet from where they were standing for safety reasons, as communicated to Sgt. Pope by his superior officer, Sgt. Dennis Donaldson. It was a reasonable time, place, and manner restriction under the circumstances and, therefore, not a violation of the First Amendment or Article 40.

3. Plaintiffs ignored repeated orders from Sgt. Pope despite warnings that they would be arrested for continuing to ignore the lawful orders.

4. Plaintiffs Jeff and Kevin Hulbert continued ignoring more orders, thereby committing a crime in the presence of Sgt. Pope, giving him probable cause to arrest the Plaintiffs.

The arrest and subsequent search incident to arrest—which was not conducted by either Defendant—did not, therefore, violate the Fourth Amendment, Article 24, or Article 26.

5. At the direction of his superior officer, Sgt. Pope issued criminal citations to Plaintiffs Jeff and Kevin Hulbert, and released them roughly one hour after their arrest.

6. While preparing the criminal citations, Sgt. Pope could not locate the section of COMAR for one of the charges that he wanted to issue to the Plaintiffs (they were, in part, arrested for preventing or disturbing the general public from obtaining services provided on the property or for obstructing walks pursuant to COMAR 04.05.01.03). As a result, the only charge that the Hulbert brothers received on February 5, 2018 was for failure to obey a lawful order pursuant to § 10-201 of the Criminal Law Article.

7. Defendant Michael Wilson did not know about the arrests until after they happened.

8. Sgt. Donaldson and Col. Wilson agreed that an additional charge should be added. Col. Wilson specifically wanted one added based on the longstanding advice from the State's Attorney's Office ("SAO") that they want § 6-409 of the Criminal Law Article to be charged.

9. Col. Wilson sent an email on the evening of February 5, 2018 about the arrests and noted the additional charge that he wanted to bring based on prior advice from the SAO.

10. On February 6, 2018, officers at the Maryland Capitol Police ("MCP") contacted the SAO to discuss the additional charges they wanted to bring and the method for adding them. Sgt. Pope drafted additional charges at the direction of his superior officer and based on the advice of the SAO.

11. Plaintiffs Jeff and Kevin Hulbert came to Annapolis on February 6, 2018. Because they were physically close to the MCP offices and it was convenient, the additional charges—

2

based on a charging decision that pre-dated the Plaintiffs' return to Annapolis—were served on Plaintiffs Jeff and Kevin Hulbert.

12. All of the charges were dropped four days later after further discussion with the SAO.

13. Plaintiffs brought this lawsuit nine days after the arrests.

14. Defendants are entitled to qualified immunity from the claims arising under 42 U.S.C. § 1983.

15. Plaintiffs' constitutional rights were not violated.

16. Even if Plaintiffs' constitutional rights were violated, Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

17. The undisputed material facts show that Plaintiff Kevin Hulbert was not arrested because he was filming.

18. Even if Plaintiff Kevin Hulbert was arrested for filming, the right to record police is not clearly established.

19. The undisputed material facts show that there is no causal connection to support Plaintiffs' retaliation claim.

20. Because Sgt. Pope had probable cause to arrest the Plaintiffs, their retaliation claim fails as a matter of law.

21. Because Sgt. Pope had probable cause to arrest the Plaintiffs, their unconstitutional search and seizure claims fail as a matter of law.

22. Plaintiffs excessive force claims fail because alleging that handcuffs are too tight during an arrest is insufficient to sustain an excessive force claim as a matter of law.

23. There is insufficient evidence for Col. Wilson to meet the high standard of supervisory liability for the remaining 42 U.S.C. § 1983 claims asserted against him.

24. Defendantd are immune from suit on the state-law claims under the Maryland Tort Claims Act.

25. Counts Six, Seven, and Eight are read in pari materia with Counts One, Two, Three, Four, and Five. For the same reasons that Plaintiffs' First Amendment rights were not violated, their Article 40 rights were also not violated. For the same reasons that Plaintiffs' Fourth Amendment rights were not violated, their Article 24 and Article 26 rights were also not violated.

26. The false arrest and false imprisonment claims fail because Sgt. Pope had probable cause to arrest Plaintiffs.

27. Judgment should be entered against Maryland Shall Issue, Inc. ("MSI") on all counts because it has nothing to do with this case. No one representing MSI was present on February 5, 2018. It has not suffered an injury. Its members do not otherwise have standing to sue in their own right. The interests it seeks to protect are not germane to the issues in this lawsuit. As a result, it does not have individual or associational standing, and judgment should be entered against it.

28. If any causes of action survive, then this Court should grant judgment in favor of Defendants on any claim for punitive damages.

29. Defendants Sgt. Brian T. Pope and Col. Michael Wilson incorporate their memorandum of law in support of their motion to dismiss as if stated fully herein.

WHEREFORE, for all the reasons set forth above and in their memorandum of law, Defendants Sgt. Brian T. Pope and Col. Michael Wilson respectfully request that this Honorable

Court enter summary judgment in favor of Defendants and against Plaintiffs, and that this Court provide any further relief as it may deem appropriate.


Respectfully submitted,

| | |
|---|---|
| Brian E. Frosh<br>Attorney General of Maryland | Brian E. Frosh<br>Attorney General of Maryland |
| /s/ John C. Fredrickson | /s/ James N. Lewis |
| _____<br>John C. Fredrickson<br>Federal Bar No. 02566<br>Assistant Attorney General<br>Department of General Services<br>300 West Preston Street, Suite 608<br>Baltimore, Maryland 21201<br>john.fredrickson@maryland.gov<br>Telephone: (410) 767-1825<br>Facsimile: (410) 333-7654 | _____<br>James N. Lewis<br>Federal Bar No. 30220<br>Assistant Attorney General<br>Office of the Attorney General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202<br>jlewis@oag.state.md.us<br>Telephone: (410) 576-7005<br>Facsimile: (410) 576-6955 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December 2020, a copy of the foregoing Defendants' Motion for Summary Judgment, accompanying Memorandum of Law, Table of Exhibits, and Proposed Order were served electronically via CM/ECF to:

Cary Johnson Hansel, III, Esquire
Federal Bar No. 14722
cary@hansellaw.com

Erienne Sutherell, Esquire
Federal Bar No. 20095
esutherell@hansellaw.com

Justin Stefanon, Esquire
Federal Bar No. 20087
jstefanon@hansellaw.com

HANSEL LAW, P.C.
2514 North Charles Street
Baltimore, Maryland 21218

*Attorneys for Plaintiffs*

and a courtesy copy will be sent within one business day to:

The Honorable Stephanie A. Gallagher
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
ATTN: Clerk's Office for the Honorable Stephanie A. Gallagher
101 West Lombard Street
Chambers 7C
Baltimore, Maryland 21201

/s/ John C. Fredrickson                               /s/ James N. Lewis
_____          _____
*John C. Fredrickson*                                    *James N. Lewis*