**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

Jeff Hulbert, *et al*.

          *Plaintiffs*,

      v.

Sgt. Brian Pope, *et al*.

          *Defendants*.

Civil No.: 1:18-CV-00461-SAG

## <u>TABLE OF EXHIBITS</u>

Exhibit A: Deposition of Cpl. Ryan Bitter

Exhibit B: Deposition of Trooper Joseph Walder

Exhibit C: Deposition of Sergeant Roby

Exhibit D: October 17th Emails

Exhibit E: October 4th through October 16th Emails

Exhibit F: October 25th through October 28th Emails

Exhibit G: October 25th Email

Exhibit H: October 28th Email

Exhibit I: October 28th Email

Exhibit J: November 4th Emails

Exhibit K: November 4th through November 5th Emails

Exhibit L: November 6th Email

Exhibit M: November 6th Emails

Exhibit N: November 8th through November 13th Emails

Exhibit O: November 14th through November 15th Emails

Exhibit P: December 4th through December 9th Emails

Exhibit Q: December 17th through December 23rd Emails

Exhibit R: December 17th through December 23rd Emails

Exhibit S: December 24th through January 2nd Emails

Exhibit T: May Production Emails

Exhibit U: May Production Emails, STATE_000682-683

Exhibit V: May 29 Email

Exhibit W: May 29 Emails

Exhibit X: Second Privilege Log

Exhibit Y: June 3 Email

Exhibit Z: July Emails

Exhibit AA: August Emails

Exhibit BB: September Emails

Exhibit CC: December 23 Production, NC 057-059

Exhibit DD: STATE_004190-004191

Exhibit EE: STATE_004217-004218

Exhibit FF: STATE_004238-004239

Exhibit GG: First Amended Privilege Log

Exhibit HH: Second Amended Privilege Log

1            IN THE UNITED STATES DISTRICT COURT

2               FOR THE DISTRICT OF MARYLAND

3

4   JEFF HULBERT, et al.,              *

5           Plaintiffs                 *

6     v.                               * Case No.:

7   SGT. BRIAN T. POPE, et al.,    * 1:18-CV-00461 SAG

8           Defendants                 *

9

10            ----------------------------

11            Deposition of CORPORAL RYAN BITTER,

12   taken on Tuesday, December 10, 2019, at

13   10:18 a.m. at Hansel Law, PC, 2514 North Charles

14   Street, Baltimore, Maryland 21218, before Lindsy

15   Badawy, Notary Public.

16            ----------------------------

17

18

19

20

21   REPORTED BY:  Lindsy Badawy

**Exhibit A**

1    or those of others, things to lay jurors or

2    judges who may not have your experience in law

3    enforcement or my experience speaking with people

4    who are in law enforcement.  So if I ask you

5    questions that sounds obvious, please understand

6    that every moment you're here, I'm here too, so

7    I'm not here to waste my time or your time, but,

8    instead, I may need to explain things to folks

9    who may not fully have your background and

10   understanding of these issues, so bear with me.

11   If some of the questions seem obvious, that's

12   why.  There's an important reason.  It's not that

13   I'm trying to use any more of your rainy day than

14   is necessary.

15           With that being said, do you have any

16   questions before we get started?

17        A.  I do not.

18           MR. HANSEL:  Counsel, before we get

19   started, I know we have a number of requests

20   outstanding.  Do you have anything to produce

21   today?

 1              MR. FREDRICKSON:  Not today.

 2              MR. HANSEL:  Okay.

 3         Q.  (BY MR. HANSEL)  That having been said,

 4    please tell me how you are currently employed.

 5         **A.  With the Maryland State Police.**

 6         Q.  State and spell your full name for me.

 7         **A.  Ryan, R-Y-A-N.  Middle name?**

 8         Q.  Yes, sir.

 9         **A.  Stephen, S-T-E-P-H-E-N; Bitter,**

10    **B-I-T-T-E-R.**

11         Q.  What is your current rank as we sit here

12    today?

13         **A.  Corporal.**

14         Q.  When was your last promotion?

15         **A.  Three years ago, approximately.**

16         Q.  Walk me backwards through your ranks.

17    You're a corporal now.

18         **A.  Senior trooper.**

19         Q.  So you were a senior trooper up until

20    three years ago.  Prior to that what was your

21    rank?

1    Q.  Very good.  What goes on there?  Does

2    somebody live there?  Are there offices?

3    **A.  It's where the governor and first lady**

4    **reside.**

5    Q.  You mentioned working the console there.

6    What's the console?

7    **A.  It's a desk, and it's where our cameras**

8    **are.**

9    Q.  I assume there's also communications

10   equipment at the console?

11   **A.  Yes.**

12   Q.  Does that include radio and telephone

13   communications?

14   **A.  Yes.**

15   Q.  You said that there are cameras there.

16   Where do the camera feeds come from?

17   **A.  An outside source, an outside security**

18   **company.**

19   Q.  No, I meant, where are the cameras

20   situated?

21   **A.  All around the property.**

1          A.   Just if a vehicle was blocking the

2    vehicle gate and preventing us from entering or

3    exiting our vehicle lot on the Governor's

4    Mansion.   We have a triangle in front of our

5    front gate.   No one is supposed to occupy that.

6    If someone is parked there, we call them to have

7    it removed.   If there is a vehicle parked in the

8    lieutenant governor's spot around the State

9    House, we'll call them to have it removed.

10         Q.   What other types of issues do you call

11   the Maryland Capitol Police about?

12         A.   That's pretty much it.

13         Q.   Did you ever have occasion during that

14   five years from '13 to '18 -- roughly five

15   years -- to call the Maryland Capitol Police

16   related to individuals that were either picketers

17   or protestors or anybody like that?

18         A.   Yes.

19         Q.   How many times, approximately, in that

20   five years?

21         A.   I made a call once.

1  **police to have a uniform come down and stand with**

2  **the picketers for the movement of the lieutenant**

3  **governor.**

4      Q.  Let's break that down a little bit.  How

5  did you first become aware of the picketers?

6      **A.  You could see them standing outside.**

7      Q.  Did you see them out the window or on

8  the screen or both?

9      **A.  Both.**

10     Q.  Describe to me where in the building the

11 console is.  Is it sort of on a corner?

12     **A.  Yes.  It's on the vehicle lot of the**

13 **Governor's Mansion.  The back of it faces Lawyers**

14 **Mall.**

15     Q.  How much of Lawyers Mall or the sidewalk

16 in front of Lawyers Mall can you see looking out

17 the window?

18     **A.  Not a lot.**

19     Q.  The people or person you saw we're going

20 to get into in more detail this day in February

21 of 2018.  How did you first see them?  Out the

1   window?  On the scene?

2        **A.  The window.**

3        Q.  Was that your first awareness that

4   anyone was out there, or had you received any

5   notice from elsewhere that somebody was out

6   there?

7        **A.  I believe that's the first time I saw**

8   **them.**

9        Q.  Was it the first time you were aware?

10       **A.  Yes.**

11       Q.  Sorry to be specific, but you understand

12  the difference?

13       **A.  Yes.**

14       Q.  What were you doing when you looked out

15  the window when you saw them?

16       **A.  Just the normal duties of the console.**

17       Q.  Were you seated in the chair at the

18  console?

19       **A.  Yes.**

20       Q.  What did you see when you looked out the

21  window?

1      **A.   From what I recall, picketers standing**

2  **on the College Avenue side of Lawyers Mall.**

3      Q.   They are on the sidewalk there?

4      **A.   I believe so, yes.**

5      Q.   How many people did you see?

6      **A.   I don't recall.**

7      Q.   Did it seem to be a large group or a

8  small group?

9      **A.   I don't recall.**

10      Q.   Did you see anyone besides the picketers

11  that you recall?

12      **A.   No.**

13      Q.   What about vehicles?  Do you recall any

14  vehicles there?

15      **A.   No.**

16      Q.   You call them picketers.  Did they have

17  signs or anything?

18      **A.   I recall they had signs, yes.**

19      Q.   Had they started -- I don't know what

20  the term is -- picketing, moving with the signs?

21  What were they doing with the signs when you

1    any of those individuals previously, as far as

2    you know?

3         **A.  They were probably there the previous**

4    **week, but we had no dealings with them.**

5         Q.  Had you seen them there the previous

6    week?

7         **A.  Yes.**

8         Q.  Was that also on a Monday?  Do they have

9    a regular day of the week that they're there, if

10   you know?

11        **A.  I don't recall.**

12        Q.  In the previous week you said you had no

13   dealings with them; is that right?

14        **A.  Right.**

15        Q.  Obviously if you'd seen them violating

16   the law in any way, you would have had some

17   dealings with them one way or another; is that

18   right?

19        **A.  No.**

20        Q.  Well, you would have called somebody,

21   wouldn't you?

1      **A.  Correct.**

2      Q.  Did you call anybody about them the

3  previous week?

4      **A.  No.**

5      Q.  It's fair to say the previous time you

6  saw them they didn't do anything unlawful; is

7  that right?

8      **A.  Correct.**

9      Q.  As you sit here today, do you remember

10  ever seeing them previously, other than the

11  previous week?

12      **A.  No.**

13      Q.  In the period of time from this day

14  we're here to talk about, which I think was

15  February 5th of 2018, but this day that you're

16  remembering, whatever the date is, moving forward

17  in time, have you had any other observations of

18  this group or interactions with them at all?

19      **A.  No.**

20      Q.  What was your regular schedule in

21  February of 2018 as a duty officer?  Let me ask

1      Q.  Did anyone ever communicate to you that

2   the lieutenant governor did not want to interact

3   with these people in any way?

4      **A.  I don't recall.**

5      Q.  Who was the radio call from?

6      **A.  Whoever was working that day.  I don't**

7   **know.**

8      Q.  It would have been whoever was the --

9   what was the name of the position?  You told me

10   earlier.

11      **A.  Detail leader.**

12      Q.  Is that a position that rotated?

13      **A.  Yes.**

14      Q.  How big is the detail for the lieutenant

15   governor?  How many people?

16      **A.  On a daily basis, two.**

17      Q.  So one or the other was the detail

18   leader that night; is that right?

19      **A.  Correct.**

20      Q.  Certainly you worked closely with him;

21   is that right?

1      **A.  Yes.**

2      Q.  Who were the two people who were detail

3  leaders who may have been the detail leader in

4  February of 2018 when you received this radio

5  communication?

6      **A.  It could have been Sergeant Shusko or**

7  **TFC Walder.**

8      Q.  What's the sergeant's full name?

9      **A.  First name is Angelo.**

10     Q.  What is his last name?

11     **A.  Shusko, S-H-U-S-K-O.**

12     Q.  And the trooper first class, what is his

13 full name?

14     **A.  Joseph Walder, W-A-L-D-E-R.**

15     Q.  So either Sergeant Shusko or TFC Walder

16 radioed you about this movement; is that right?

17     **A.  Those two are who were assigned to the**

18 **group I work on.  They follow my group, so when**

19 **my group works, they work the lieutenant**

20 **governor.  If one of those two were off, a**

21 **fill-in could have been filled in for them.  It**

1    **not necessarily were those two that day.**

2         Q.  But assuming neither one of them had the

3    day off, it would have been one of those two?

4         **A.  Yes.**

5         Q.  Do you recall whether one of them had

6    the day off the day in question?

7         **A.  I don't recall.**

8         Q.  One way or the other, you don't recall?

9         **A.  I don't recall.**

10        Q.  Do you recall either one of them

11   specifically working that day?  For instance, you

12   might have had lunch with them.  You might have

13   chatted with them either earlier or at roll call

14   or something.  You might have seen them later.

15   Do you recall either one of them either working

16   or not working specifically that day?

17        **A.  No.**

18        Q.  Are there records that would reflect who

19   was assigned to the lieutenant governor that day,

20   which officers?

21        **A.  Yes.**

1    Walder, you don't know if it came from anybody

2    else above them?

3        A.  I don't.

4        Q.  For instance, you don't know if it came,

5    ultimately, from the lieutenant governor or not?

6        A.  I don't.

7        Q.  After the phone call, you said that

8    there were, for lack of a better word -- it

9    sounds to me like they were the only thing kind

10   of going on.  After the phone call, did you keep

11   an eye on the console on the cameras and out the

12   window at this little group?

13       A.  Yes.

14       Q.  Did you keep an eye on them until they

15   were gone?

16       A.  Yes.

17       Q.  Did you ever see them break any laws?

18       A.  Not from my vantage point, no.

19       Q.  What did you observe?  Well, let me ask

20   you this:  After you called the Maryland Capitol

21   Police, when did you next communicate with

1    communicate to the Maryland Capitol Police,

2    right?

3              MR. FREDRICKSON:  Objection to the form.

4         Q.  (BY MR. HANSEL)  Is that right?

5         A.  **Correct.**

6         Q.  That would be your goal.  It's pretty

7    obvious, but is that right?

8         A.  **Correct.**

9              MR. FREDRICKSON:  Objection to the form.

10        Q.  (BY MR. HANSEL)  Now, one thing that

11   strikes me about that approach, why would they

12   want you to do it instead of doing it themselves,

13   I guess, to put it most directly, if you know?

14   Is there a procedural reason, or maybe it's

15   because it has to be on the phone and they don't

16   have a phone with them?  Is there some --

17             MR. FREDRICKSON:  Objection.

18             Go ahead.

19        **A.  That's the responsibility of the duty**

20   **officer.**

21        Q.  (BY MR. HANSEL)  One of your

1    responsibilities is communication with the

2    Maryland Capitol Police; is that right?

3         **A.   Correct.**

4         Q.  So procedurally, that kind of

5    communication is supposed to go through you; is

6    that right?

7         **A.   Correct.**

8         Q.  Are those communications -- obviously

9    they're recorded; you and I have both heard an

10   audio recording of them -- but are they logged in

11   any other way or recorded in any other way than

12   that audio recording, in a log, in a notebook, in

13   a spreadsheet, on Excel, whatever it is?

14        **A.   I don't know.**

15        Q.  But not by you?

16        **A.   Correct.**

17        Q.  I've been told through other sources

18   that there are sometimes communications that fall

19   in this same category or description from members

20   of the legislature, the senate or the house of

21   delegates, to the Maryland Capitol Police.  Do

1    signs, and you believe them to be picketers or

2    protestors?

3          **A.  Correct.**

4          Q.  So you knew, when you made the call,

5    obviously, that they were there to get some kind

6    of message across, whatever it was, on the signs;

7    is that right?

8          **A.  Yes.**

9          Q.  Had you, at that point, read the signs?

10   Could you make out what they said from your

11   vantage point either on the video or out the

12   window?

13         **A.  No.**

14         Q.  So you didn't know the content of the

15   signs?

16         **A.  Correct.**

17         Q.  Had the content of the signs, as far as

18   you recall, been communicated to you by the folks

19   who called you in connection with the lieutenant

20   governor?

21         **A.  I don't recall.**

1      **A.   Correct.**

2          Q.   In communicating this message to the

3      Maryland Capitol Police, I heard you say that the

4      concern was that they would give him a bunch of

5      stuff for whatever reason.  Did you hear that

6      language?

7          **A.   Yes.**

8          Q.   My understanding of what you're telling

9      me is that you were communicating a message that

10     ultimately came from somebody else.  Sitting here

11     today, do you know what you meant by or what they

12     meant in asking you to communicate it, however

13     the particular words were chosen, what was meant

14     by, "give him a bunch of stuff for whatever

15     reason"?

16         MR. FREDRICKSON:  Objection to the form.

17         Go ahead.

18     **A.   As far as approaching the lieutenant**

19     **governor, whatever their message was they wanted**

20     **to relay to him, being arrogant to him, using**

21     **derogatory language towards him.**

1    Q.  (BY MR. HANSEL)  So it had to do in the

2    first instance with avoiding the communicating of

3    the message, and in the second instance, avoiding

4    any unpleasant wording in the message; is that

5    fair?

6        **A.  Correct.**

7    Q.  The goal in sending an officer out was

8    to avoid those things; is that right?

9        **A.  Correct.**

10   Q.  That's how it was communicated to you by

11   the people who were with the lieutenant governor;

12   is that right?

13       MR. FREDRICKSON:  Objection to the form.

14       **A.  Correct.**

15   Q.  (BY MR. HANSEL)  As you've described it,

16   you didn't know what their message was because

17   you couldn't see the signs; is that right?

18       **A.  Correct.**

19   Q.  Do you know how the people with the

20   lieutenant governor determined that it might be a

21   message he didn't want to hear or that they might

1    be rude to him or however you would describe it?

2        **A.  No.**

3        Q.  But since you couldn't see the signs,

4    obviously that was a determination that they

5    made; is that right?

6        **A.  Yes.**

7        Q.  And then they communicated it to you,

8    and then you communicated it to the Maryland

9    Capitol Police; is that correct?

10       **A.  Correct.**

11       Q.  So the concern that was communicated to

12   you by the people in Executive Protection with

13   the lieutenant governor was that this particular

14   group might have an unpleasant message for him or

15   one he didn't want to hear; is that right?

16       MR. FREDRICKSON:  Objection.

17       **A.  Possibly, yes.**

18       Q.  (BY MR. HANSEL)  In other words, it

19   might possibly be one he doesn't want to hear; is

20   that right?

21       MR. FREDRICKSON:  Objection.

Deposition of Corporal Ryan Bitter                    Jeff Hulbert, et al. v. Sgt. Brian T. Pope, et al.

1        A.  Possibly, yes.

2        Q.  (BY MR. HANSEL)  And then you were

3    directed by those people who were with the

4    lieutenant governor to pass that on to the

5    Maryland Capitol Police; is that right?

6            MR. FREDRICKSON:  Objection.

7        A.  They necessarily didn't tell me to call

8    them.  What we assume happened was they called me

9    about the protestors, which then I, in turn,

10    called the capitol police.

11        Q.  (BY MR. HANSEL)  The goal of the call

12    was to avoid having the protestors give him a

13    bunch of stuff for whatever reason.  That's what

14    we're talking about now.  That piece of it

15    obviously came because you couldn't see what

16    their message was.  That piece of it obviously

17    came from the people with the lieutenant

18    governor, right?

19            MR. FREDRICKSON:  Objection.

20        A.  Correct, but our goal is the safety of

21    the lieutenant governor.

1    Q.  (BY MR. HANSEL)  You obviously didn't

2  have any reason to think -- because what you saw,

3  as we've pieced it together here, were a couple

4  people with signs that you couldn't read, right?

5    **A.  Correct.**

6    Q.  And you didn't see any illegal activity?

7    **A.  From my vantage point, no.**

8    Q.  You personally didn't have any reason to

9  think they were any kind of threat or anything,

10  obviously?

11    **A.  No.**

12    Q.  And because you didn't know their

13  message, you didn't know if it was one that was

14  rude or the lieutenant governor didn't want to

15  hear, right?

16    **A.  Correct.**

17    Q.  So that information came from the people

18  with the lieutenant governor; is that right?

19    MR. FREDRICKSON:  Objection.

20    **A.  Correct.**

21    Q.  (BY MR. HANSEL)  That's what you were

1    communicating when you said that the Executive

2    Protection people didn't want the picketers to

3    give them a bunch of stuff for whatever reason?

4         **A.   Correct.**

5         Q.   In communicating that, the intent was

6    obviously that they would send a trooper out and

7    do whatever could be done to try to avoid the

8    interaction?

9         **A.   Correct.**

10        MR. FREDRICKSON:   Objection to the form.

11        Q.   (BY MR. HANSEL)   Is that right?

12        **A.   Correct.**

13        Q.   That's the message you got from the

14   people with the lieutenant governor, and you

15   relayed it to the people at the Maryland Capitol

16   Police?

17        MR. FREDRICKSON:   Objection to the form.

18        **A.   Correct.**

19        Q.   (BY MR. HANSEL)   All right.   Thank you,

20   sir.   That's all I have today, unless these

21   gentlemen have any questions.

1          IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF MARYLAND

3

4   JEFF HULBERT, et al.,            :

5           Plaintiffs              :

6      vs.                          :

7   SGT. BRIAN T. POPE, et al., :   CASE NUMBER:

8           Defendants              :   1:18-CV-02317 GLR

9

10              --------------------

11

12        Deposition of TROOPER JOSEPH WALDER, JR.,

13   taken on Monday, January 13, 2020, at 2:05 p.m.,

14   at Hansel Law, 2514 North Charles Street,

15   Baltimore, Maryland, before Linda A. Crockett,

16   Notary Public.

17              --------------------

18

19

20   Reported by:

21   Linda A. Crockett

**Exhibit B**

Deposition of Trooper Joseph Walder, Jr.                    Jeff Hulbert, et al. v. Sgt. Brian T. Pope, et al.

1      A.   Yes.

2      Q.   Have you worked for any other governor

3  other than Governor Hogan in executive

4  protection?

5      A.   O'Malley.

6      Q.   When did you get assigned to the

7  lieutenant governor?

8      A.   **When they were elected.**

9      Q.   So somewhere around 2015; is that right?

10     A.   Yes.

11     Q.   And have you -- and recognizing you may

12 pick up an overtime shift or sub in for somebody,

13 but have you generally been assigned to executive

14 protection for the lieutenant governor since

15 2015?

16     A.   Yes.

17     Q.   And my understanding is that there's an

18 advance person and then a person who is

19 personally with the lieutenant governor that sort

20 of make up his immediate team; is that right?

21     A.   Yes.

1      Q.   And the advance person I understand to

2   be the advance man or advance person, however you

3   say it, is that right, in terms of just what

4   they're referred to as?

5      **A.   Yes.**

6      Q.   And then the person who's actually with

7   the lieutenant governor, how do you call that

8   person or how do you refer to them?  I just want

9   to make sure we're on the same page.

10     **A.   Just protection.**

11     Q.   So there's the protection officer and

12  the advance officer; is that right?

13     **A.   Yes.**

14     Q.   And that's the lieutenant governor's

15  immediate team; is that fair?

16     **A.   Yes.**

17     Q.   Okay.  All right.  Tell me about the

18  role -- have you worked both roles for the

19  lieutenant governor?

20     **A.   Yes.**

21     Q.   And do you routinely kind of trade off

Deposition of Trooper Joseph Walder, Jr.                    Jeff Hulbert, et al. v. Sgt. Brian T. Pope, et al.

1     Q.  I mean, but you work closely together?

2     **A.  Yes.**

3     Q.  All right.  Are the two of you also

4  friends?

5     **A.  Friends as in -- I mean, we have a work**

6  **friendship.**

7     Q.  Sure.  But do you see each other outside

8  of work, maybe at a bar, a cookout, that sort of

9  thing?

10     **A.  No.**

11     Q.  Fair enough.  But friendly certainly at

12  work?

13     **A.  Sure, yes.**

14     Q.  Okay.  Now, describe the two roles for

15  me.  What does the advance person do and what

16  does the protection person do, just from a

17  thousand feet in the air general question?

18     **A.  So basically the advance guy will go**

19  **obviously in advance to wherever -- whatever that**

20  **event is or where we're going.  He does basically**

21  **an overview of where we're going, checks things**

1    out.  **The protection guy is basically, he'll**

2    **assume the duty of protecting the lieutenant**

3    **governor, anyone approaching him or whatever,**

4    **whoever is a threat.**

5         Q.  And so the protection person -- and

6    again, you have the knowledge and experience, not

7    me.  But I'm going to make some assumptions to

8    try to move the deposition along and ask you if

9    they're correct.  If they aren't, tell me.  But

10   the protection person it sounds like maintains a

11   relatively short distance between him and the

12   lieutenant governor, stays relatively physically

13   close in order to perform his role as protection.

14   Is that right?

15        **A.  For the most part, yes.**

16        Q.  And then the advance person is the

17   person who is more remote and goes and checks out

18   maybe the path of movement or a location where

19   they're going to go to; is that generally right?

20        **A.  Yes.**

21        Q.  Speaking of the advance person now, does

1     Q.   Okay.   What is it?

2     **A.   It's our schedule.**

3     Q.   It's been explained to me that there's a

4  schedule that's prepared in advance and then it

5  is corrected or changed if people are out sick or

6  got in a car wreck or whatever, couldn't make it

7  to work for whatever reason.   Do you know whether

8  this is the advance one, the final one?   Do you

9  have any idea one way or the other looking at it?

10    **A.   No.**

11    Q.   Have you ever seen this document before?

12    **A.   This particular one, no.**

13    Q.   But you've seen documents of this type?

14    **A.   Yes.**

15    Q.   All right.   Looking at Monday, February

16  5th, can you tell me who was working protection

17  for the lieutenant governor?

18    **A.   That was me, sir.**

19    Q.   Okay.

20    **A.   Well, I guess it would be me.   If you**

21  **were to draw a straight line, but --**

1    final version, is there any indication on here

2    that would help narrow it down as to who might

3    have subbed in for Shusko, assuming somebody did?

4         **A.  According to this document, not by**

5    **memory --**

6         Q.  I hear you.

7         **A.  -- would be Roby and DeCerbo.**

8         Q.  All right.  In other words, the way this

9    is written, it suggests to you it was one of

10   those people who subbed in for Shusko; is that

11   what you're telling me?

12        **A.  Yes.**

13        Q.  All right.  And I'll tell you that's

14   what he told me too.  That's why I brought those

15   to your attention.

16             Looking at this document, is there

17   anybody else who you think might have subbed in

18   for him, if somebody did.  And I don't even know

19   if they did it, so I'm not suggesting it.

20        **A.  According to this document, no.**

21        Q.  Do you remember working this day,

1    lieutenant governor was that this particular

2    group might have an unpleasant message for him or

3    one he didn't want to hear; is that right.

4          He says, possible, yes.

5          **A.   Okay.**

6          Q.   Later in the same deposition he's asked,

7    that's what you were communicating when you said

8    that the executive protection people didn't want

9    the picketers to give them a bunch of stuff for

10   whatever reason.

11         Correct.

12         In communicating that, the intent was

13   obviously that they, they refers to the Maryland

14   capitol police, would send a trooper out and do

15   whatever could be done to try to avoid the

16   interaction.

17         Correct.

18         So would you ever, without at least

19   consulting with your protectee, direct that

20   officers be sent out to move people because they

21   might have a message that the protectee didn't

1   want to hear.

2          **A.   No.**

3          MR. FREDRICKSON:  Objection to the form

4   of the question.  Objection to the improper

5   reading of the transcript.  I don't know why we

6   have to keep inserting words into the transcript,

7   especially references to and explanations for

8   pronouns.  It's a totally improper question.

9          Q.  Your answer was no?

10         **A.  No, I don't --**

11         MR. FREDRICKSON:  Do you understand the

12   question?

13         MR. HANSEL:  No, no, no.  That's not how

14   this works.

15         MR. FREDRICKSON:  It does work.  Because

16   you don't want to have an improper incorrect

17   transcript.  You said it at the beginning.

18         MR. HANSEL:  He answered the question.

19         MR. FREDRICKSON:  You asked him a

20   question that takes you a minute and a half and

21   you improperly read the deposition.

1          **A.   How would I know that?**

2               MR. FREDRICKSON:   Exactly.

3          Q.   Unless you what, consulted with the

4     lieutenant governor, right?

5               MR. FREDRICKSON:   Objection to the form

6     of the question, hypothetical.

7               MR. HANSEL:   Counsel, I'm going to ask

8     you that you stick to one word.   I understand

9     objection to incorporate all kinds of things.

10              MR. FREDRICKSON:   I can explain my

11    objection to the point I want to.

12              MR. HANSEL:   I disagree.

13         **A.   That's more an opinion than --**

14         Q.   That's fine.   I still need an answer.

15    Would you ever, without consulting the lieutenant

16    governor, call the mansion to tell them that

17    particular picketers have a message he might

18    find --

19         **A.   That's where you lose me right there.**

20         Q.   Go ahead.

21         **A.   How do I know it's an unpleasant**

1    **message.  I never made a call.  I never made that**

2    **kind of a call.  It goes case by case.  Would I?**

3    **I could not tell you.**

4         Q.  And the only way you would know if he

5    found it unpleasant or he didn't want to hear it

6    would be if he told you?

7              MR. FREDRICKSON:  Objection.  Who is he?

8              MR. HANSEL:  The lieutenant governor.

9              MR. FREDRICKSON:  There's nothing in

10   that transcript that says lieutenant governor.

11             MR. HANSEL:  We're looking at it and it

12   does.

13        **A.  As far as unpleasant message, I mean,**

14   **I've never had that.**

15        Q.  So you wouldn't know whether it was a

16   message he didn't want to hear unless he told

17   you; is that right?

18             MR. FREDRICKSON:  Objection to the form

19   of the question.

20        **A.  A question that he would not want to**

21   **hear.  Yes, I mean, you would have to talk to**

1    **him.**

2         Q.   Who is him?

3         **A.   You would have to talk to the person you**

4    **want to know the information, the lieutenant**

5    **governor.   I don't know how else to answer that.**

6         Q.   Me neither.

7         **A.   That's an opinion.**

8         Q.   Now, have you ever been party to asking

9    anybody in the mansion to send a trooper out to

10   try to avoid an interaction between a protectee

11   and members of the public?

12         MR. FREDRICKSON:   Objection.   Asked and

13   answered.   Go ahead.

14         **A.   No, no.**

15         Q.   To your knowledge, have you ever had any

16   internal affairs investigations opened against

17   you?

18         **A.   No.**

19         Q.   Is it fair to say that, in terms of the

20   decision-making between the protection team and

21   the protectee, what's the line between the two?

1              IN THE UNITED STATES DISTRICT COURT

2                 FOR THE DISTRICT OF MARYLAND

3

4    JEFF HULBERT, et al.

5              Plaintiffs

6    v.                              CASE NO.:

7    SGT. BRIAN T. POPE, et al.      1:18-CV-02317 GLR

8              Defendants

9    _____/

10

11

12              The deposition of SGT. KEVIN M. ROBY was

13   held on Tuesday, January 21, 2020, commencing at

14   10:00 a.m., at the Offices of Hansel Law, P.C., 2514

15   North Charles Street, Baltimore, Maryland 21218,

16   before Kaleigh Irish, RPR, Notary Public.

17

18

19

20

21   REPORTED BY:  Kaleigh Irish, RPR            **Exhibit C**

1    you're filling in for?  You follow what I'm asking?

2         **A      You mean like what -- if I'm filling in**

3    **for lieutenant governor, what am I doing?**

4         Q      Correct, yeah.

5         **A      So usually advance.**

6         Q      All right.  And just so we're on the same

7    page:

8              As I understand it, the lieutenant

9    governor, in terms of what I think of as direct

10   protection of people who are directly with him, has

11   an advance person and then a person -- they used to

12   call it a body man.  I think they like to call it

13   something else now, but a protection person who is

14   right with him.

15             Is that the team, an advance person and a

16   protection person?

17        **A      Yes.**

18        Q      And so -- and usually, you're advance

19   when you fill in for the lieutenant governor, is

20   that right?

21        **A      Correct.**

Deposition of Sgt. Kevin M. Roby                        Jeff Hulbert, et al. v. SGT. Brian T. Pope, et al.

1    governor intends to walk it, you walk it first.   Is

2    that fair?

3         **A     Correct.**

4         Q     And in my understanding, in Annapolis,

5    there is a lot of cameras available.  Are you able

6    to -- or, do you check out the route on cameras

7    first, or do you just go ahead and walk it?

8         **A     I just walk it.**

9         Q     And then in addition to the protection

10   person and the advance person, my understanding is

11   that executive protection has sort of a dispatch

12   that works out of the governor's mansion.  A couple

13   of different people have suggested that they refer

14   to that person as different things.

15        What do you call that person who is in the

16   governor's mansion relaying radio and telephone

17   traffic for executive protection, the state police

18   employee who is there?

19        **A     We just call them the desk or console.**

20        Q     And as the advance person, do you

21   communicate directly with the desk or console?

Deposition of Sgt. Kevin M. Roby                    Jeff Hulbert, et al. v. SGT. Brian T. Pope, et al.

```
 1        A       Yeah.  I mean, yes.

 2        Q       What kind of issues do you communicate

 3   with the desk or console about as the advance

 4   person?

 5        A       I mean, pretty much just let them know

 6   if -- or, like when the lieutenant governor is en

 7   route or when he gets there.

 8        Q       So the console is kept up-to-date about

 9   the location and movements of your protectee, is

10   that fair?

11        A       Yes.

12        Q       When you're walking a route for a

13   protectee and you encounter picketers or folks with

14   signs, how are they treated?  What's your approach

15   there?

16        A       How are they treated?

17        Q       Well, what's your approach?  What do you

18   do?  In other words, do you call in and check on

19   them, do you talk to them, do you just ignore them?

20   What's your -- what's your typical approach?

21        A       I mean, if they're just holding signs,
```

1    I'm not going to go up and talk to them.

2        Q     Okay.

3        A     Normally, we ignore them.  So if we're

4    just walking by, yeah, I'll keep an -- you know,

5    I'll see what the signs say and walk by.

6        Q     In other words, you just walk by, read

7    whatever the signs are, and keep going.  Is that

8    fair?

9        A     Correct.

10       Q     In terms of -- I'm not quite sure how to

11   frame this question, so let me try to walk you

12   through it and then see if this makes sense.

13            I'm trying to understand who makes what

14   decisions between the protectee and the -- if it

15   matters, we're -- I'm talking about the lieutenant

16   governor.  And the -- and his executive protection

17   team.

18            So an example is:  If he is going to move

19   between two buildings, I assume the time he is going

20   to move, when he wants to go, scheduling is generally

21   up to him and, you know, absent obviously some

1    emergency.  But it's generally up to him when he is

2    going to move and where he is going to go.

3              Is that fair?  And then you guys have to

4    just basically make sure he is safe doing that.  Is

5    that accurate?

6        **A      I would say it's more on the staff to get**

7    **him from Point A to Point B.**

8        Q      When you say staff, not executive

9    protection, but his --

10       **A      Right, his staff.**

11       Q      Okay.  Good, understood, understood.  But

12   it's not generally a state police decision when the

13   lieutenant governor is going to move between two

14   buildings or which two building he's going to move

15   between, that kind of thing?

16       **A      No, we don't tell him when.  You know,**

17   **it's generally on his staff or him.  When he is**

18   **ready to go, we go.  We're not telling him when.**

19       Q      And what other types of decisions are his

20   versus the executive protection team?  If you can,

21   you know, describe to me.  What decisions does the

1    lieutenant governor and his staff make versus what

2    decisions do you guys make?

3            MR. FREDERICKSON:  Objection.  Go ahead.

4        A    I can answer that?

5            MR. FREDERICKSON:  Yes.

6        A    Okay.

7            MR. FREDERICKSON:  You can.  If you -- if

8    you have facts and you can respond.

9        A    No, no.  I would say there is no decision

10   he tells us to make, you know.  That's about it on

11   that.

12       Q    In other words, there is -- there is --

13   the ultimate authority is the lieutenant governor as

14   the elected official, is that right?

15           MR. FREDERICKSON:  Objection.  You can go

16   ahead.

17       A    Can you repeat it?

18       Q    Sure.  The ultimate authority is the

19   lieutenant governor as the elected official, is that

20   right?

21           MR. FREDERICKSON:  Objection.  Go ahead.

Deposition of Sgt. Kevin M. Roby                                    Jeff Hulbert, et al. v. SGT. Brian T. Pope, et al.

1        **A      Yes.**

2        Q      Going back to my question about

3    picketers, you mentioned reading their signs.  Is

4    that information ever communicated anywhere by you?

5    In other words, what their message is, what they're

6    in favor of or against, what their position is, who

7    they are, that kind of information.

8        **A      I'm sorry, repeat that one.**

9        Q      Sure.  You mentioned reading the signs of

10   picketers --

11       **A      Right.**

12       Q      -- when you're doing your advance work.

13   Do you ever communicate any information about

14   picketers to anyone as you're doing your work?

15       **A      It depends on the situation, but possibly**

16   **to my protection guy.**

17       Q      And what kind information is sometimes

18   shared with the protection guy?

19       **A      Alternate routes we can take, depending**

20   **on the situation.**

21       Q      And what about picketers, just in

Deposition of Sgt. Kevin M. Roby                    Jeff Hulbert, et al. v. SGT. Brian T. Pope, et al.

1        A       Yes.

2        Q       And that -- it's been explained to me --

3                Oh, and if you look down under lieutenant

4    governor, for Sgt. Shisko, you'll see it says SL,

5    which I've been told means sick leave.  It's been

6    explained to me, and I just -- to avoid 50 questions

7    and just make sure we're on the same page:

8                It's been explained to me that this LADV

9    means that you were doing the advance work for the

10   lieutenant governor on the -- in the second half of

11   the day, L being the late shift, for covering for

12   Sgt. Shisko, who was out on sick leave.

13               Does that look like an accurate

14   interpretation of the document?

15       A       Yes.

16       Q       But are you here to tell me -- and we're

17   going to talk about it a little more, so maybe we'll

18   jog your memory.  But at this point, do you remember

19   anything about Monday, February 5, 2018?

20       A       No.

21       Q       All right.  And looking at the document,

1    it looks like you would have been working with TFC

2    Water, is that right?

3         **A      Yes.**

4         Q      And I think we already said you'd be in

5    the later shift working advance, and Water then

6    would be the protection person.  Is that right?

7         **A      Yes.**

8         Q      Based on what we've already talked about,

9    all right.  And when did that later shift start?  Do

10   you -- do you -- generally, when does it start?

11        **A      Generally, it starts around 2:30.**

12        Q      P.m., is that right?

13        **A      Yes.**

14        Q      And how -- is it an eight-hour shift, in

15   general?

16        **A      Generally, yes.**

17        Q      And I understand the nature of your work

18   is that you may get held over, you may get called in

19   early, that kind of thing.

20        **A      Yes.**

21        Q      But generally, it starts at 2:30 and then

1   would go 'til 10:30, approximately, is that right?

2        **A      Yes, sir.**

3        Q      All right.  Have you had a chance to

4   review any documents prior to today in preparation

5   for your testimony?

6        **A      No.**

7        Q      Have you reviewed any depositions?  You

8   may be aware lots of people, you know, gave their

9   deposition the way you're giving one.  Have you

10  reviewed any of those?

11       **A      No.**

12              (A discussion was held off the record.)

13       Q      Have you heard any recordings or seen any

14  video related to this case at all, as far as you

15  know?

16       **A      No.**

17       Q      Other than what I've told you today and

18  other than what your lawyer may have mentioned to

19  you, do you have any idea what it's about?

20       **A      No.**

21       Q      Have you ever heard of a group called

Deposition of Sgt. Kevin M. Roby                    Jeff Hulbert, et al. v. SGT. Brian T. Pope, et al.

1      Q      Have you ever heard of this practice

2  before, before reading it in Ms. Wesby's deposition?

3      **A      No.**

4      Q      Earlier, when we were talking about in

5  most instances there is more than one way to travel

6  between two -- more than one reasonable path --

7              Obviously, there is always more than one

8  way.  People could take a helicopter, and it would be

9  ridiculous.  But more than one, I think we're talking

10  about, reasonable paths between two places in

11  Annapolis.

12              What are the -- is there more than one

13  route between the Miller Building and the statehouse

14  that doesn't take somebody near Lawyers Mall or near

15  the sidewalk to Lawyers Mall?

16      **A      Yes.**

17      Q      And what's the other route that doesn't

18  take them near Lawyers Mall or near the sidewalk to

19  Lawyers Mall?

20      **A      College Avenue to Church Circle to School**

21  **Street to State Circle.**

---

Deposition of Sgt. Kevin M. Roby                    Jeff Hulbert, et al. v. SGT. Brian T. Pope, et al.

1    Q    Is that a lot longer than going through

2    Lawyers Mall or by Lawyers Mall?

3    **A    I wouldn't say it's that much longer, no.**

4    Q    But it's longer?

5    **A    I mean, maybe by a couple minutes.**

6    Q    And the -- can you see the sidewalk in

7    front of Lawyers Mall when you travel that route,

8    College to Church and so forth?

9    **A    Can I see the sidewalk of --**

10   Q    Yeah, in front of -- in other words, if

11   there were people with large signs on the sidewalk

12   in front of Lawyers Mall and you took a protectee on

13   that alternative route, could they still see the

14   signs?

15   **A    No.**

16   Q    And when we took -- let's do it this way.

17   Let's go ahead and mark this.

18        (Roby Exhibit 1 was marked for purposes of

19   identification.)

20   Q    I'll show you what's been marked as Roby

21   Exhibit 1.  And this is the deposition of Cpl. Ryan

1    Bitter, excerpts of it, not the whole thing.  You're

2    welcome to the whole thing if you like, but these

3    are excerpts of it.

4            You mentioned before you knew Cpl. Bitter

5    and had worked with him previously, is that right?

6        **A      Yes.**

7        Q     And on the day I'm interested in -- and I

8    can show you where in the depo, if it matters to

9    you.  But on the day I'm interested in, Cpl. Bitter

10   was working the console.  And if you look at Page

11   112.  Again, the page numbers are in the bottom

12   right.

13           I was asking him about a communication

14   that had come in from what we have determined either

15   would have been you or Water, based on that's who was

16   with the lieutenant governor.  But the question at

17   the top is:

18           "So it had to do in the first instance

19   with avoiding the communication of the message and in

20   the second instance avoiding any unpleasant wording

21   in the message, is that fair?"  He says, "Correct."

Deposition of Sgt. Kevin M. Roby                     Jeff Hulbert, et al. v. SGT. Brian T. Pope, et al.

1          And he had described earlier that he had

2   sent an -- had called capitol police to send an

3   officer out.  And I asked him, "But sending an

4   officer out was to avoid those things, is that

5   right?"  He says, "Correct."

6          And then I asked him, "And that's how it

7   was communicated to you by the people who were with

8   the lieutenant governor, is that right?"  And he

9   says, "Correct."

10          Were you ever part of communicating to

11   anyone at the console that the lieutenant governor

12   wanted to avoid a message that some picketers had on

13   some signs or avoid any unpleasant wording in the

14   message?

15     **A      Not that I recall, no.**

16     Q      Were you ever part of telling Cpl. Bitter

17   that you wanted or somebody wanted an officer sent

18   out from the Maryland capitol police so that the

19   lieutenant governor could avoid interacting with

20   anyone?

21     **A      No.**

Deposition of Sgt. Kevin M. Roby                                    Jeff Hulbert, et al. v. SGT. Brian T. Pope, et al.

1        Q      In situations where there is no threat,

2    have you ever, for any reason, communicated to the

3    Maryland Capitol Police or sent a communication that

4    was intended for them through your chain to send an

5    officer out to picketers, in situations where there

6    was no threat?

7        A      No.

8        Q      And do you agree with me that where there

9    isn't a threat, it would be inappropriate and

10   heavy-handed to send a uniformed officer out?

11          MR. FREDERICKSON:   Objection.   Go ahead.

12       A      Could you repeat it one more time?

13       Q      Sure.   In a situation where there is no

14   illegal activity and no threat, do you agree with me

15   it's inappropriate to send a uniformed officer out

16   for a small group of picketers?

17          MR. FREDERICKSON:   Objection.   You can go

18   ahead.

19       A      If it's just people -- I mean, picketers

20   with signs, I would say we don't need a uniformed

21   officer, no.

## Ashton Zylstra

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Friday, October 25, 2019 4:05 PM |
| **To:** | Ashton Zylstra |
| **Subject:** | FW: Hulbert v Sgt. Pope, et al. |

**From:** Cary Hansel
**Sent:** Thursday, October 17, 2019 1:58 PM
**To:** John Fredrickson -DGS- <john.fredrickson@maryland.gov>
**Subject:** Re: Hulbert v Sgt. Pope, et al.

I agreed, without waiver or limitation, that providing each of these individuals plus the Governor and Lt. Governor with the 8 point list of requested items included in the subpoena and producing what they had was a necessary first step.  Depending on what that elicits, there may be additional steps required, but we can address that issue if and when the need arises.

Best regards,

Cary


-------- Original message --------
From: John Fredrickson -DGS- <john.fredrickson@maryland.gov>
Date: 10/17/19 1:04 PM (GMT-05:00)
To: Cary Hansel <Cary@hansellaw.com>
Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
Subject: Hulbert v Sgt. Pope, et al.

Cary:  Pursuant to our discussion concerning your Notice of Subpoena Duces Tecum to the State, we agreed that in addition to the documents already produced, that I would conduct a reasonable search for additional responsive documents by making inquiry to the addressees listed in email from Chief Wilson.  By my review, those individuals are:

1.   Secretary Churchill

2.   Nelson Reichart

3.   Major Todd May

4.   Capt. Rebecca Labs

5.   Sgt. Dennis Donaldson

6.   Deputy Chief Terry Custer

7.   George White



8.   Jeffrey Ferreira

9.   Nick Cavey

10.  Therese Yewell

11.  Del. Sid Saab

12.  Ellen Robertson

13.  Eric Yealdhall

14.  Walter Landon

15.  Del. Eric Bromwell

Please confirm this list and our understanding as to the State's remaining document production.

As for the MCP directives, I have attached them in pdf.  I will forward a bates paginated document tomorrow.

Best,

John C. Fredrickson
Assistant Attorney General
Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825

**Ashton Zylstra**

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Friday, October 25, 2019 4:04 PM |
| **To:** | Ashton Zylstra |
| **Subject:** | FW: Hulbert |

-----Original Message-----
From: John Fredrickson -DGS- [mailto:john.fredrickson@maryland.gov]
Sent: Wednesday, October 16, 2019 8:49 AM
To: Cary Hansel <Cary@hansellaw.com>
Subject: Re: Hulbert

Cary:  I have a hearing this morning.  Will try and catch up to you around noon.  As for State's documents, we first agreed to October 25th, then last week you wanted them no later than by depositions on 10/21.  I will get them to you as soon as they are received.

John C. Fredrickson
Assistant Attorney General
Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825


On Tue, Oct 15, 2019 at 4:27 PM Cary Hansel <Cary@hansellaw.com> wrote:
>
> John, I would like to speak with you when you have an opportunity.  The cell number is: 301-526-4749.
> Thanks,
> Cary
>
>
>
> -----Original Message-----
> From: Cary Hansel
> Sent: Tuesday, October 15, 2019 3:18 PM
> To: John Fredrickson -DGS- <john.fredrickson@maryland.gov>
> Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
> Subject: RE: Hulbert
>
> John, I thought I'd have the State's document production by now.  When can you get it to me?
> Thanks,
> Cary
>
> -----Original Message-----
> From: John Fredrickson -DGS- [mailto:john.fredrickson@maryland.gov]
> Sent: Friday, October 4, 2019 12:01 PM



> To: Cary Hansel <Cary@hansellaw.com>
> Subject: Re: Hulbert
>
> Will do, thanks
>
> John C. Fredrickson
> Assistant Attorney General
> Maryland Department of General Services
> 300 W. Preston Street, Room 608
> Baltimore, Maryland 21201
> Telephone Number: (410) 767-1825
>
>
>
> On Fri, Oct 4, 2019 at 11:53 AM Cary Hansel <Cary@hansellaw.com> wrote:
> >
> > Sure.  Call the cell anytime today: 301-526-4749.
> >
> > -----Original Message-----
> > From: John Fredrickson -DGS- [mailto:john.fredrickson@maryland.gov]
> > Sent: Friday, October 4, 2019 11:52 AM
> > To: Cary Hansel <Cary@hansellaw.com>
> > Subject: Hulbert
> >
> > Cary:  Let me know if you have a few minutes this p.m. to finalize
> > depo dates, etc.  Thanks,
> >
> > John C. Fredrickson
> > Assistant Attorney General
> > Maryland Department of General Services
> > 300 W. Preston Street, Room 608
> > Baltimore, Maryland 21201
> > Telephone Number: (410) 767-1825

## Ashton Zylstra

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Monday, December 23, 2019 2:18 PM |
| **To:** | Ashton Zylstra |
| **Subject:** | FW: Hulbert v Sgt. Pope |

-----Original Message-----
From: John Fredrickson -DGS- [mailto:john.fredrickson@maryland.gov]
Sent: Monday, October 28, 2019 9:41 AM
To: Cary Hansel <Cary@hansellaw.com>
Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
Subject: Re: Hulbert v Sgt. Pope

Cary:  Good morning.  Although I do not agree with your summary, forward a draft of the motion and I will determine whether to consent to the relief.  In the meantime, I am reviewing the documents I received on Friday.  As I told you then, my office was closed due to a plumbing problem.  The documents must be redacted to exclude some private identifier information and privileged communications.  I should have them to you soon.

Best,

John C. Fredrickson
Assistant Attorney General
Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825

On Fri, Oct 25, 2019 at 3:58 PM Cary Hansel <Cary@hansellaw.com> wrote:
>
> John and Bob, we will be filling a motion to compel associated with the subpoena to the State on Monday, together with a motion seeking a 90-day extension of the discovery deadline.
>
>
>
> A discovery extension is necessary due to the lack of a timely response to the subpoena as well as the fact that the court has not yet resolved the motion related to the Lt. Governor.
>
>
>
> I have called your office a number of times today, but I have not been able to reach you to discuss these matters by telephone.
>
>
>
> I assume you oppose the motion to compel.

1

Exhibit F

>

>

>

> Will you consent to the motion to extend the discovery?

>

>

>

> Thanks,

>

>

>

> Cary

>

>

>

>

>

> CARY J. HANSEL

>

> HANSEL LAW, PC

>

> 2514 North Charles Street

>

> Baltimore, MARYLAND 21218

>

> Direct Dial:  301-461-1040

>

> FACSIMILE:     443-451-8606

>

> Statement of Confidentiality:  The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof.  In addition, this e-mail transmission may be confidential and it may be subject to legal privilege(s) protecting communications between attorneys and their clients or amongst attorneys and/or their staff.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.

>

> Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any.  Thank you.

>

> _____

>

>

>

>

>

>

>

>

>

>

**Ashton Zylstra**

---

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Monday, December 23, 2019 2:17 PM |
| **To:** | Ashton Zylstra |
| **Subject:** | FW: Hulbert v Sgt. Pope |

-----Original Message-----
From: John Fredrickson -DGS- [mailto:john.fredrickson@maryland.gov]
Sent: Friday, October 25, 2019 3:06 PM
To: Cary Hansel <Cary@hansellaw.com>
Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
Subject: Hulbert v Sgt. Pope

Cary:  I was in court in the a.m and my office is closed due to a plumbing problem.  In my email I see that I received documents from at least two people from our list. All of the recently delivered documents appear to be duplicates of those produced earlier.
Regardless, I will forward copies as soon as I return to the office.

Best,

John C. Fredrickson
Assistant Attorney General
Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825

Exhibit G

1

**Ashton Zylstra**

---

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Monday, October 28, 2019 5:39 PM |
| **To:** | Ashton Zylstra |
| **Subject:** | Fwd: Hansel v Sgt. Pope |
| **Attachments:** | 1 of 5 prod 10-28-19.pdf; 2 of 5 prod 10-28-19.pdf; 3 of 5 prod 10-28-19.pdf |

-------- Original message --------
From: John Fredrickson -DGS- <john.fredrickson@maryland.gov>
Date: 10/28/19 4:12 PM (GMT-05:00)
To: Cary Hansel <Cary@hansellaw.com>
Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>, Tiana Boardman <info@hansellaw.com>
Subject: Hansel v Sgt. Pope

Cary:  Attached is the first set of additional documents produced by
the State.  I will have them bates numbered tomorrow.

John C. Fredrickson
Assistant Attorney General
Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825

Exhibit H

1

**Ashton Zylstra**

---

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Monday, October 28, 2019 5:39 PM |
| **To:** | Ashton Zylstra |
| **Subject:** | Fwd: Hubert v Sgt. Pope |
| **Attachments:** | 4 of 5 prod 10-28-19.pdf; 5 of 5 prod 10-28-19.pdf |

-------- Original message --------
From: John Fredrickson -DGS- <john.fredrickson@maryland.gov>
Date: 10/28/19 4:13 PM (GMT-05:00)
To: Cary Hansel <Cary@hansellaw.com>
Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>, Tiana Boardman <info@hansellaw.com>
Subject: Hubert v Sgt. Pope

Cary:  Attached is the second set of additional documents produced by
the State.

Best,

John C. Fredrickson
Assistant Attorney General
Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825

Exhibit I

1

**Ashton Zylstra**

---

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Monday, December 23, 2019 2:14 PM |
| **To:** | Ashton Zylstra |
| **Subject:** | FW: Hulbert v Sgt. Pope, et al |

---

**From:** Cary Hansel
**Sent:** Monday, November 4, 2019 3:37 PM
**To:** John Fredrickson -DGS- <john.fredrickson@maryland.gov>
**Subject:** Re: Hulbert v Sgt. Pope, et al

When can I expect the additional responsive documents?

When can I expect the identity of the caller from the "Mansion"?

When can we speak by phone?

-------- Original message --------
From: John Fredrickson -DGS- <john.fredrickson@maryland.gov>
Date: 11/4/19 3:33 PM (GMT-05:00)
To: Cary Hansel <Cary@hansellaw.com>
Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
Subject: Hulbert v Sgt. Pope, et al

Cary:  Attached is the bates numbered version of the document production that was forwarded to you last week.

Best,

John C. Fredrickson
Assistant Attorney General
Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825

Exhibit J

1

**Ashton Zylstra**

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Monday, December 23, 2019 2:18 PM |
| **To:** | Ashton Zylstra |
| **Subject:** | FW: Hulbert v. Pope |

-----Original Message-----
From: John Fredrickson -DGS- [mailto:john.fredrickson@maryland.gov]
Sent: Tuesday, November 5, 2019 12:43 PM
To: Cary Hansel <Cary@hansellaw.com>
Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
Subject: Re: Hulbert v. Pope

Cary:  As always, I appreciate our discussions.  However, I do not agree with your summary of our conversation on 11/4.
Please note:
1.  My offer to determine which Executive Protection officers were scheduled to be on duty at the Mansion on 2/5/18 is
not related to my client's document production.
2.  My client does not control whether an Executive Protection officer will appear or not for a deposition and I do not
have authority to commit to such a deposition or an extension of discovery regarding such a deposition.
3.  My client will continue to produce the documents that we agreed to produce.

I look forward to talking with you later today.


John C. Fredrickson
Assistant Attorney General
Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825

Exhibit K

On Mon, Nov 4, 2019 at 8:36 PM Cary Hansel <Cary@hansellaw.com> wrote:
>
> John, thank you for taking my call today.
>
>
>
> You told me that you have additional documents to produce which are responsive to our discovery requests and that
they would be forthcoming.  Please produce them.
>
>
>
> You also told me that you had called the Maryland State Police to obtain documents sufficient to identify the caller
from the "Mansion" who called regarding the Hulberts on February 5, 2018.  You said that you would call again and

1

follow up.  You told me that you desired to know his identity as well.  You voiced no objection to producing documents sufficient to identify the caller.  Please produce them.

>

>

>

> As you know, we have a motion to compel pending.  Please produce all responsive documents identified in the motion.

>

>

>

> You told me that despite being the lawyer with an appearance entered in the case for your client, that you were not authorized by the Office of the Attorney General to consider the discovery extension or the deposition of the Mansion caller once identified (despite my having waited over a week for your response).

>

>

>

> I asked who I could speak with who has such authority and you declined to tell me.  You did, however, promise to get back to me tomorrow after 1 p.m. regarding these issues.  I look forward to your call.

>

>

>

> If you are not going to be provided with authority to deal with routine matters on behalf of your client, then I would again ask that I be provided with the name and contact information for the lawyer so authorized.  Compliance with a variety of the Court's rules, and, in particular, the local rules, often requires me to speak with whomever has authority to address the issue at hand (including discovery matters like those I raised earlier).

>

>

>

> My office will have requests for admission to you shortly this evening.  Please answer them promptly.  We will not permit any extensions given that the last extension we provided resulted in an inadequate production and the necessity of a motion to compel.

>

>

>

> Best regards,

>

>

>

> Cary

>

>

>

>

>

> CARY J. HANSEL

>

> HANSEL LAW, PC

>

> 2514 North Charles Street

>

> Baltimore, MARYLAND 21218

>

> Direct Dial:  301-461-1040

>

> FACSIMILE:    443-451-8606

>

> Statement of Confidentiality:  The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof.  In addition, this e-mail transmission may be confidential and it may be subject to legal privilege(s) protecting communications between attorneys and their clients or amongst attorneys and/or their staff.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.

>

> Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any.  Thank you.

>

> _____

>

>

>

>

**Ashton Zylstra**

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Monday, December 23, 2019 2:13 PM |
| **To:** | Ashton Zylstra |
| **Subject:** | FW: Discovery / Mansion Caller |

**From:** Cary Hansel
**Sent:** Wednesday, November 6, 2019 3:08 PM
**To:** John Fredrickson -DGS- <john.fredrickson@maryland.gov>; Robert McFarland -DGS-
<robert.mcfarland@maryland.gov>
**Subject:** Discovery / Mansion Caller

After our call, I understood your view of the Court's direction from earlier today to be that you are to provide me with the name of the mansion caller within one week from today.  If I am mistaken about your recollection of the Court's direction, please let me know.

I also understand that you agree that the caller may be deposed after his name is provided.  Again, if I am mistaken, please let me know.

Best regards,

Cary

CARY J. HANSEL
HANSEL LAW, PC
2514 NORTH CHARLES STREET
BALTIMORE, MARYLAND 21218
DIRECT DIAL:  301-461-1040
FACSIMILE:    443-451-8606

Statement of Confidentiality:  The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof.  In addition, this e-mail transmission may be confidential and it may be subject to legal privilege(s) protecting communications between attorneys and their clients or amongst attorneys and/or their staff.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.

Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any.  Thank you.



## Ashton Zylstra

**From:** Cary Hansel
**Sent:** Monday, December 23, 2019 2:13 PM
**To:** Ashton Zylstra
**Subject:** FW: Discovery Meeting
**Attachments:** 40- Motion to Compel Discovery.pdf; 41- Motion for EOT to Complete Discovery.pdf

**From:** Cary Hansel
**Sent:** Wednesday, November 6, 2019 3:06 PM
**To:** John Fredrickson -DGS- <john.fredrickson@maryland.gov>; Robert McFarland -DGS-
<robert.mcfarland@maryland.gov>
**Subject:** RE: Discovery Meeting

Gentlemen, thank you for taking my second call this afternoon.

We agreed that I will be in your offices at 10 a.m.  this Friday, November 8, 2019 to discuss my discovery concerns, which are raised in the two motions attached to this e-mail.  These motions were previously served on you on October 28, 2019.

In places, the motion discusses "requests for production of documents," when referencing the subpoena to the State.  Obviously, the motion involves the subpoena to the State.  I will correct this before filing.

In any event, because the motion does not involve interrogatories or document requests, I do not believe that we must comply with Rule 104.8(a), which would require you to serve a response to me within 14 days before I file this motion with the court.  If you disagree and believe that I must wait for a written response from you after our meeting on Friday, please let me know.

I request your consent to the relief sought therein, including the extension of the discovery deadline and I request that you provide the documents sought therein.

Given the efforts required to date to secure production of long-promised material (including the identity of the mansion caller first promised during the August 19, 2019 deposition of Sgt. Pope), we will seek sanctions if the filing of the attached Motion to Compel is necessary.

If you believe that any further efforts are required under Local Rules 104.7 and 104.8, or otherwise, please let me know at your earliest convenience.

I look forward to the receipt of the identity of the Mansion caller, which you have agreed to provide.

As you, know, I will need to depose the caller and any relevant witnesses he identifies.  I would ask that you provide a date at least for the deposition of the mansion caller now so that we can get it on our calendars.

Best regards,

Cary



CARY J. HANSEL
HANSEL LAW, PC
2514 NORTH CHARLES STREET
BALTIMORE, MARYLAND 21218
DIRECT DIAL:   301-461-1040
FACSIMILE:     443-451-8606

Statement of Confidentiality:  The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof.  In addition, this e-mail transmission may be confidential and it may be subject to legal privilege(s) protecting communications between attorneys and their clients or amongst attorneys and/or their staff.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.

Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any.  Thank you.

---

**From:** Cary Hansel
**Sent:** Wednesday, November 6, 2019 1:33 PM
**To:** John Fredrickson -DGS- <john.fredrickson@maryland.gov>; Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
**Subject:** RE: Discovery Meeting

I also just left a telephone message for John making this same request.  Please return my call at your earliest convenience.  My direct mobile number, which you have, is: 301-526-4749.

Best regards,

Cary

CARY J. HANSEL
HANSEL LAW, PC
2514 NORTH CHARLES STREET
BALTIMORE, MARYLAND 21218
DIRECT DIAL:   301-461-1040
FACSIMILE:     443-451-8606

Statement of Confidentiality:  The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof.  In addition, this e-mail transmission may be confidential and it may be subject to legal privilege(s) protecting communications between attorneys and their clients or amongst attorneys and/or their staff.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.

Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any.  Thank you.

---

**From:** Cary Hansel
**Sent:** Wednesday, November 6, 2019 12:16 PM
**To:** John Fredrickson -DGS- <john.fredrickson@maryland.gov>; Robert McFarland -DGS-
<robert.mcfarland@maryland.gov>
**Subject:** Discovery Meeting

I would like to schedule a meeting to discuss  the defendants' discovery deficiencies as outlined in our recent filed
motion, which you have been provided through the court's electronic filing system.  Please provide a location where you
would like to meet and your available dates and times over the course of the next week.

Thank you,

Cary

CARY J. HANSEL
HANSEL LAW, PC
2514 NORTH CHARLES STREET
BALTIMORE, MARYLAND 21218
DIRECT DIAL:  301-461-1040
FACSIMILE:      443-451-8606

Statement of Confidentiality:  The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof.  In addition, this e-mail
transmission may be confidential and it may be subject to legal privilege(s) protecting communications between attorneys and their clients or amongst attorneys
and/or their staff.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce,
distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.

Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality.  If you have received this
transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any.  Thank you.

## Ashton Zylstra

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Monday, December 23, 2019 2:12 PM |
| **To:** | Ashton Zylstra |
| **Subject:** | FW: Hulbert v. Pope |

**From:** Cary Hansel
**Sent:** Wednesday, November 13, 2019 12:30 PM
**To:** John Fredrickson -DGS- <john.fredrickson@maryland.gov>; Robert McFarland -DGS-
<robert.mcfarland@maryland.gov>
**Subject:** Re: Hulbert v. Pope

Gentlemen, I look forward to our call tomorrow to discuss everything in my email below.

If you have documents to produce or dates to suggest today, that would allow our call to be more streamlined and focused.

Best regards,

Cary


-------- Original message --------
From: Cary Hansel <Cary@hansellaw.com>
Date: 11/8/19 2:42 PM (GMT-05:00)
To: John Fredrickson -DGS- <john.fredrickson@maryland.gov>, Robert McFarland -DGS-
<robert.mcfarland@maryland.gov>
Subject: Hulbert v. Pope


Gentlemen, thank you for taking the time to meet with me regarding discovery for over an hour and a half earlier today.


I am writing to summarize our discussion and the agreements reached.


First, you provided me with the name of the caller from the mansion, who was Trooper Cpl. Ryan Bitters.  We agreed that he would be made available for a deposition.  I gave you November 21 (pm), Nov. 22 and Dec. 4 and 5 as potential deposition dates, all of which were available for defense counsel who intended to appear.  We agreed that you would check these dates with Cpl. Bitter and get back to me on or before Thursday of next week to finalize plans for the deposition.



We also agreed that, on or before Thursday of next week, you would give me an idea of what Cpl. Bitter was going to say so that we could discuss an appropriate discovery extension on Thursday.  I understand that you will agree to an extension of discovery, with the only remaining issue being the length of the extension.

We also agreed to discuss extending the dispositive motions deadline on Thursday to reflect whatever extension of discovery was agreed upon at that time.

As for the open subpoena to the State, I went through it with you and highlighted the relevant deficiencies.  You let me know that you had additional documents to produce, but that they were being reviewed for privilege.  I look forward to receiving them.  You mentioned that you hope to get them to me by Thursday of next week.  I will not file a motion regarding these documents until after Thursday to give you a chance to produce them at that time.

You also mentioned that you needed to follow up internally to check and see if there were any further documents.

Despite the breadth of the subpoena, I understand that to date, you have limited your search to the individuals listed in Chief Wilson's initial e-mail production.  I object to this as insufficient and we agreed to attempt the following resolution:

The State will search for e-mails sent or received by anyone using State e-mail addresses from February 5, 2018 to March 5, 2018 (inclusive) which mention any of the following terms: Hulbert, Hulberts, Hulbert's, Patriot Picket, Patriot Picketer, Patriot Picketers, and/or Lawyer's Mall.  Without waiving any rights or limiting the subpoena in any way, I did agree that this would be a reasonable next step, after which we made need to seek further responsive information.

I invited you to let me know, by Thursday, whether the approach outlined above carried with it any unforeseen technical difficulties and, if so, to raise them during our call on Thursday so that they can be resolved.

I agreed to forbear from filing any further discovery motions until after our discussion on Thursday, but I explained that I believe that I am compelled to file one shortly thereafter if these issues are not resolved on Thursday.

I let you know that I am available from 9 am to 10 pm and from 2 pm until at least 7 pm on Thursday on by direct mobile number: 301-526-4749.  I look forward to your call.

Please let me know if I have not accurately reflected our conversation and agreements above.


Best regards,


Cary


Cary J. Hansel

Hansel Law, PC

2514 North Charles Street

Baltimore, Maryland 21218

Direct Dial:   301-461-1040

Facsimile:      443-451-8606

Statement of Confidentiality:  The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof.  In addition, this e-mail transmission may be confidential and it may be subject to legal privilege(s) protecting communications between attorneys and their clients or amongst attorneys and/or their staff.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.

Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any.  Thank you.

**Ashton Zylstra**

---

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Monday, December 23, 2019 2:12 PM |
| **To:** | Ashton Zylstra |
| **Subject:** | FW: Hulbert v Sgt. Pope |

---

**From:** Cary Hansel
**Sent:** Friday, November 15, 2019 10:36 AM
**To:** John Fredrickson -DGS- <john.fredrickson@maryland.gov>
**Cc:** Robert McFarland -DGS- <robert.mcfarland@maryland.gov>; Tiana Boardman <info@hansellaw.com>
**Subject:** Re: Hulbert v Sgt. Pope

Let's do the depo on December 10.  Tiana wil send notices and a subpoena today.  I assume you will accept for the dependent.  If not, please advise.
Thanks


-------- Original message --------
From: John Fredrickson -DGS- <john.fredrickson@maryland.gov>
Date: 11/14/19 3:45 PM (GMT-05:00)
To: Cary Hansel <Cary@hansellaw.com>
Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
Subject: Hulbert v Sgt. Pope

Cary:  Today we proposed that the deposition of Sgt. Bitter would be conducted on either 12/10 or 13.  We proposed extended dates for requests for admissions (7 days after the last depo and giving you the option to revise those you previously issued), discovery deadline (1/31/20) and dispositive motion deadline of 3/31/20.  We continued our discussion of refining the scope of your document subpoena to the State.  I understand that we generally agree on the foregoing but, we will continue our discussion at a mutually convenient point.  Unfortunately, I have "walk in" duty for OAG tomorrow and I will have limited availability.

Best,


John C. Fredrickson
Assistant Attorney General
Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825

Exhibit O

1

**Ashton Zylstra**

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Monday, December 23, 2019 2:11 PM |
| **To:** | Ashton Zylstra |
| **Subject:** | FW: Hulbert v Sgt. Pope |

**From:** Cary Hansel
**Sent:** Monday, December 9, 2019 9:01 AM
**To:** Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
**Cc:** John Fredrickson -DGS- <john.fredrickson@maryland.gov>; Scott, Robert <rscott@oag.state.md.us>
**Subject:** RE: Hulbert v Sgt. Pope

Thank you.

-------- Original message --------
From: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
Date: 12/9/19 8:47 AM (GMT-05:00)
To: Cary Hansel <Cary@hansellaw.com>
Cc: John Fredrickson -DGS- <john.fredrickson@maryland.gov>, "Scott, Robert" <rscott@oag.state.md.us>
Subject: Re: Hulbert v Sgt. Pope

We will be meeting tomorrow at your office for Cpl Bitter's deposition. We can discuss matters then.

On Fri, Dec 6, 2019 at 2:38 PM Cary Hansel <Cary@hansellaw.com> wrote:

> Gentlemen, when can I expect the long-promised responses to my subpoena?
>
> When can we meet to discuss the deficiencies in your responses to requests for admission?
>
> Please respond.
>
> Best regards,
>
> Cary
>
>
> CARY J. HANSEL
> HANSEL LAW, PC
> 2514 NORTH CHARLES STREET
> BALTIMORE, MARYLAND 21218
> DIRECT DIAL:  301-461-1040
> FACSIMILE:    443-451-8606

Exhibit P

> Statement of Confidentiality:  The contents of this e-mail message and its attachments are intended solely for
> the addressee(s) hereof.  In addition, this e-mail transmission may be confidential and it may be subject to legal
> privilege(s) protecting communications between attorneys and their clients or amongst attorneys and/or their

staff.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.

Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any.  Thank you.

-----Original Message-----
From: Cary Hansel
Sent: Wednesday, December 4, 2019 5:34 PM
To: John Fredrickson -DGS- <john.fredrickson@maryland.gov>
Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
Subject: RE: Hulbert v Sgt. Pope

John, you have my well wishes under separate cover.

As to your responses, please amend them to comply with the rules of this court.

First, your client ironically objected to my use of the word "true," claiming not to know what it means.  Please explain why he does not understand the word, "true."

Second, as to your responses to Kevin Hulbert, you wrote as follows in connection with No. 4:

4)  Request:  No Maryland Capital Police Officer known to the defendants observed Kevin Hulbert commit any of the offenses reflected in the Maryland Capital Police citations of February 5, 2018.
Response: Defendant objects to this request because it is vague, contains undefined terms (e.g., "citations of February 5, 2018"), requests an admission from the "defendants"
which is not the equivalent of the Defendant, requests an admission from an individual who does not have personal knowledge of the activities of Kevin Hulbert on February 5,
2018 or the activities of the Maryland Capitol Police officers who observed Mr. Hulbert and seeks a legal conclusion based on what others may have observed. Without waiving any objection, Defendant has made reasonable inquiry and the information he knows or can readily obtain is insufficient to enable him to either admit or deny the request for admission.

Your response is not tenable.  The request was to admit that your client did not know of any such witnesses.  He was called on to admit or deny that  "No Maryland Capital Police Officer known to the defendants observed Kevin Hulbert commit any of the offenses reflected in the Maryland Capital Police citations of February 5, 2018."  It is not possible that he is unable to admit or deny whether he knows of any such witnesses.  The question is limited to your client's own personal knowledge. Please respond appropriately.

The same applies to #5 as to Kevin Hulbert and the following requests from Jeff Hulbert: #5 and #6.

As to #6 related to Kevin Hulbert, your response does not fairly meet the request.  It isn't sufficient to state that your client Is not aware of any witnesses not disclosed in discovery.  He is instead, called upon to admit that he is "unaware of any witnesses who observed Kevin Hulbert commit any of the offenses reflected in the Maryland Capital Police citations of February 5, 2018."

The same applies to #7 as to Kevin Hulbert and the following requests from Jeff Hulbert: #7 and #8.

On what grounds does your client deny #9, #15 , #16, #20 and #22 as to Kevin Hulbert and #10 & #16 as to Jeff?  The rules require grounds in these circumstances.  The same is true for many of your other denials as to both Plaintiffs.  Please provide appropriate grounds where required.

We will seek sanctions for your failure to admit matters admitted by your client in his deposition, as well as all matters for which you have no grounds for a denial unless you amend your responses accordingly.

Likewise, while you raise in in multiple responses, "seeking a legal conclusion" is not a valid objection.

I would also like to meet, in person, at your earliest convenience, to discuss your client's failure to appropriately respond.  I will travel to your office for this purpose.  Please provide dates when you are available.

Best regards,

Cary


CARY J. HANSEL
HANSEL LAW, PC
2514 NORTH CHARLES STREET
BALTIMORE, MARYLAND 21218
DIRECT DIAL:   301-461-1040
FACSIMILE:     443-451-8606
Statement of Confidentiality:  The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof.  In addition, this e-mail transmission may be confidential and it may be subject to legal privilege(s) protecting communications between attorneys and their clients or amongst attorneys and/or their staff.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.
Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any.  Thank you.

_____



-----Original Message-----
From: John Fredrickson -DGS- [mailto:john.fredrickson@maryland.gov]
Sent: Wednesday, December 4, 2019 5:07 PM

To: Cary Hansel <Cary@hansellaw.com>
Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
Subject: Hulbert v Sgt. Pope

Cary:  I hope you and family had a great Thanksgiving.   Attached are
pdf copies of Chief Wilson's responses to RFAs from the Hulberts.
Hard copies in the mail.

Best,


John C. Fredrickson
Assistant Attorney General
Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825



--
Robert A. McFarland
Office of the Attorney General
Dept. of General Services
(410) 767-4514

## Ashton Zylstra

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Monday, December 23, 2019 2:10 PM |
| **To:** | John Fredrickson -DGS- |
| **Cc:** | Ashton Zylstra |
| **Subject:** | RE: Hulbert |

John, given that State offices are closed tomorrow, should we expect these items today?

Thanks,

Cary


-----Original Message-----
From: Cary Hansel
Sent: Wednesday, December 18, 2019 2:19 PM
To: John Fredrickson -DGS- <john.fredrickson@maryland.gov>
Subject: RE: Hulbert

I'll look forward to your substantive responses on or before Dec. 24th in that case.  Please also provide deposition dates at that time.

Best regards,

Cary


CARY J. HANSEL
HANSEL LAW, PC
2514 NORTH CHARLES STREET
BALTIMORE, MARYLAND 21218
DIRECT DIAL:  301-461-1040
FACSIMILE:    443-451-8606

Statement of Confidentiality:  The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof.  In addition, this e-mail transmission may be confidential and it may be subject to legal privilege(s) protecting communications between attorneys and their clients or amongst attorneys and/or their staff.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.

Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any.  Thank you.


-----Original Message-----



1

From: John Fredrickson -DGS- [mailto:john.fredrickson@maryland.gov]
Sent: Wednesday, December 18, 2019 2:13 PM
To: Cary Hansel <Cary@hansellaw.com>
Subject: Re: Hulbert

Cary:  Thank you for email.  My notes indicate that we set a target time frame of two weeks from 12/10 in order to: 1) consider revisions to RFA responses, 2) Confirm which MSP officer was on detail with the Lt. Gov., and 3) Produce the emails that the Executive indicated would be redacted based on privilege.  I believe we will have these items within the time frame we discussed, or before.

 Best,


John C. Fredrickson
Assistant Attorney General
Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825



On Tue, Dec 17, 2019 at 11:00 AM Cary Hansel <Cary@hansellaw.com> wrote:
>
> Gentlemen, when we met and conferred regarding discovery after the last deposition, you promised to identify the officer with the Lt. Governor who called the mansion and to make him available for deposition.
>
> Who is he and when is he available?
>
> You also both promised to update requests for admission.  I have Bob's proposed updates, but nothing from John.
>
> You also promised to provide the various scheduling documents identified in the deposition. They have not been provided.  When can we expect them?
>
> Finally, you promised, once again, to provide the emails responsive to our outstanding subpoena.  They are months overdue.   When can we expect them?
>
> Thanks,
>
> Cary

## Ashton Zylstra

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Monday, December 23, 2019 5:19 PM |
| **To:** | John Fredrickson -DGS- |
| **Cc:** | Robert McFarland -DGS-; Ashton Zylstra |
| **Subject:** | RE: Hulbert |

What "Executive/Deliberative Process" privilege are you citing?  Can you provide any citations to support such a privilege?

I would like ot meet in person to discuss these issues prior to filing a motion to compel.  Please provide dates and times.

Best regards,

Cary

CARY J. HANSEL
HANSEL LAW, PC
2514 NORTH CHARLES STREET
BALTIMORE, MARYLAND 21218
DIRECT DIAL:  301-461-1040
FACSIMILE:     443-451-8606

Statement of Confidentiality:  The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof.  In addition, this e-mail transmission may be confidential and it may be subject to legal privilege(s) protecting communications between attorneys and their clients or amongst attorneys and/or their staff.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.

Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any.  Thank you.

-----Original Message-----
From: John Fredrickson -DGS- [mailto:john.fredrickson@maryland.gov]
Sent: Monday, December 23, 2019 5:10 PM
To: Cary Hansel <Cary@hansellaw.com>
Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
Subject: Re: Hulbert

Cary:  I was counting on 12/24 as a work day, so I am trying to get you as much as possible today.
Attached please find:



1. Privilege log for NC 01-81

2. NC 01 -81 produced as redacted.  If the entire page was redacted it is not included.

 As for the Executive Protection officers who were likely on the Lt.
Gov's detail on 2/5/18 (Sgt. Shusko and Tfc. Walder), I have been unable to confirm which was on duty.  The assignment/post records are only retained for 6 months.

I plan to forward additions to Col. Wilson's responses to RFPs tomorrow.

I hope you and your family have a wonderful holiday.

John C. Fredrickson  Assistant Attorney General Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825


On Mon, Dec 23, 2019 at 2:10 PM Cary Hansel <Cary@hansellaw.com> wrote:
>
> John, given that State offices are closed tomorrow, should we expect these items today?
>
> Thanks,
>
> Cary
>
> -----Original Message-----
> From: Cary Hansel
> Sent: Wednesday, December 18, 2019 2:19 PM
> To: John Fredrickson -DGS- <john.fredrickson@maryland.gov>
> Subject: RE: Hulbert
>
> I'll look forward to your substantive responses on or before Dec. 24th in that case.  Please also provide deposition dates at that time.
>
> Best regards,
>
> Cary
>
>
> CARY J. HANSEL
> HANSEL LAW, PC
> 2514 NORTH CHARLES STREET
> BALTIMORE, MARYLAND 21218
> DIRECT DIAL:  301-461-1040
> FACSIMILE:    443-451-8606
>
> Statement of Confidentiality:  The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof.  In addition, this e-mail transmission may be confidential and it may be subject to legal privilege(s) protecting communications between attorneys and their clients or amongst attorneys and/or their staff.  If you are not

the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.
>
> Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any.  Thank you.
>
>
>
>
>
> -----Original Message-----
> From: John Fredrickson -DGS- [mailto:john.fredrickson@maryland.gov]
> Sent: Wednesday, December 18, 2019 2:13 PM
> To: Cary Hansel <Cary@hansellaw.com>
> Subject: Re: Hulbert
>
> Cary:  Thank you for email.  My notes indicate that we set a target time frame of two weeks from 12/10 in order to: 1) consider revisions to RFA responses, 2) Confirm which MSP officer was on detail with the Lt. Gov., and 3) Produce the emails that the Executive indicated would be redacted based on privilege.  I believe we will have these items within the time frame we discussed, or before.
>
> Best,
>
>
> John C. Fredrickson
> Assistant Attorney General
> Maryland Department of General Services
> 300 W. Preston Street, Room 608
> Baltimore, Maryland 21201
> Telephone Number: (410) 767-1825
>
>
>
> On Tue, Dec 17, 2019 at 11:00 AM Cary Hansel <Cary@hansellaw.com> wrote:
> >
> > Gentlemen, when we met and conferred regarding discovery after the last deposition, you promised to identify the officer with the Lt. Governor who called the mansion and to make him available for deposition.
> >
> > Who is he and when is he available?
> >
> > You also both promised to update requests for admission.  I have Bob's proposed updates, but nothing from John.
> >
> > You also promised to provide the various scheduling documents identified in the deposition. They have not been provided.  When can we expect them?
> >
> > Finally, you promised, once again, to provide the emails responsive to our outstanding subpoena.  They are months overdue.   When can we expect them?
> >
> > Thanks,
> >
> > Cary

**Ashton Zylstra**

| | |
|---|---|
| **From:** | Cary Hansel |
| **Sent:** | Thursday, January 2, 2020 11:42 AM |
| **To:** | John Fredrickson -DGS- |
| **Cc:** | Ashton Zylstra; Robert McFarland -DGS- |
| **Subject:** | RE: Hulbert v Sgt. Pope, et al |

Happy new year to yout as well!

Please provide depo dates for any officers working with the Lt. Gov when the call was made.
Thanks

-------- Original message --------
From: John Fredrickson -DGS- <john.fredrickson@maryland.gov>
Date: 1/2/20 11:36 AM (GMT-05:00)
To: Cary Hansel <Cary@hansellaw.com>
Subject: Re: Hulbert v Sgt. Pope, et al

Cary:  Happy New Year.  I trust you received my email notice that I
was not in the office earlier this week.  Looks like we will need Bob
and Rob to participate in the discussion.  I will contact them and get
available times next week.  Please let me know your availability as
well.  If we are not all available for a meeting, we should be able to
arrange a conference call.
Although we have narrowed the field of MSP officers who were assigned
to the Lt. Gov's detail in 2/18, none of them recall specifically
working on 2/5/18 or contacting the Mansion about placing a MCP
officer at Lawyers' Mall on that date.  As we have discussed, the MSP
retains its assignment schedules for 6 months.

Best,

John C. Fredrickson
Assistant Attorney General
Maryland Department of General Services
300 W. Preston Street, Room 608
Baltimore, Maryland 21201
Telephone Number: (410) 767-1825

On Mon, Dec 30, 2019 at 2:23 PM Cary Hansel <Cary@hansellaw.com> wrote:
>
> Gentlemen, this is at least my third request for a discovery meeting to address your continuing discovery failures.
>
> You provided no dates for a meeting in response to my other requests.
>
> Please respond with your availability this week and next.

1

Exhibit S

> 
> Please also provide deposition dates for the two officers identified by Bitters and please identify the person who called Bitters as you have promised to do.
> 
> Best regards,
> 
> Cary
> 
> 
> 
> 
> -------- Original message --------
> From: Cary Hansel <Cary@hansellaw.com>
> Date: 12/24/19 6:09 PM (GMT-05:00)
> To: John Fredrickson -DGS- <john.fredrickson@maryland.gov>
> Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
> Subject: RE: Hulbert v Sgt. Pope, et al
> 
> Please let me know when we can meet again prior to the filing of my motion.
> 
> I propose the second week in Jan.
> 
> 
> -------- Original message --------
> From: John Fredrickson -DGS- <john.fredrickson@maryland.gov>
> Date: 12/24/19 2:51 PM (GMT-05:00)
> To: Cary Hansel <Cary@hansellaw.com>
> Cc: Robert McFarland -DGS- <robert.mcfarland@maryland.gov>
> Subject: Hulbert v Sgt. Pope, et al
> 
> Cary:  Please do not review and respond to this email before 12/26.
> we will have plenty of time to discuss after the holiday.
> 
> Pursuant to our discussions, I supplement Defendant Wilson's responses
> to RFAs as follows:
> 
> As to Jeff Hulbert RFAs:
> 
> 5: Additional grounds:  Not within scope of discovery in regards to
> the remaining claims asserted against Defendant Wilson.
> 
> 6:  Additional grounds:  Not within scope of discovery in regards to
> the remaining claims asserted against Defendant Wilson.
> 
> 7:  no change
> 
> 8:  no change
> 
>  10: Additional grounds:  Not within scope of discovery in regards to
> the remaining claims asserted against Defendant Wilson.
> 
>  16: Additional grounds:  Not within scope of discovery in regards to

2

> the remaining claims asserted against Defendant Wilson.
>
> As to Kevin hulbert RFAs:
>
> Adds to Kevin:
>
> 9:  Additional grounds:  Not within scope of discovery in regards to
> claims asserted against Defendant Wilson.
>
> 15: Additional grounds:  Not within scope of discovery in regards to
> claims asserted against Defendant Wilson.
>
> 16:  Additional grounds:  Not within scope of discovery in regards to
> claims asserted against Defendant Wilson.
>
> 20:  Additional grounds:  Not within scope of discovery in regards to
> claims asserted against Defendant Wilson.
>
> 22: Additional grounds:  Not within scope of discovery in regards to
> claims asserted against Defendant Wilson.
>
>
>
>
> John C. Fredrickson
> Assistant Attorney General
> Maryland Department of General Services
> 300 W. Preston Street, Room 608
> Baltimore, Maryland 21201
> Telephone Number: (410) 767-1825

**Hulbert v. Pope**

**Lewis, James <jlewis@oag.state.md.us>**

Fri 5/1/2020 5:15 PM

**To:** Cary Hansel <Cary@hansellaw.com>
**Cc:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>

📎 1 attachments (9 MB)

2020-05-01 First Document Production.pdf;

Cary,

Please see attached. We will be producing additional documents next week.

Cordially,

Jim



**Hulbert v. Pope**

Lewis, James <jlewis@oag.state.md.us>

Fri 5/8/2020 5:01 PM

**To:** Cary Hansel <Cary@hansellaw.com>
**Cc:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>

📎 1 attachments (3 MB)

2020-05-08 Second Document Production.pdf;

Cary,

Please see attached. We will be producing additional documents next week.

Cordially,

Jim

**Hulbert v. Pope**

Lewis, James <jlewis@oag.state.md.us>

Fri 5/15/2020 5:04 PM

**To:** Cary Hansel <Cary@hansellaw.com>
**Cc:** Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>; Ashton Zylstra <azylstra@hansellaw.com>

📎 1 attachments (5 MB)

2020-05-15 Third Document Production.pdf;

Cary,

Please see attached. We will be producing additional documents next week.

Cordially,

Jim

**Hulbert v. Pope**

Lewis, James <jlewis@oag.state.md.us>

Fri 5/22/2020 5:27 PM

**To:** Cary Hansel <Cary@hansellaw.com>
**Cc:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>

📎 1 attachments (3 MB)

2020-05-22 Fourth Document Production.pdf;

Cary,

Please see attached. We will be producing additional documents next week.

Cordially,

Jim

Hulbert v. Pope

Lewis, James <jlewis@oag.state.md.us>

Fri 5/29/2020 5:24 PM

**To:** Cary Hansel <Cary@hansellaw.com>
**Cc:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>

📎  1 attachments (10 MB)

2020-05-29 Fifth Document Production.pdf;

Cary,

Please see attached. We will be producing additional documents next week.

Cordially,

Jim

**From:** Rebecca Labs -DGS- <rebecca.labs@maryland.gov>
**To:** Terry Custer -DGS- <terry.custer@maryland.gov>
**Cc:** Michael Wilson -DGS- <michael.wilson@maryland.gov>, Nick Cavey -Dgs-
<nick.cavey1@maryland.gov>, "todd.may@maryland.gov" <todd.may@maryland.gov>
**Subject:** Re: question about 2/5 charges
**Date:** Sat, 10 Feb 2018 09:30:56 -0500
**Inline-Images:** changingMD.png

---

██

███████

On Feb 10, 2018, at 9:26 AM, Terry Custer -DGS- <terry.custer@maryland.gov> wrote:

████

████████████████████████████████



Terry Custer
Deputy Chief, Maryland Capitol
Police
Department of General Services
301 W. Preston S.,  Room M-5
Baltimore, Maryland 21201
Terry.Custer@Maryland.gov
410-767-7450(office)

Click Here to complete a three-
question customer experience
survey.

On Feb 10, 2018, at 8:59 AM, Michael Wilson -DGS- <michael.wilson@maryland.gov> wrote:

████████████████████████

Colonel Michael Wilson
Maryland Capitol Police
Department of General Services
301 W. Preston St.,  Room M-5
Baltimore, Maryland 21201
michael.wilson@maryland.gov
410-767-4677 (office)

**Exhibit U**

On Feb 10, 2018, at 7:35 AM, Terry Custer -DGS- <terry.custer@maryland.gov> wrote:



<changingMD.png>

Terry Custer
Deputy Chief, Maryland Capitol Police
Department of General Services
301 W. Preston S.,  Room M-5
Baltimore, Maryland 21201
Terry.Custer@Maryland.gov
410-767-7450(office)

Click Here to complete a three-question customer experience survey.

On Feb 9, 2018, at 8:53 PM, Bryna Zumer <bzumer@sbgtv.com> wrote:

Hi,
I'm with WBFF FOX45 and I understand charges are being dropped against Jeff and Kevin Hulbert, who were protesting near the State House on Feb. 5.
Could we get more details about this incident, and the police agency's response?

Thank you,

**Bryna Zumer**
**Digital Content Producer**
**FOX45 News WBFF - Baltimore**
2000 West 41st Street, Baltimore, Maryland 21211
Phone: 410.467.5595

## Re: Hulbert v. Pope

Ashton Zylstra <azylstra@hansellaw.com>

Fri 5/29/2020 3:02 PM

**To:** Lewis, James <jlewis@oag.state.md.us>; Cary Hansel <Cary@hansellaw.com>
**Cc:** Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>

Dear John and Jim,

Thank you very much for speaking with me this afternoon.

To briefly summarize our discussion, we discussed the pace of production to date, the redactions of pages 682-683, and the deposition of Allison Mayer.

Regarding the deposition of Allison Mayer, John, could you please confirm if the dates Jim provided yesterday work for you? We will check our schedule and let you know if any of the provided dates work for us as well.

For the Vaughn index, we discussed Jim's intention to hold providing a Vaughn index until the end of production and our request to receive a partial Vaughn index regarding the redactions made on pages 682-683. Jim stated that his concern was the burden of producing partial Vaughn indexes given the number of redactions of dates of birth and social security numbers. I responded that we are not concerned at this juncture about the date of birth and social security number redactions, which can wait to be reflected on the final Vaughn index as formally required, and are solely concerned at this juncture about the redactions on pages 682-683. Jim agreed to send an email later today informally stating the basis of the redactions on pages 682-683, with a formal Vaughn index specifically related to those redactions only either later today or Monday.

Regarding the pace of production, Jim let me know that you had reviewed approximately 30 of 39 total subfiles, give or take 1 or 2. Jim advised that many of the documents were unresponsive and were not produced, and the responsive documents were produced in the documents produced on May 1, May 8, May 15, and May 22. Jim indicated that he could not promise how long the remainder of the review would take, given that the size of each subfile differs. I advised that our concern is having no way of knowing or measuring the amount of production that has been reviewed to date, how much remains, and when the full production may be provided. With that in mind, we would greatly appreciate any updates you may be able to provide moving forward, such as if any of the remaining subfiles turns out to be significantly larger than expected, or when you are nearing the conclusion of your review.

As promised, I spoke with Cary regarding our concerns about the frequency and day and time that production has been produced to date. With everything that we discussed this afternoon about your process and progress in mind, we are fine with receiving once weekly production on Friday afternoons for now.

Thank you again for your time this afternoon.



Best regards,
Ashton

---

**From:** Ashton Zylstra <azylstra@hansellaw.com>
**Sent:** Thursday, May 28, 2020 12:22 PM
**To:** Lewis, James <jlewis@oag.state.md.us>; Cary Hansel <Cary@hansellaw.com>
**Cc:** Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** Re: Hulbert v. Pope

Thank you Jim, I look forward to speaking with you at 2pm tomorrow.

Best regards,
Ashton

---

**From:** Lewis, James <jlewis@oag.state.md.us>
**Sent:** Thursday, May 28, 2020 12:00 PM
**To:** Ashton Zylstra; Cary Hansel
**Cc:** Fredrickson, John; Shaw, Ryan
**Subject:** Re: Hulbert v. Pope

Ashton,

2:00 tomorrow works for me. Below is the call-in information:

- **Conference Dial-in Number: 443-529-0364**
- When prompted, enter the **conference ID 369 154 557,** followed by the pound sign ( **#** ).
- Record your name when prompted.
- Participants dialing-in will wait in the "lobby" until the meeting Leader joins the call.

Cordially,

Jim

---

**From:** Ashton Zylstra <azylstra@hansellaw.com>
**Sent:** Wednesday, May 27, 2020 1:30 PM
**To:** Lewis, James <jlewis@oag.state.md.us>; Cary Hansel <Cary@hansellaw.com>
**Cc:** Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** Re: Hulbert v. Pope

Dear Jim,

Are you available to meet at 2pm on Friday? If not, I am otherwise available all day on Friday and happy to meet at anytime that works for your schedule.

If your preference is to meet using Microsoft Teams, I would very much appreciate if your office could set up the meeting. I have no experience using Microsoft Teams, however, so it may be easier to have an old fashioned conference call if you are amenable to that option.

Thank you!

Best regards,
Ashton Zylstra

---

**From:** Lewis, James <jlewis@oag.state.md.us>
**Sent:** Wednesday, May 27, 2020 12:46 PM
**To:** Cary Hansel <Cary@hansellaw.com>; Ashton Zylstra <azylstra@hansellaw.com>
**Cc:** Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** Re: Hulbert v. Pope

Cary & Ashton,

Thank you for your email. I am happy to meet with Ashton. I have some obligations this afternoon, but I am generally free tomorrow afternoon and most of the day on Friday. I believe our office can set up a meeting through Microsoft Teams or we can schedule an old fashioned conference call.

With respect to depositions of "witnesses newly identified in the documents belatedly produced," I am unaware of any such request. If it was a request sent by email, then please forward me the email.

I do recall that you were interested in the deposition of Allison Mayer, a member of the Lt. Governor's staff. To my knowledge, she was identified in the Lt. Governor's deposition answers. I do not represent her. As you know, Rob Scott has been representing the Lt. Governor in this case. I suggest that you contact Mr. Scott about your request for her deposition.

Cordially,

Jim

---

**From:** Cary Hansel <Cary@hansellaw.com>
**Sent:** Tuesday, May 26, 2020 9:51 PM
**To:** Lewis, James <jlewis@oag.state.md.us>
**Cc:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>;

Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** RE: Hulbert v. Pope

Jim, I am writing to request a discovery conference with you.

We intend to file a motion to compel and for sanctions (given the court's prior directions) raising your inappropriate redactions and your withholding of documents until late Friday of each week instead of producing all available documents immediately.

We will also raise your refusal to respond to our requests for deposition dates related to witnesses newly identified in the documents belatedly produced.

Ashton Zylstra, who is copied here, will handle the meeting. We are happy for it to occur telephonically or via videoconference. Please respond to her for scheduling purposes, copying me.

Thanks,

Cary

CARY J. HANSEL
HANSEL LAW, PC
2514 North Charles Street
Baltimore, MARYLAND 21218
Direct Dial: 301-461-1040
FACSIMILE: 443-451-8606

Statement of Confidentiality: The contents of this e-mail message and its attachments are intended solely for the addressee(s) hereof. In addition, this e-mail transmission may be confidential and it may be subject to legal privilege(s) protecting communications between attorneys and their clients or amongst attorneys and/or their staff. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate, or otherwise use this transmission and to please notify the sender immediately.

Delivery of this message to any person other than the intended recipients is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments, if any. Thank you.

**From:** Cary Hansel
**Sent:** Tuesday, May 26, 2020 9:47 PM
**To:** Lewis, James <jlewis@oag.state.md.us>
**Cc:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** RE: Hulbert v. Pope

Please explain the redactions on pages 682-683 and provide a Vaughn index.

**From:** Lewis, James [mailto:jlewis@oag.state.md.us]
**Sent:** Friday, May 22, 2020 5:28 PM
**To:** Cary Hansel <Cary@hansellaw.com>
**Cc:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>;
Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** Hulbert v. Pope

Cary,

Please see attached. We will be producing additional documents next week.

Cordially,

Jim

**RE: Hulbert v. Pope**

**Cary Hansel <Cary@hansellaw.com>**

Fri 5/29/2020 5:27 PM

**To:** Lewis, James <jlewis@oag.state.md.us>; Ashton Zylstra <azylstra@hansellaw.com>
**Cc:** Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>

Please withdraw your objection and produced the un-redacted materials.  Your objection is untimely.
Moreover, given the individuals on the e-mail and their various roles, the deliberative process privilege
does not apply.

We will draft and serve a motion to compel.  Please let us know if you contend any further meeting
would be productive or is necessary under the rules or otherwise.  We are always happy to meet to
resolve discovery disputes.

Best regards,

Cary

---

**From:** Lewis, James [mailto:jlewis@oag.state.md.us]
**Sent:** Friday, May 29, 2020 5:25 PM
**To:** Cary Hansel <Cary@hansellaw.com>; Ashton Zylstra <azylstra@hansellaw.com>
**Cc:** Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** Re: Hulbert v. Pope

Cary,

I will prepare a formal privilege log concerning these emails for you on Monday. Informally,
the State exerted its executive/deliberative process privileges over these emails because they
are deliberative communications about a response to a press inquiry regarding the incident.

Cordially,

Jim

---

**From:** Cary Hansel <Cary@hansellaw.com>
**Sent:** Thursday, May 28, 2020 3:49 PM
**To:** Lewis, James <jlewis@oag.state.md.us>; Ashton Zylstra <azylstra@hansellaw.com>
**Cc:** Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** RE: Hulbert v. Pope

Please explain the redactions on pages 682-683.  You have obviously already made a decision
to redact this material, which required reviewing it and determining why you believed it was
appropriate to withhold, so this information is available to you now.  Please simply provide it
now.



**From:** Lewis, James [mailto:jlewis@oag.state.md.us]
**Sent:** Thursday, May 28, 2020 3:46 PM
**To:** Cary Hansel <Cary@hansellaw.com>; Ashton Zylstra <azylstra@hansellaw.com>
**Cc:** Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** Re: Hulbert v. Pope

Cary,

I am planning to provide you with a privilege log after all documents have been produced. As to your question about my availability for a deposition, I can be available on June 3, 4, 10, and 11. If you need dates beyond that, please let me know. I am happy to provide additional dates when I am available.

Jim

**From:** Cary Hansel <Cary@hansellaw.com>
**Sent:** Thursday, May 28, 2020 12:07 PM
**To:** Lewis, James <jlewis@oag.state.md.us>; Ashton Zylstra <azylstra@hansellaw.com>
**Cc:** Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** RE: Hulbert v. Pope

Jim, I am writing to once again ask that you please explain the redactions on pages 682-683 and provide a Vaughn index.  I've had no substantive response since my email two days ago.

**From:** Cary Hansel
**Sent:** Tuesday, May 26, 2020 9:47 PM
**To:** Lewis, James <jlewis@oag.state.md.us>
**Cc:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** RE: Hulbert v. Pope

Please explain the redactions on pages 682-683 and provide a Vaughn index.

**From:** Lewis, James [mailto:jlewis@oag.state.md.us]
**Sent:** Friday, May 22, 2020 5:28 PM
**To:** Cary Hansel <Cary@hansellaw.com>
**Cc:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>; Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** Hulbert v. Pope

Cary,

Please see attached. We will be producing additional documents next week.

Cordially,

Jim

**Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_000002 | E-mail | 2/6/2018 | Warren Smith | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000003 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000006 | E-mail | 2/13/2018 | Warren Smith | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000007 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000455 | E-mail | 2/7/2018 | Michael Wilson | Walter Landon | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000458 STATE_000459 | E-mail | 2/6/2018 | Michael Wilson | Walter Landon | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000461 | E-mail | 2/6/2018 | Andre Davis | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000462 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000465 | E-mail | 2/13/2018 | Andre Davis | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |

**Exhibit X**

**Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_000466 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000468 | E-mail | 2/6/2018 | Asia Alexander | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000469 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000472 | E-mail | 2/13/2018 | Asia Alexander | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000473 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000475 | E-mail | 2/6/2018 | Lawrence Barnes | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000476 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000479 | E-mail | 2/13/2018 | Lawrence Barnes | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000480 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |

**Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_000529 | E-mail | 2/6/2018 | Bryan Waser | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000530 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000534 | E-mail | 2/13/2018 | Bryan Waser | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000535 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000643 | E-mail | 2/6/2018 | Eric Yealdhall | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000644 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000647 | E-mail | 2/13/2018 | Eric Yealdhall | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000648 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000657 | E-mail | 2/6/2018 | Matthew Warehime | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |

**Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_000658 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000661 | E-mail | 2/13/2018 | Matthew Warehime | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000662 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000678 | E-mail | 2/13/2018 | Rebecca Labs | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000679 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000682 STATE_000683 | E-mail | 2/10/2018 | Terry Custer cc: Michael Wilson Nick Cavey Todd May | Rebecca Labs | Communication regarding a response to press inquiry regarding the incident. | Executive/Deliberative Process Privilege |
| STATE_000693 | E-mail | 2/13/2018 | Todd May | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000694 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000698 | E-mail | 2/6/2018 | Todd May | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |

**Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_000699 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_001197 | E-mail | 2/6/2018 | Dennis Donaldson | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_001198 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_001203 | E-mail | 2/13/2018 | Dennis Donaldson | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_001204 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_001212 | E-mail | 2/6/2018 | Terry Custer | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_001213 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_001228 | E-mail | 2/13/2018 | Terry Custer | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_001229 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |

## Re: Hulbert v. Pope

Ashton Zylstra <azylstra@hansellaw.com>

Wed 6/3/2020 2:36 PM

**To:** Lewis, James <jlewis@oag.state.md.us>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>; Shaw, Ryan <rshaw@oag.state.md.us>

Dear Jim and John,

Thank you again for speaking with me earlier this afternoon on the discovery issues related to redactions made to date. As a quick summary, we discussed the Plaintiffs' position that (1) the claimed privileges do not apply, (2) the privilege log is insufficient, and (3) that the claim of privilege over the May 22 production was untimely. We discussed that the State objects to each point, and were unable to come to a resolution on these issues.

We are anticipating preparing and serving a Motion to Compel on the above issues covering all redactions made to date within the next week. The basis for each of Plaintiffs' positions above will be substantially similar to the issues raised and briefed in the Plaintiffs' Second Motion to Compel, which we briefed at the end of January through the middle of February.

If your position changes at all during your review of our motion, or if you would like to discuss any of the bases for the Plaintiffs' positions further, please let us know.

Best regards,
Ashton

---

**From:** Lewis, James <jlewis@oag.state.md.us>
**Sent:** Wednesday, June 3, 2020 12:44 PM
**To:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>; Shaw, Ryan <rshaw@oag.state.md.us>
**Subject:** Re: Hulbert v. Pope

All,

Please see below:

- **Conference Dial-in Number: 443-529-0364**
- When prompted, enter the **conference ID 538 161 963,** followed by the pound sign ( **#** ).
- Record your name when prompted.
- Participants dialing-in will wait in the "lobby" until the meeting Leader joins the call.
- Use your device to mute, or use *6 to mute and unmute.

**Exhibit Y**

Jim

---

## Ashton Zylstra

| | |
|---|---|
| **From:** | Lewis, James <jlewis@oag.state.md.us> |
| **Sent:** | Friday, July 17, 2020 9:26 AM |
| **To:** | Ashton Zylstra; Fredrickson, John |
| **Cc:** | Cary Hansel |
| **Subject:** | Re: Hulbert v. Pope |

Ashton,

Thank you for sending an email outlining your position and providing examples. I think it might be worthwhile to keep the call for 10 since we previously set aside the time for it, although I suspect it will be brief in light of the work you've already done. Below is the call-in information:

- **Conference Dial-in Number: 443-529-0364**
- When prompted, enter the **conference ID : 678 728 766,** followed by the pound sign ( **#** ).
- Record your name when prompted.
- Participants dialing-in will wait in the "lobby" until the meeting Leader joins the call.
- Use your device to mute, or use *6 to mute and unmute.

Cordially,

Jim

**From:** Ashton Zylstra <azylstra@hansellaw.com>
**Sent:** Friday, July 17, 2020 9:17 AM
**To:** Lewis, James <jlewis@oag.state.md.us>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>
**Subject:** RE: Hulbert v. Pope

Dear Jim and John,

Please advise if you would like to proceed with our call this morning considering the below, or if you would like to review our position and advise us on your position once you have reviewed. If you think discussing this issue further on a call would be fruitful and would like to proceed with the call scheduled for 10am, if you could circulate a conference dial in it would be very much appreciated. Thank you!

Best regards,
Ashton

**From:** Ashton Zylstra
**Sent:** Thursday, July 16, 2020 4:34 PM
**To:** 'Lewis, James' <jlewis@oag.state.md.us>; 'Fredrickson, John' <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>
**Subject:** RE: Hulbert v. Pope

Dear Jim and John,



1

Please find below the analysis prepared on behalf of the Plaintiffs in advance of our discovery call scheduled for 10am tomorrow morning. As previously discussed, I do not believe that it would be fruitful to further discuss Plaintiffs' contentions premised on issues already briefed in Plaintiffs' Motion to Compel Unredacted Discovery. The only new issue that Plaintiffs are raising is that the deliberative process privilege has been waived with respect to any emails that have been circulated outside the Department of General Services, which is analyzed below.

As you indicated to me that you will need time to review Plaintiffs' position once provided, please let me know if you would prefer to review the analysis below and provide your thoughts next week, or whether you think it would be fruitful to further discuss this issue tomorrow morning. If you prefer to discuss this issue further before reviewing, Jim, it would be much appreciated if you could circulate a conference call dial-in.

It is axiomatic that privileges are waived where the allegedly privileged material is disseminated outside of the sphere of the privilege. The bounds of the privilege is clearly outlined in its purpose: to encourage discussion between an agency decisionmaker and his or her associates. "Deliberative process privilege is designed to enhance the quality of agency decisions by promoting candid communication among policymakers without the fear that their remarks will be subject to discovery." *Stone v. Trump*, 356 F. Supp. 3d 505, 514 (D. Md. 2018), amended on reconsideration, 402 F. Supp. 3d 153 (D. Md. 2019); *see also Nat'l Ass'n for Advancement of Colored People v. Bureau of Census*, 401 F. Supp. 3d 608, 611 (D. Md. 2019). Generally, this privilege covers intra-agency discussions among subordinates and superiors: "One of the main policy justifications for the privilege is to protect open and frank discussions between subordinates and superiors." *Jones v. Murphy*, 256 F.R.D. 510, 518 (D. Md. 2008), aff'd, No. CIV. CCB-05-1287, 2009 WL 604937 (D. Md. Feb. 23, 2009). Thus, the deliberative process privilege is waived where the allegedly privileged material is disseminated to individuals outside the deliberative sphere, who take no part in the deliberative process and do not have any impact over the ultimate agency decision being discussed.

In the documents produced on 07/02/20, there are several instances in which redacted emails were forwarded outside of the Department of General Services, to individuals who took no discernable part of the deliberative process and who appear to have had no influence or control over the ultimate media narrative utilized by DGS. Communications disseminated to sister agencies that do not involve any deliberation do not constitute privileged materials under the executive process privilege; "[i]nstead, they constitute the considered view of a sister agency," which are not protected. *Jones v. Murphy*, 256 F.R.D. 510, 519 (D. Md. 2008), aff'd, No. CIV. CCB-05-1287, 2009 WL 604937 (D. Md. Feb. 23, 2009) (emphasis in original). The act of forwarding these emails and including persons outside the protected sphere waives the privilege and any assertion that the email forwarded is part of agency deliberations.

To assist in your consideration of our position, I have selected a few examples of this waiver, which are attached. The three attached email chains provide examples but are not all-inclusive; there are many similar instances throughout the 07/02/20 production.

1. <u>STATE_004190-91</u>. This email, originally from Defendant Michael Wilson, included individuals employed with a different agency—the Maryland State Police—who subsequently forwarded the email to another individual from the Maryland State Police. The email from Jeffrey Ferreira forwarding Defendant Wilson's email, states "10 43," and the receiving email from Jeremy Shannon, at STATE_004198 but not attached hereto, states "Direct thanks." There are no other emails from Jeremy Shannon or Jeffrey Ferreira that Plaintiffs were able to locate that would indicate either individual participated in the deliberative process, or in any way contributed to the deliberations of the Department of General Services in considering a media response. Rather, this is the dissemination of a *statement* to a sister agency, which waives the privilege related to that statement.

2. <u>STATE_004217-18</u>. This email was also originally sent by Defendant Wilson, including individuals from the Maryland State Police not involved in the deliberative process, and was further forwarded by a Maryland State Police employee to other Maryland State Police employees who were also not involved. George White forwarded this email to Sonya Clark, blind carbon copied to Robert Parham, with his own contact information included. Sonya Clark's response was simply "Thank you," at STATE_004177 but not attached hereto. Sonya

2

Clark then forwarded the email even further to Donald Lewis, also with the Maryland State Police, stating solely, "Sir, Just FYI." STATE_004241. There is no indication that George White, Sonya Clark, and/or Donald Lewis was involved with or participated in the deliberative process of the Department of General Services, and the fact that the email was forwarded on as a simple "for your information" clearly demonstrates that Defendant Wilson's email was disseminated as a statement from DGS to a sister agency.

3. <u>STATE_004238-39</u>. The same email from Defendant Wilson was forwarded by Jeffrey Ferreira to yet another individual employed by the Maryland State Police, David Lewis. While the privilege log appears to indicate that this individual is the same individual that received the forwarded email from Sonya Clark at STATE_004241 referenced above (see privilege log at page 8, referring to both recipients as "David Lewis"), these two individuals have different first names and different email addresses. As with the prior examples, there is no indication that David Lewis took part in the deliberative process of the Department of General Services, and was outside the sphere of privilege.

Plaintiffs' position is that each of the above examples, and all other instances in which individuals outside the deliberative process of the Department of General Services received and/or were included on redacted communications waives the deliberative process privilege and requires those emails to be produced fully unredacted.

Please let us know your position, and whether you believe any further discussion on this issue would be fruitful in resolving this issue.

Best regards,

Ashton Zylstra

---

**From:** Ashton Zylstra
**Sent:** Friday, July 10, 2020 2:50 PM
**To:** Lewis, James <jlewis@oag.state.md.us>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>
**Subject:** Hulbert v. Pope

Dear Jim and John,

Thank you for attending the call this afternoon regarding outstanding discovery issues in the Hulbert v. Pope matter. To confirm, we discussed that Plaintiffs challenge the State's claim of executive/deliberative process privilege to redact documents in the Ninth Production produced on 7/2, for the same reasons as stated in the prior motion to compel currently being briefed and on the additional basis that several of the email chains appear to have waived any privilege by forwarding the emails to individuals or copying individuals on the emails who are either outside the group of agency decisionmakers within the particular agency or are outside the particular agency entirely.

We discussed that it may be beneficial to discuss the Plaintiffs' grounds on an e-mail-by-e-mail basis, and have scheduled a call for 10:00am on Friday, July 17, 2020 to further discuss these issues. Jim, if you are able to set up another conference line, it would be very much appreciated.

You also confirmed that the Ninth Production, produced on 7/2, represents the final production responsive to the State Subpoena, and indicated that the State response is now complete.

Jim, you asked me to confirm if I had received an email from you from Wednesday seeking to swap out the pdf "2020-07-02 Ninth Document Production (5 of 5)" with a revised copy, as a page in the prior version was produced in error. I

confirmed that I had not received that email, but Jim sent the updated pdf during the course of our conversation, which I have received and will use in exchange for "2020-07-02 Ninth Document Production (5 of 5)." We will dispose of "2020-07-02 Ninth Document Production (5 of 5)" accordingly.

If anything arises in between now and our conversation next Friday that I think would be beneficial to our discussion on the Ninth Production redactions, I will let you know.

Jim and John, I hope you both have a wonderful weekend, and stay safe and healthy.


Best regards,
Ashton Zylstra

**Ashton Zylstra**

| | |
|---|---|
| **From:** | Lewis, James <jlewis@oag.state.md.us> |
| **Sent:** | Wednesday, August 5, 2020 3:49 PM |
| **To:** | Ashton Zylstra; Fredrickson, John |
| **Cc:** | Cary Hansel |
| **Subject:** | Re: Hulbert v. Pope |

All,

Please see below for tomorrow's call:

- **Conference Dial-in Number: 443-529-0364**
- When prompted, enter the **conference ID 448 779 554,** followed by the pound sign ( **#** ).
- Record your name when prompted.
- Participants dialing-in will wait in the "lobby" until the meeting Leader joins the call.
- Use your device to mute, or use *6 to mute and unmute.

Cordially,

Jim

**From:** Ashton Zylstra <azylstra@hansellaw.com>
**Sent:** Tuesday, August 4, 2020 3:15 PM
**To:** Lewis, James <jlewis@oag.state.md.us>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>
**Subject:** RE: Hulbert v. Pope

Dear Jim,

2:00pm on Thursday works for me.

Best,
Ashton

**From:** Lewis, James <jlewis@oag.state.md.us>
**Sent:** Tuesday, August 4, 2020 3:12 PM
**To:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>
**Subject:** Re: Hulbert v. Pope

Ashton,

Are you available for a call on Thursday at 2?

Cordially,

Jim



**From:** Ashton Zylstra <azylstra@hansellaw.com>
**Sent:** Monday, August 3, 2020 11:13 AM
**To:** Lewis, James <jlewis@oag.state.md.us>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>
**Subject:** RE: Hulbert v. Pope

Thank you Jim, it is very much appreciated.

Best,
Ashton

**From:** Lewis, James <jlewis@oag.state.md.us>
**Sent:** Monday, August 3, 2020 11:11 AM
**To:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>
**Subject:** Re: Hulbert v. Pope

Ashton,

I'm sorry for not responding sooner - I took a bit of time off late last week and am catching up on emails now. Yes, I consent to the extension you have requested. Let me look at my calendar again and get back to you about our dates/times for our call, and we can base the deadline off of that call.

Jim

**From:** Ashton Zylstra <azylstra@hansellaw.com>
**Sent:** Friday, July 31, 2020 5:26 PM
**To:** Lewis, James <jlewis@oag.state.md.us>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>
**Subject:** RE: Hulbert v. Pope

Dear Jim and John,

If you could please let us know as soon as possible whether you are willing to consent to the extension of Plaintiffs' motion to compel, it would be much appreciated. Since you indicated your availability for a call next week is on Wednesday, Thursday, or Friday, our extension request is for a week after whichever day the call is scheduled for.

I hope that you both have a wonderful weekend.

Best regards,
Ashton

**From:** Ashton Zylstra
**Sent:** Thursday, July 30, 2020 2:37 PM
**To:** Lewis, James <jlewis@oag.state.md.us>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>
**Subject:** RE: Hulbert v. Pope

Dear Jim,

I am available all three of those days and am happy to schedule a follow-up call at any time that is most convenient to you and John.

Considering that we are still engaged in attempts to resolve outstanding issues that I mentioned Plaintiffs intend to include in another Motion to Compel, would you be willing to consent to extend the time for Plaintiffs to serve the new motion until a reasonable period after our discussion next week? Pursuant to Local Rule 104.8(a) we are able to extend our time for the initial informal service of motions to compel without the court's approval, and I believe that it would be most efficient for Plaintiffs to hold on pushing forward with another motion until we have had the opportunity to fully discuss open issues. If you are willing to consent to an extension, I would request to extend the initial thirty-day deadline to a week following our call.

Please let me know what day and time works best for you and John, and I will look forward to discussing the open discovery issues further next week.

Best regards,
Ashton

**From:** Lewis, James <jlewis@oag.state.md.us>
**Sent:** Thursday, July 30, 2020 2:24 PM
**To:** Ashton Zylstra <azylstra@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>
**Subject:** Re: Hulbert v. Pope

Ashton,

Do you have time next Wednesday, Thursday, or Friday for a follow-up discovery call?

Cordially,

Jim

**From:** Ashton Zylstra <azylstra@hansellaw.com>
**Sent:** Thursday, July 16, 2020 4:34 PM
**To:** Lewis, James <jlewis@oag.state.md.us>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>
**Subject:** RE: Hulbert v. Pope

Dear Jim and John,

Please find below the analysis prepared on behalf of the Plaintiffs in advance of our discovery call scheduled for 10am tomorrow morning. As previously discussed, I do not believe that it would be fruitful to further discuss Plaintiffs' contentions premised on issues already briefed in Plaintiffs' Motion to Compel Unredacted Discovery. The only new issue that Plaintiffs are raising is that the deliberative process privilege has been waived with respect to any emails that have been circulated outside the Department of General Services, which is analyzed below.

As you indicated to me that you will need time to review Plaintiffs' position once provided, please let me know if you would prefer to review the analysis below and provide your thoughts next week, or whether you think it would be fruitful to further discuss this issue tomorrow morning. If you prefer to discuss this issue further before reviewing, Jim, it would be much appreciated if you could circulate a conference call dial-in.

It is axiomatic that privileges are waived where the allegedly privileged material is disseminated outside of the sphere of the privilege. The bounds of the privilege is clearly outlined in its purpose: to encourage discussion between an agency decisionmaker and his or her associates. "Deliberative process privilege is designed to enhance the quality of agency decisions by promoting candid communication among policymakers without the fear that their remarks will be subject to discovery." *Stone v. Trump*, 356 F. Supp. 3d 505, 514 (D. Md. 2018), amended on reconsideration, 402 F. Supp. 3d 153 (D. Md. 2019); *see also Nat'l Ass'n for Advancement of Colored People v. Bureau of Census*, 401 F. Supp. 3d 608, 611 (D. Md. 2019). Generally, this privilege covers intra-agency discussions among subordinates and superiors: "One of the main policy justifications for the privilege is to protect open and frank discussions between subordinates and superiors." *Jones v. Murphy*, 256 F.R.D. 510, 518 (D. Md. 2008), aff'd, No. CIV. CCB-05-1287, 2009 WL 604937 (D. Md. Feb. 23, 2009). Thus, the deliberative process privilege is waived where the allegedly privileged material is disseminated to individuals outside the deliberative sphere, who take no part in the deliberative process and do not have any impact over the ultimate agency decision being discussed.

In the documents produced on 07/02/20, there are several instances in which redacted emails were forwarded outside of the Department of General Services, to individuals who took no discernable part of the deliberative process and who appear to have had no influence or control over the ultimate media narrative utilized by DGS. Communications disseminated to sister agencies that do not involve any deliberation do not constitute privileged materials under the executive process privilege; "[i]nstead, they constitute the considered view of a sister agency," which are not protected. *Jones v. Murphy*, 256 F.R.D. 510, 519 (D. Md. 2008), aff'd, No. CIV. CCB-05-1287, 2009 WL 604937 (D. Md. Feb. 23, 2009) (emphasis in original). The act of forwarding these emails and including persons outside the protected sphere waives the privilege and any assertion that the email forwarded is part of agency deliberations.

To assist in your consideration of our position, I have selected a few examples of this waiver, which are attached. The three attached email chains provide examples but are not all-inclusive; there are many similar instances throughout the 07/02/20 production.

1. STATE_004190-91. This email, originally from Defendant Michael Wilson, included individuals employed with a different agency—the Maryland State Police—who subsequently forwarded the email to another individual from the Maryland State Police. The email from Jeffrey Ferreira forwarding Defendant Wilson's email, states "10 43," and the receiving email from Jeremy Shannon, at STATE_004198 but not attached hereto, states "Direct thanks." There are no other emails from Jeremy Shannon or Jeffrey Ferreira that Plaintiffs were able to locate that would indicate either individual participated in the deliberative process, or in any way contributed to the deliberations of the Department of General Services in considering a media response. Rather, this is the dissemination of a *statement* to a sister agency, which waives the privilege related to that statement.

2. STATE_004217-18. This email was also originally sent by Defendant Wilson, including individuals from the Maryland State Police not involved in the deliberative process, and was further forwarded by a Maryland State Police employee to other Maryland State Police employees who were also not involved. George White forwarded this email to Sonya Clark, blind carbon copied to Robert Parham, with his own contact information included. Sonya Clark's response was simply "Thank you," at STATE_004177 but not attached hereto. Sonya Clark then forwarded the email even further to Donald Lewis, also with the Maryland State Police, stating solely, "Sir, Just FYI." STATE_004241. There is no indication that George White, Sonya Clark, and/or Donald Lewis was involved with or participated in the deliberative process of the Department of General Services, and the fact that the email was forwarded on as a simple "for your information" clearly demonstrates that Defendant Wilson's email was disseminated as a statement from DGS to a sister agency.

3. STATE_004238-39. The same email from Defendant Wilson was forwarded by Jeffrey Ferreira to yet another individual employed by the Maryland State Police, David Lewis. While the privilege log appears to indicate that this individual is the same individual that received the forwarded email from Sonya Clark at STATE_004241

referenced above (see privilege log at page 8, referring to both recipients as "David Lewis"), these two individuals have different first names and different email addresses. As with the prior examples, there is no indication that David Lewis took part in the deliberative process of the Department of General Services, and was outside the sphere of privilege.

Plaintiffs' position is that each of the above examples, and all other instances in which individuals outside the deliberative process of the Department of General Services received and/or were included on redacted communications waives the deliberative process privilege and requires those emails to be produced fully unredacted.

Please let us know your position, and whether you believe any further discussion on this issue would be fruitful in resolving this issue.

Best regards,

Ashton Zylstra

---

**From:** Ashton Zylstra
**Sent:** Friday, July 10, 2020 2:50 PM
**To:** Lewis, James <jlewis@oag.state.md.us>; Fredrickson, John <john.fredrickson@maryland.gov>
**Cc:** Cary Hansel <Cary@hansellaw.com>
**Subject:** Hulbert v. Pope

Dear Jim and John,

Thank you for attending the call this afternoon regarding outstanding discovery issues in the Hulbert v. Pope matter. To confirm, we discussed that Plaintiffs challenge the State's claim of executive/deliberative process privilege to redact documents in the Ninth Production produced on 7/2, for the same reasons as stated in the prior motion to compel currently being briefed and on the additional basis that several of the email chains appear to have waived any privilege by forwarding the emails to individuals or copying individuals on the emails who are either outside the group of agency decisionmakers within the particular agency or are outside the particular agency entirely.

We discussed that it may be beneficial to discuss the Plaintiffs' grounds on an e-mail-by-e-mail basis, and have scheduled a call for 10:00am on Friday, July 17, 2020 to further discuss these issues. Jim, if you are able to set up another conference line, it would be very much appreciated.

You also confirmed that the Ninth Production, produced on 7/2, represents the final production responsive to the State Subpoena, and indicated that the State response is now complete.

Jim, you asked me to confirm if I had received an email from you from Wednesday seeking to swap out the pdf "2020-07-02 Ninth Document Production (5 of 5)" with a revised copy, as a page in the prior version was produced in error. I confirmed that I had not received that email, but Jim sent the updated pdf during the course of our conversation, which I have received and will use in exchange for "2020-07-02 Ninth Document Production (5 of 5)." We will dispose of "2020-07-02 Ninth Document Production (5 of 5)" accordingly.

If anything arises in between now and our conversation next Friday that I think would be beneficial to our discussion on the Ninth Production redactions, I will let you know.

Jim and John, I hope you both have a wonderful weekend, and stay safe and healthy.

Best regards,
Ashton Zylstra

**Ashton Zylstra**

| | |
|---|---|
| **From:** | Ashton Zylstra |
| **Sent:** | Wednesday, September 2, 2020 3:42 AM |
| **To:** | Lewis, James |
| **Cc:** | Fredrickson, John |
| **Subject:** | RE: Hulbert v. Pope; Amended Privilege Log |

Dear Jim and John,

My apologies for the delay in providing you a response to the amended privilege log. I have carefully reviewed the amended privilege log, and am satisfied that the amendments represent a good-faith effort to provide sufficient detail about the claimed privileges, as required under the rules. Accordingly, it is our position that the amended privilege log resolves the outstanding discovery issue under the briefed Motion to Compel regarding the sufficiency of the first privilege log.

After reviewing the additional information provided, Plaintiffs' position is still that the executive process privilege does not apply to the emails in question for the reasons that were provided in the briefed Motion to Compel. Thus, it would be Plaintiffs' intention to proceed with the Motion to Compel Unredacted Discovery on the issues raised in Sections III.A and III.B regarding the application of the executive privilege and/or the attorney work product doctrine, while indicating to the Court that we have resolved the issues raised in Section III.C, regarding the sufficiency of the privilege log.

In regards to the third privilege log, I think that it would be beneficial for similar amendments to be made, if you are willing to amend that privilege log as well. In addition to resolving the Plaintiffs' concern with the sufficiency of that privilege log, I believe that similar amendments to the third privilege log would permit us to prepare a much more tailored challenge to specific emails rather than a blanket challenge to all redactions made.

Please let me know how you would like to proceed.

Best regards,
Ashton Zylstra

---

**From:** Lewis, James <jlewis@oag.state.md.us>
**Sent:** Friday, August 14, 2020 5:31 PM
**To:** Ashton Zylstra <azylstra@hansellaw.com>
**Cc:** Cary Hansel <Cary@hansellaw.com>; Fredrickson, John <john.fredrickson@maryland.gov>
**Subject:** Hulbert v. Pope; Amended Privilege Log

Ashton,

Attached is an amended privilege log, which amends the first privilege log that was produced. When using track changes in Excel, it simply highlights the cell that was amended, unlike Word, which shows the substantive changes. Some of the formatting has also been adjusted to fit the text (ex. resizing the width of columns or height of rows), but those adjustments don't show up in track changes.

As previously communicated, we believe the original privilege logs contained the required level of detail to assert privilege, but offered to amend them as a good-faith effort to avoid or limit the number of issues in dispute. For this privilege log, there is only one entry that has been amended and it appears on page four of the amended privilege log. The remaining entries did not appear to be in need of amendment, nor were they



challenged in the motion to compel. Similarly, all of the entries on the second privilege log did not need amendment, nor were they the subject of your motion to compel or our ongoing discussions about your second planned motion to compel. If you think any of those entries do, in fact, need more detail, then please let me know.

Amending the third and final privilege log in this manner will take considerable time and effort to complete. If doing so will resolve some, or all, of the arguments raised, then it will be time well spent. If, however, you have a good-faith belief that a similarly amended privilege log will not resolve any disputes, or change your position on any of the arguments raised in your motion to compel or in our ongoing discussions about your second planned motion to compel, then please let me know.

Cordially,

Jim

 **Maryland**

Nick Cavey -DGS- <nick.cavey1@maryland.gov>

---

### Re: question about 2/5 charges
6 messages

---

**Terry Custer -DGS-** <terry.custer@maryland.gov>      Sat, Feb 10, 2018 at 7:35 AM
To: Nick Cavey -Dgs- <nick.cavey1@maryland.gov>, Michael Wilson <michael.wilson@maryland.gov>
Cc: "todd.may@maryland.gov" <todd.may@maryland.gov>, "rebecca.labs@maryland.gov" <rebecca.labs@maryland.gov>





Terry Custer
Deputy Chief, Maryland
Capitol Police
Department of General
Services
301 W. Preston S., Room M-5
Baltimore, Maryland 21201
Terry.Custer@Maryland.gov
410-767-7450(office)

Click Here to complete a
three-question customer
experience survey.

On Feb 9, 2018, at 8:53 PM, Bryna Zumer <bzumer@sbgtv.com> wrote:



Thank you,

**Bryna Zumer**
**Digital Content Producer**

**FOX45 News WBFF - Baltimore**
2000 West 41st Street, Baltimore, Maryland 21211
Phone: 410.467.5595



---

**Michael Wilson -DGS-** <michael.wilson@maryland.gov>      Sat, Feb 10, 2018 at 8:59 AM
To: Terry Custer -DGS- <terry.custer@maryland.gov>
Cc: Nick Cavey -Dgs- <nick.cavey1@maryland.gov>, "todd.may@maryland.gov" <todd.may@maryland.gov>, "rebecca.labs@maryland.gov"
<rebecca.labs@maryland.gov>

**NC 057**

Colonel Michael Wilson
Maryland Capitol Police
Department of General Services
301 W. Preston St., Room M-5
Baltimore, Maryland 21201
michael.wilson@maryland.gov
410-767-4677 (office)

On Feb 10, 2018, at 7:35 AM, Terry Custer -DGS- <terry.custer@maryland.gov> wrote:



<changingMD.png>

Terry Custer
Deputy Chief, Maryland
Capitol Police
Department of General
Services
301 W. Preston S., Room M-
5
Baltimore, Maryland 21201
Terry.Custer@Maryland.gov
410-767-7450(office)

Click Here to complete a
three-question customer
experience survey.

[Quoted text hidden]

**Terry Custer -DGS-** <terry.custer@maryland.gov>                                            Sat, Feb 10, 2018 at 9:26 AM
To: Michael Wilson -DGS- <michael.wilson@maryland.gov>
Cc: Nick Cavey -Dgs- <nick.cavey1@maryland.gov>, "todd.may@maryland.gov" <todd.may@maryland.gov>, "rebecca.labs@maryland.gov"
<rebecca.labs@maryland.gov>



Terry Custer
Deputy Chief, Maryland
Capitol Police
Department of General
Services
301 W. Preston S., Room M-5
Baltimore, Maryland 21201
Terry.Custer@Maryland.gov
410-767-7450(office)

Click Here to complete a
three-question customer

**NC 058**

| experience survey.

[Quoted text hidden]

---

**Rebecca Labs -DGS-** <rebecca.labs@maryland.gov>
To: Terry Custer -DGS- <terry.custer@maryland.gov>                                  Sat, Feb 10, 2018 at 9:30 AM
Cc: Michael Wilson -DGS- <michael.wilson@maryland.gov>, Nick Cavey -Dgs- <nick.cavey1@maryland.gov>, "todd.may@maryland.gov"
<todd.may@maryland.gov>



---

**Nick Cavey -DGS-** <nick.cavey1@maryland.gov>
To: Rebecca Labs -DGS- <rebecca.labs@maryland.gov>                                  Sat, Feb 10, 2018 at 11:50 AM
Cc: Terry Custer -DGS- <terry.custer@maryland.gov>, Michael Wilson <michael.wilson@maryland.gov>, "todd.may@maryland.gov"
<todd.may@maryland.gov>



---

**Michael Wilson -DGS-** <michael.wilson@maryland.gov>
To: Nick Cavey -DGS- <nick.cavey1@maryland.gov>                                     Sat, Feb 10, 2018 at 11:57 AM

Thank you Nick.

Colonel Michael Wilson
Maryland Capitol Police
Department of General Services
301 W. Preston St., Room M-5
Baltimore, Maryland 21201
michael.wilson@maryland.gov
410-767-4677 (office)

On Feb 10, 2018, at 11:50 AM, Nick Cavey -DGS- <nick.cavey1@maryland.gov> wrote:



**NC 059**

**From:** "Jeffrey B Ferreira -State Police-" <jeffrey.ferreira@maryland.gov>
**To:** "Jeremy E Shannon (State Police)" <jeremy.shannon@maryland.gov>
**Subject:** Fwd: Arrest at Lawyers Mall
**Date:** Tue, 6 Feb 2018 07:31:38 -0500
**Attachments:** changingMD.png

---

10 43
---------- Forwarded message ----------
From: "Michael Wilson -DGS-" <michael.wilson@maryland.gov>
Date: Feb 5, 2018 10:00 PM
Subject: Arrest at Lawyers Mall
To: "Ellington Churchill" <ellington.churchill@maryland.gov>, "Nelson Reichart -DGS-"
<nelson.reichart@maryland.gov>, "Rebecca Labs" <rebecca.labs@maryland.gov>, "George White"
<george.white@maryland.gov>, "Terry Custer" <terry.custer@maryland.gov>, "Todd May"
<todd.may@maryland.gov>, "Dennis Donaldson" <dennis.donaldson@maryland.gov>, "Brian Pope -DGS-"
<brian.pope@maryland.gov>, "Jeffrey Ferreira" <jeffrey.ferreira@maryland.gov>
Cc:

**Exhibit DD**





Colonel Michael Wilson
Maryland Capitol Police
Department of General Services
301 W. Preston S.,  Room M-5
Baltimore, Maryland 21201
michael.wilson@maryland.gov
410-767-4677 (office)

Click Here to complete a three question
customer experience survey.

**From:** "George White -State Police-" <george.white@maryland.gov>
**To:** "Sonya Clark -State Police-" <sonya.clark@maryland.gov>
**Bcc:** "robert.parham@maryland.gov" <robert.parham@maryland.gov>
**Subject:** Fwd: Arrest at Lawyers Mall
**Date:** Mon, 5 Feb 2018 22:39:37 -0500
**Attachments:** changingMD.png

---

F/Sgt. George White #4853

Maryland State Police

Legislative Security Section

cell - 443-837-8329

---------- Forwarded message ----------
From: **Michael Wilson -DGS-** <michael.wilson@maryland.gov>
Date: Mon, Feb 5, 2018 at 9:59 PM
Subject: Arrest at Lawyers Mall
To: Ellington Churchill <ellington.churchill@maryland.gov>, Nelson Reichart -DGS-
<nelson.reichart@maryland.gov>, Rebecca Labs <rebecca.labs@maryland.gov>, George White
<george.white@maryland.gov>, Terry Custer <terry.custer@maryland.gov>, Todd May
<todd.may@maryland.gov>, Dennis Donaldson <dennis.donaldson@maryland.gov>, Brian Pope -DGS-
<brian.pope@maryland.gov>, Jeffrey Ferreira <jeffrey.ferreira@maryland.gov>

**Exhibit EE**

STATE_004217



Colonel Michael Wilson
Maryland Capitol Police
Department of General Services
301 W. Preston S.,  Room M-5
Baltimore, Maryland 21201
michael.wilson@maryland.gov
410-767-4677 (office)

Click Here to complete a three question
customer experience survey.

**From:** "Jeffrey B Ferreira -State Police-" <jeffrey.ferreira@maryland.gov>
**To:** "David Lewis (State Police)" <david.lewis@maryland.gov>
**Subject:** Fwd: Arrest at Lawyers Mall
**Date:** Tue, 6 Feb 2018 08:37:39 -0500
**Attachments:** changingMD.png

---

---------- Forwarded message ----------
From: "Michael Wilson -DGS-" <michael.wilson@maryland.gov>
Date: Feb 5, 2018 10:00 PM
Subject: Arrest at Lawyers Mall
To: "Ellington Churchill" <ellington.churchill@maryland.gov>, "Nelson Reichart -DGS-"
<nelson.reichart@maryland.gov>, "Rebecca Labs" <rebecca.labs@maryland.gov>, "George White"
<george.white@maryland.gov>, "Terry Custer" <terry.custer@maryland.gov>, "Todd May"
<todd.may@maryland.gov>, "Dennis Donaldson" <dennis.donaldson@maryland.gov>, "Brian Pope -DGS-"
<brian.pope@maryland.gov>, "Jeffrey Ferreira" <jeffrey.ferreira@maryland.gov>
Cc:

**Exhibit FF**





Colonel Michael Wilson
Maryland Capitol Police
Department of General Services
301 W. Preston S.,  Room M-5
Baltimore, Maryland 21201
michael.wilson@maryland.gov
410-767-4677 (office)

Click Here to complete a three question
customer experience survey.

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_000002 | E-mail | 2/6/2018 | Warren Smith | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000003 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000006 | E-mail | 2/13/2018 | Warren Smith | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000007 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000455 | E-mail | 2/7/2018 | Michael Wilson | Walter Landon | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000458 STATE_000459 | E-mail | 2/6/2018 | Michael Wilson | Walter Landon | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000461 | E-mail | 2/6/2018 | Andre Davis | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000462 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000465 | E-mail | 2/13/2018 | Andre Davis | cad.rms@maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000466 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |



**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_000468 | E-mail | 2/6/2018 | Asia Alexander | cad.rms @maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000469 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000472 | E-mail | 2/13/2018 | Asia Alexander | cad.rms @maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000473 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000475 | E-mail | 2/6/2018 | Lawrence Barnes | cad.rms @maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000476 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000479 | E-mail | 2/13/2018 | Lawrence Barnes | cad.rms @maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000480 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000529 | E-mail | 2/6/2018 | Bryan Waser | cad.rms @maryland.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000530 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |

**Amended**
**Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_000534 | E-mail | 2/13/2018 | Bryan Waser | cad.rms @maryla nd.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000535 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000643 | E-mail | 2/6/2018 | Eric Yealdhall | cad.rms @maryla nd.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000644 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000647 | E-mail | 2/13/2018 | Eric Yealdhall | cad.rms @maryla nd.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000648 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000657 | E-mail | 2/6/2018 | Matthew Warehime | cad.rms @maryla nd.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000658 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000661 | E-mail | 2/13/2018 | Matthew Warehime | cad.rms @maryla nd.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000662 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |

**Amended
Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_000678 | E-mail | 2/13/2018 | Rebecca Labs | cad.rms @maryla nd.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000679 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000682 STATE_000683 | E-mail | 2/10/2018 | Terry Custer cc: Michael Wilson Nick Cavey Todd May | Rebecca Labs | Communication regarding a response to press inquiry regarding the incident. The only email here is from Rebecca Labs to Terry Custer with a carbon copy to Michael Wilson, Nick Cavey, and Todd May. Each email in the chain has separately been produced.<br><br>It begins with an email from Bryna Zumer to Terry Custer, Todd May, and Rebecca Labs (produced at STATE_000665). It has no redactions.<br><br>The next email in the chain is from Terry Custer to Nick Cavey and Michael Wilson with a carbon copy to Todd May and Rebecca Labs (produced at STATE_004683). Mr. Custer is consulting with a high-level employee of the Maryland Capitol Police and the Director of Communications for the Department of General Services about the media inquiry from Bryna Zumer. He carbon copies each high-level employee of the Maryland Capitol Police who also received the email from Ms. Zumer. Mr. Custer discusses the media inquiry and response.<br><br>The next email in the chain is from Michael Wilson to Terry Custer with carbon copies to Nick Cavey, Todd May, and Rebecca Labs (produced at STATE_004719).  Chief Wilson recommends a response to the media inquiry.<br><br>The next email in the chain is the final email before the one produced at this bates number. It is from Terry Custer to Michael Wilson with carbon copies to Nick Cavey, Todd May, and Rebecca Labs (produced at STATE_004562). Mr. Custer provides his input on the response and recommends how a final response should be approved for this media inquiry.<br><br>The email being produced here is the next email in the chain (produced at STATE_000682). It is from Rebecca Labs to Terry Custer with carbon copies to Michael Wilson, Nick Cavey, and Todd May. Ms. Labs provides agreement with Mr. Custer's recommendation. | Executive/Del iberative Process Privilege |
| STATE_000693 | E-mail | 2/13/2018 | Todd May | cad.rms @maryla nd.gov | Case Report Information | Personally Identifiable Information - Date of Birth |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_000694 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_000698 | E-mail | 2/6/2018 | Todd May | cad.rms @maryla nd.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_000699 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_001197 | E-mail | 2/6/2018 | Dennis Donaldson | cad.rms @maryla nd.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_001198 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_001203 | E-mail | 2/13/2018 | Dennis Donaldson | cad.rms @maryla nd.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_001204 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_001212 | E-mail | 2/6/2018 | Terry Custer | cad.rms @maryla nd.gov | Case Report Information | Personally Identifiable Information - Date of Birth |
| STATE_001213 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |
| STATE_001228 | E-mail | 2/13/2018 | Terry Custer | cad.rms @maryla nd.gov | Case Report Information | Personally Identifiable Information - Date of Birth |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_001229 | Attachment | 2/13/2018 | | | Maryland Capitol Police Case Report | Personally Identifiable Information - Date of Birth |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_003732 - 003733 | E-mail | 2/23/2018 | Valerie Green cc: Brian Pope | Michael Wilson | Communication with counsel about this lawsuit. It is a communication between the defendants to this lawsuit and counsel for DGS about the lawsuit. | Attorney-client privilege; work product |
| STATE_003734 - 003735 | E-mail | 2/23/2018 | Michael Wilson cc: Brian Pope | Valerie Green | Communication with counsel about this lawsuit. The only email here is from counsel for DGS to the defendants in this lawsuit. It is a response to another email (STATE_003732), which is another communication about this lawsuit. | Attorney-client privilege; work product |
| STATE_003736 - 003738 | E-mail | 2/5/2018 | Ellington Churchill, Nelson Reichart, Rebecca Labs, George White, Terry Custer, Todd May, Dennis Donaldson, Brian Pope, Jeffrey Ferreira | Michael Wilson | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_003743 - 003744 | E-Mail | 2/16/2018 | Michael Wilson cc: Ellington Churchill, Nelson Reichart, Terry Custer, Brian Pope | Valerie Green | Communication with counsel about this lawsuit. The only email here is from counsel for DGS to Chief Wilson and it carbon copies other high-ranking officials at MCP. It is a response to another email (STATE_003829), which is another communication about this lawsuit. That email is from Michael Wilson to Ellington Churchill, Valerie Green, and Nelson Reichart with carbon copies to Terry Custer and Brian Pope. | Attorney-client privilege; work product |
| STATE_003748 | E-mail | 2/6/2018 | Nick Cavey cc: Ellington Churchill, Michael Wilson, Matisia Jones | Valerie Green | Communication with counsel providing legal advice and recommending language for a response to an inquiry about the arrest. The prior two emails on the chain were produced without redaction at STATE_004406 and STATE_004164. | Attorney-client privilege; Work Product; Executive/Deliberative Process Privilege |

**Exhibit HH**

**Amended
Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_003751 - 003753 | E-Mail | 2/23/2018 | Matisia Jones | Valerie Green | Communication from counsel to staff about this lawsuit, which includes some communications between counsel and the client. The only email here is between counsel and her staff about internal management of the lawsuit. It is a follow-up to another email (STATE_003754), which is also about internal management of the lawsuit. That email (STATE_003754) also fowarded STATE_003829, which is an attorney-client communication, discussed below. | Work Product; Attorney-client privilege |
| STATE_003754 | E-Mail | 2/23/2018 | Matisia Jones | Valerie Green | Communication with counsel to staff about this lawsuit. The only email here is between counsel and her staff about internal management of the lawsuit. It also forwards and email (STATE_003829), which is an attorney-client communication, discussed below. | Work Product; Attorney-client privilege (attachments to the email are produced at STATE_003755 - 003821) |
| STATE_003824 | Attachment | 2/23/2018 | | | Permit application for Moms Demand Action. | Privacy - personally idenifiable information for a non-party. Personal address, phone number, and email address. |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_003826 | Attachment | 2/23/2018 | | | Permit application for Moms Demand Action. | Privacy - personally idenifiable information for a non-party. Personal address, phone number, and email address. |
| STATE_003829 | E-mail | 2/16/2018 | Ellington Churchill, Valerie Green, Nelson Eichart cc: Terry Custer, Brian Pope | Michael Wilson | Communication with counsel and leadership about this lawsuit. The only email here is from Chief Wilson to counsel and high-ranking officials at DGS. It carbon copies a high-ranking official at MCP and co-defendant to the lawsuit. It discusses this lawsuit. | Attorney-client privilege and work product (attachments to the email are produced at STATE_003830 - 003896) |
| STATE_003897 | E-mail | 2/28/2018 | Robert McFarland | Michael Wilson | Communication with counsel about this lawsuit. The only email here is from Chief Wilson to counsel about this lawsuit. It is in response to an email from counsel about this lawsuit (STATE_003898). | Attorney-client privilege; work product |
| STATE_003898 | E-mail | 2/28/2018 | Michael Wilson | Robert McFarland | Communication with counsel about this lawsuit. The only email here is from counsel to Chief Wilson about this lawsuit. | Attorney-client privilege; work product |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_003899 - 003901 | E-mail | 3/1/2018 | Michael Wilson | Robert McFarland | Communication with counsel about this lawsuit. The only email here is from counsel to Chief Wilson about this lawsuit. It is in response to a forwarded email from Chief Wilson to counsel (STATE_003908). The forwarded email is STATE_003829. | Attorney-client privilege; work product |
| STATE_003902 - 003904 | E-mail | 3/1/2018 | Robert McFarland | Michael Wilson | Communication with counsel about this lawsuit. The only email here is from Chief Wilson to counsel about this lawsuit. It is in response to an email from counsel about this lawsuit (STATE_003899). It is in response to a forwarded email from Chief Wilson to counsel (STATE_003908). The forwarded email is STATE_003829. | Attorney-client privilege; work product |
| STATE_003905 - 003907 | E-mail | 3/1/2018 | Michael Wilson | Robert McFarland | Communication with counsel about this lawsuit. The only email here is from counsel to Chief Wilson about the lawsuit. It is in response to an email from Chief Wilson (STATE_003902). That email was in response to an email from counsel (STATE_003899). It is in response to a forwarded email from Chief Wilson to counsel (STATE_003908). The forwarded email is STATE_003829. | Attorney-client privilege; work product |
| STATE_003908 | E-mail | 2/28/2018 | Robert McFarland | Michael Wilson | Communication with counsel about this lawsuit. The only email here is from Chief Wilson to counsel, which is forwarding another email about this lawsuit (STATE_003829). | Attorney-client privilege; work product (attachments to the email are produced at STATE_003909 - 003975) |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_003976 | E-mail | 2/28/2018 | Robert McFarland | Michael Wilson | Communication with counsel about this lawsuit. The only email here is from Chief Wilson to counsel, which is forwarding another email about this lawsuit (STATE_003829). | Attorney-client privilege; work product (attachments to the email are produced at STATE_003977 - 004043) |
| STATE_004068 | Attachment | 2/23/2018 | | | Permit application for Moms Demand Action. | Privacy - personally idenifiable information for a non-party. Personal address, phone number, and email address |
| STATE_004071-004072 | E-mail | 2/6/2018 | Tiffany Robinson cc: Nelson Reichart, Carly Hviding | Ellington Churchill | Email that forwarded the MCP Case Report Information. | Personally identifiable information - Date of Birth |
| STATE_004073 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally identifiable information - Date of Birth |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004087, 004089 | E-mail | 2/6/2018 | l.h@maryland.gov | Douglass Mayer | Communication between executive staff regarding the arrests. It forwards another email between executive staff regarding the arrests (STATE_005098). STATE_004089 is the "Changing Maryland for the Better" logo that is imbedded in the signature block, which was extracted from the email. | Executive/Deliberative Process Privilege; Work Product |
| STATE_004088 | Attachment | | | | Document addressing the arrest by Sergeant Pope for the purpose of preparing responses to inquiries about the arrest. It is an attachment to STATE_004087. | Executive/Deliberative Process Privilege; Work Product |
| STATE_004090 - 004091 | E-mail | 2/16/2018 | Robert Scholz | Tiffany Robinson | Communication between executive staff regarding this lawsuit. It was forwarded to executive staff by Secretary Churchill (STATE_004280). It includes communication with counsel and leadership about this lawsuit (STATE_003829). | Executive/Deliberative Process Privilege (attachments to the email are produced at STATE_004092 - 004161) |
| STATE_004166 | Attachment | | | | Document addressing the arrest by Sergeant Pope for the purpose of preparing responses to inquiries about the arrest. It is an attachment to STATE_004164. | Executive/Deliberative Process Privilege; Work Product |
| STATE_004168 | Attachment | | | | Document addressing the arrest by Sergeant Pope for the purpose of preparing responses to inquiries about the arrest. It is an attachment to STATE_004167. | Executive/Deliberative Process Privilege; Work Product |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004172 | Attachment | | | | Document addressing the arrest by Sergeant Pope for the purpose of preparing responses to inquiries about the arrest. It is an attachment to STATE_004171. | Executive/Deliberative Process Privilege; Work Product |
| STATE_004174 | E-mail | 2/9/2018 | Earl Phillips | Eric Neutzling | Communication between law enforcement agencies, who share a common interest, sharing confidential information in advance of 2/12 demonstration. | Deliberative Process Privilege; Confidential Law Enforcement Sensitive Information |
| STATE_004175 | Attachment | | | | Law enforcement sensitive officer information from Annapolis Police Department prepared for 2/12 demonstration. It is an attachment to STATE_004174. | Deliberative Process Privilege; Confidential Law Enforcement Sensitive Information |
| STATE_004177 - 004178 | E-mail | 2/6/2018 | George White | Sonya Clark | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. This email is in response to STATE_004229, which is in response to STATE_003736. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004181 - 004182 | E-mail | 2/5/2018 | Sonya Clark bcc: Stephanie Bojnowski, Stephen J Steward, Robert Parham, Patrick Murray, Alexandra Hughes | Geroge White | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004229. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004185 | E-mail | 2/6/2018 | Ellington Churchill, Nelson Reichart cc: Pete Landon, George White | Michael Wilson | Email that forwarded the MCP Case Report Information. | Personally identifiable information - Date of Birth |
| STATE_004186 | Attachment | | | | Maryland Capitol Police Case Report | Personally identifiable information - Date of Birth |
| STATE_004190- 004191 | E-mail | 2/6/2018 | Jeremy E Shannon | Jeffrey Ferreira | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004195-004196 | E-mail | 2/6/2018 | Michael Wilson | Jeffrey Ferreira | Responding to the communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004198-004199 | E-mail | 2/6/2018 | Jeffrey Ferreira | Jeremy Shannon | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004217 -004218 | E-mail | 2/6/2018 | Sonya Clark bcc: Robert Parham | George White | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004229. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004220 - 004221 | E-mail | 2/5/2018 | Sonya Clark | Geroge White | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004229. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004223 - 004224 | E-mail | 2/6/2018 | George White | Sonya Clark | Repsonding to communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004177. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004229- 004230 | E-mail | 2/5/2018 | Sonya Clark bcc: Stephanie Bojnowski | George White | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004232 - 004233 | E-mail | 2/5/2018 | Sonya Clark<br>bcc: Stephen Stewart | George White | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004238- 004239 | E-mail | 2/6/2018 | David Lewis | Jeffrey Ferreira | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004241- 004242 | E-mail | 2/6/2018 | David Lewis | Sonya Clark | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|-----------|----------|------|-----|------|-------------|-------------------|
| STATE_004255-004256 | E-mail | 2/6/2018 | Dennis Donaldson, Rebecca Labs | Todd May | Emails between MCP employees after receiving communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004257 -004258 | E-mail | 2/5/2018 | Ellington Churchill, Nelson Reichart, Rebecca Labs, George White, Terry Custer, Todd May, Dennis Donaldson, Brian Pope, Jeffrey Ferreira | Michael Wilson | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_003736. The original email on the chain ( also at STATE_003736) is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004260-004261 | E-mail | 2/6/2018 | Todd May cc: Dennis Donaldson | Rebecca Labs | Emails between MCP employees after receiving communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004263-004264 | E-mail | 2/6/2018 | Rebecca Labs | Dennis Donaldson | Emails between MCP employees after receiving communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004269 | E-mail | 2/7/2018 | Rebecca Labs Dennis Donaldson cc: Terry Custer | Todd May | Emails with MCP officers to deliberate about how to staff officers for rallies in Annapolis. | Executive/Deliberative Process Privilege |
| STATE_004271-004272 | E-mail | 2/6/2018 | Dennis Donaldson | Rebecca Labs | Emails between MCP employees after receiving communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004277-004278 | E-mail | 2/6/2018 | Ellington Churchill cc: Michael Wilson Terry Custer Nelson Reichart | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. The only email here is from Nick Cavey to high-level MCP and DGS officials about two media inquiries. It responds to a chain of emails about press inquiries (STATE_004484, STATE_004488, STATE_4486, STATE_4889). The email STATE_004484 was redacted in error here, but can be found unredacted at STATE_004484. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004280 - 004281 | E-mail | 2/16/2018 | Tiffany Robinson | Ellington Churchill | Communication between executive staff regarding this lawsuit. It was forwarded to executive staff by Secretary Churchill (STATE_004280). It includes communication with counsel and leadership about this lawsuit (STATE_003829). | Executive/Deliberative Process Privilege; Attorney-client privilege; work product (attachments to the email are produced at STATE_004282 - 004347) |
| STATE_004348, 004350 | E-mail | 2/9/2018 | Nick Cavey | Ellington Churchill | Communications deliberating about the charges and associated messaging. The email got broken into STATE_004348 and STATE_004350, and its attachment is at STATE_004349. The email forwards a communication deliberating about the charges and associated messaging (STATE_004537). | Executive/Deliberative Process Privilege |
| STATE_004349 | Attachment | | | | Draft language related to the charges and associated messaging. | Executive/Deliberative Process Privilege |
| STATE_004352 | E-mail | 2/9/2018 | Michael Wilson cc: Nick Cavey | Ellington Churchill | Communications deliberating about the charges and associated messaging. It responds to a communication deliberating about the charges and associated messaging (STATE_004537). | Executive/Deliberative Process Privilege |
| STATE_004353 | Attachment | | | | Draft language related to the charges and associated messaging. | Executive/Deliberative Process Privilege |
| STATE_004354 | E-mail | 2/9/2018 | Michael Wilson | Ellington Churchill | Communications deliberating about the charges and associated messaging. It responds to a communication deliberating about the charges and associated messaging (STATE_004537). | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004355 - 004356 | E-mail | 2/9/2018 | Ellington Churchill | Michael Wilson | Communications deliberating about the charges and associated messaging. It responds to a chain of communication deliberating about the charges and associated messaging (STATE_004352 and STATE_004537). | Executive/Deliberative Process Privilege |
| STATE_004357 | E-mail | 2/9/2018 | Ellington Churchill Michael Wilson | Nick Cavey | Communication regarding a media statement regarding the charges and recommending draft language for consideration. | Executive/Deliberative Process Privilege |
| STATE_004358 - 004359 | E-mail | 2/9/2018 | Nick Cavey cc: Michael Wilson | Ellington Churchill | Communication regarding a media statement regarding the charges, and recommending draft language for consideration. It seeks input on the language recommended. It is in response to another email recommending language (STATE_004357). | Executive/Deliberative Process Privilege |
| STATE_004360 - 004361 | E-mail | 2/9/2018 | Michael Wilson cc: Nick Cavey | Ellington Churchill | Communications deliberating about the charges and associated messaging. It responds to a chain of communication deliberating about the charges and associated messaging (STATE_004362, STATE_4355, STATE_004352 and STATE_004537). This email provides input on a draft statement. | Executive/Deliberative Process Privilege |
| STATE_004362- 004363 | E-mail | 2/9/2018 | Ellington Churchill cc: Nick Cavey | Michael Wilson | Communications deliberating about the charges and associated messaging. It responds to a chain of communication deliberating about the charges and associated messaging (STATE_4355, STATE_004352 and STATE_004537). This email provides a draft statement and seeks input. | Executive/Deliberative Process Privilege (attachment to the email is produced at STATE_004364) |
| STATE_004366- 004368 | E-mail | 2/9/2018 | Ellington Churchill | Michael Wilson | Communications deliberating about the charges and associated messaging. It responds to a chain of communication deliberating about the charges and associated messaging (STATE_004360, STATE_4362, STATE_4355, STATE_004352 and STATE_004537). This email discusses the draft press release that is being deliberated. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004369-004371 | E-mail | 2/9/2018 | Ellington Churchill cc: Nick Cavey | Michael Wilson | Communications deliberating about the charges and associated messaging. It responds to a chain of communication deliberating about the charges and associated messaging (STATE_004366, STATE_004360, STATE_4362, STATE_4355, STATE_004352 and STATE_004537). This email provides thoughts on a draft press release that is being deliberated. | Executive/Deliberative Process Privilege |
| STATE_004376 - 004377 | E-mail | 2/6/2018 | Ellington Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. The only email here is from Nick Cavey to Ellington Churchill and it deliberates about a response to a press inquiry. It responds to another email discussing a media inquiry (STATE_004378). | Executive/Deliberative Process Privilege |
| STATE_004378 | E-mail | 2/6/2018 | Ellington Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. The only email here is from Nick Cavey to Ellington Churchill and it discusses a media inquiry. The subject line is "Follow up Questions from Media" | Executive/Deliberative Process Privilege |
| STATE_004379 | E-mail | 2/6/2018 | Nick Cavey Michael Wilson Valerie Green | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. The only email here is from Ellington Churchill to Nick Cavey, Chief Wilson, and counsel for DGS. It discusses legal advice from counsel and deliberates about a media inquiry. It responds to another email discussing a media inquiry (STATE_004378). | Executive/Deliberative Process Privilege; Attorney-client privilege; work product |
| STATE_004380 - 004381 | E-mail | 2/6/2018 | Ellington Churchill cc: Michael Wilson Valerie Green | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. The only email here is from Nick Cavey to Ellington Churchill with carbon copies to Chief Wilson and counsel for DGS. It deliberates about content for the response to the media inquiry. Other emails in the chain discuss legal advice from counsel and deliberate about the media inquiry (STATE_004379 and STATE_004378). | Executive/Deliberative Process Privilege; Attorney-client privilege; work product |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004383 | Attachment | | | | Document addressing the arrest by Sergeant Pope for the purpose of preparing responses to inquiries about the arrest. It is a duplicate of STATE_004166. This duplicate is an attachment to STATE_004382. | Executive/Deliberative Process Privilege; Work Product |
| STATE_004384 - 004385 | E-mail | 2/6/2018 | Ellington Churchill cc: Michael Wilson Valerie Green | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. The only email here is from Nick Cavey to Ellington Churchill with carbon copies to Chief Wilson and counsel for DGS. It discusses additional media inquiries for deliberation. Other emails in the chain discuss legal advice from counsel and deliberate about the media inquiry (STATE_004380, STATE_004379 and STATE_004378). | Executive/Deliberative Process Privilege; Attorney-client privilege; work product |
| STATE_004386 | E-mail | 2/6/2018 | Nick Cavey cc: Michael Wilson | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. The only email here deliberates about a response to a press inquiry. The only other redacted email on the chain immediately preceeds it and was separately produced at STATE_004474. It also discusses media inquiries for deliberation. | Executive/Deliberative Process Privilege |
| STATE_004391-004393 | E-mail | 2/6/2018 | Nick Cavey Michael Wilson | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. The only email here is from Ellington Churchill to Nick Cavey and Chief Wilson. It deliberates about a response to a press inquiry. The other emails on the chain also deliberate about a media inquiry (STATE_004376 and STATE_004378). | Executive/Deliberative Process Privilege |
| STATE_004394-004396 | E-mail | 2/6/2018 | Ellington Churchill cc: Michael Wilson | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. The only email here is from Nick Cavey to Ellington Churchill with a carbon copy to Chief Wilson. It deliberates about a response to a press inquiry. The other emails on the chain also deliberate about a media inquiry (STATE_004391, STATE_004376, and STATE_004378). | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004397-004399 | E-mail | 2/6/2018 | Ellington Churchill cc: Nick Cavey | Michael Wilson | Communication regarding a response to press inquiry regarding the incident. The only email here is from Chief Wilson to Ellington Churchill with a carbon copy to Nick Cavey. It deliberates about a response to a press inquiry. The other emails on the chain also deliberate about a media inquiry (STATE_004391, STATE_004376, and STATE_004378). | Executive/Deliberative Process Privilege |
| STATE_004400-004403 | E-mail | 2/6/2018 | Ellington Churchill cc: Michael Wilson | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. The only email here is from Nick Cavey to Ellington Churchill with a carbon copy to Chief Wilson. It deliberates about a response to a press inquiry. The other emails on the chain also deliberate about a media inquiry (STATE_004394, STATE_004391, STATE_004376, and STATE_004378). | Executive/Deliberative Process Privilege |
| STATE_004404-004405 | E-mail | 2/6/2018 | Nick Cavey cc: Ellington Churchill Michael Wilson | Valerie Green | Communication regarding a response to press inquiry regarding the incident. The only email here is from counsel for DGS to Nick Cavey with carbon copies to Ellington Churchill and Chief Wilson. It discusses the media inquiries and other inquiries being deliberated. Other emails in the chain discuss legal advice from counsel and deliberate about the media inquiry (STATE_004380, STATE_004379 and STATE_004378). | Executive/Deliberative Process Privilege; Attorney-client privilege; Work Product |
| STATE_004408 | Attachment | | | | Document addressing the arrest by Sergeant Pope for the purpose of preparing responses to inquiries about the arrest. It is an attachment to STATE_004406. | Executive/Deliberative Process Privilege; Work Product |
| STATE_004409 | E-mail | 2/13/2018 | Ellington Churchill Michael Wilson Terry Custer Nelson Reichart | Nick Cavey | Communication regarding a response to press inquiry regarding an unrelated protest. The email discusses how to respond to a media inquiry. It forwards a media inquiry produced at STATE_004788. | Executive/Deliberative Process Privilege; Non-responsive in this form |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004410 | E-mail | 2/6/2018 | Ellington Churchill Michael Wilson | Nick Cavey | Communication regarding a media response regarding the incident. The subject of the email is "Updated response" and it deliberates about the draft response to incoming inquiries. | Executive/Deliberative Process Privilege |
| STATE_004412-004413 | E-mail | 2/6/2018 | Tiffany Robinson cc: Nelson Reichart, Carly Hviding | Ellington Churchill | Email that forwarded the MCP Case Report Information. | Personally identifiable information - Date of Birth |
| STATE_004414 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report | Personally identifiable information - Date of Birth |
| STATE_004419 | Attachment | | | | Document addressing the arrest by Sergeant Pope for the purpose of preparing responses to inquiries about the arrest. It is an attachment to STATE_004418. | Executive/Deliberative Process Privilege; Work Product |
| STATE_004421 | Attachment | | | | Document addressing the arrest by Sergeant Pope for the purpose of preparing responses to inquiries about the arrest. It is an attachment to STATE_004420. | Executive/Deliberative Process Privilege; Work Product |
| STATE_04422 | E-mail | 2/6/2018 | Nick Cavey | Ellington Churchill | Communication regarding a media response regarding the incident. The subject of the email is "Recommended Response - please modify as you see fit" and it deliberates about the draft response to incoming inquiries. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004424 | E-mail | 2/6/2018 | Ellington Churchill | Nick Cavey | Communication regarding a media response regarding the incident. This email is not redacted, but it responds to STATE_004422, which is a communication regarding a media response regarding the incident. The subject of the email is "Recommended Response - please modify as you see fit" and it deliberates about the draft response to incoming inquiries. | Executive/Deliberative Process Privilege |
| STATE_004425 - 004426 | E-mail | 2/6/2018 | Nick Cavey, Ellington Churchill cc: Amelia Chasse, Shareese DeLeaver-Churchill | Douglass Mayer | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004893, STATE_004754, and STATE_004895) discuss a media request and a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_004427 - 004428 | E-mail | 2/6/2018 | Douglass Mayer cc: Ellington Churchill, Amelia Chasse, Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_004429 - 004431 | E-mail | 2/6/2018 | Nick Cavey cc: Ellington Churchill, Amelia Chasse, Shareese DeLeaver-Churchill | Douglass Mayer | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004427, STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_004432 - 004434 | E-mail | 2/6/2018 | Douglass Mayer cc: Ellington Churchill, Amelia Chasse, Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004429, STATE_004427, STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004435 - 004437 | E-mail | 2/6/2018 | Douglass Mayer cc: Ellington Churchill, Amelia Chasse, Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004429, STATE_004427, STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_004438 - 004440 | E-mail | 2/6/2018 | Douglass Mayer cc: Ellington Churchill, Amelia Chasse, Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004432, STATE_004429, STATE_004427, STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_004441 - 004444 | E-mail | 2/6/2018 | Douglass Mayer cc: Ellington Churchill, Amelia Chasse, Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004438, STATE_004432, STATE_004429, STATE_004427, STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_004445 - 004448 | E-mail | 2/6/2018 | Nick Cavey cc: Ellington Churchill, Ameila Chasse, Shareese DeLeaver-Churchill | Douglass Mayer | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004441, STATE_004438, STATE_004432, STATE_004429, STATE_004427, STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_004449 - 004451 | E-mail | 2/6/2018 | Nick Cavey | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004427, STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004452 - 004454 | E-mail | 2/6/2018 | Michael Wilson | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. This email forwards the deliberation about a statement to Secretary Churchill and the others on the chain (produced at STATE_004449, STATE_004427, STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_004455 - 004459 | E-mail | 2/6/2018 | Douglass Mayer cc: Ellington Churchill Ameila Chasse Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004445, STATE_004441, STATE_004438, STATE_004432, STATE_004429, STATE_004427, STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_004460 - 004464 | E-mail | 2/6/2018 | Nick Cavey cc: Ellington Churchill, Ameila Chasse, Shareese DeLeaver-Churchill | Douglass Mayer | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004455, STATE_004445, STATE_004441, STATE_004438, STATE_004432, STATE_004429, STATE_004427, STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_004466 - 004467 | E-mail | 2/6/2018 | Douglass Mayer cc: Ellington Churchill, Ameila Chasse, Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email is not redacted and identifies all the persons who received responses. The emails on the chain (produced at STATE_004460, STATE_004455, STATE_004445, STATE_004441, STATE_004438, STATE_004432, STATE_004429, STATE_004427, STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004471 | E-mail | 2/6/2018 | Ellington Churchill, Michael Wilson | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. | Executive/Deliberative Process Privilege |
| STATE_004474 | E-mail | 2/6/2018 | Ellington Churchill, Michael Wilson | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. | Executive/Deliberative Process Privilege |
| STATE_004477 | E-mail | 2/8/2018 | Michael Wilson cc: Ellington Churchill | Valerie Green | Communication with counsel regarding the status of the charges. | Attorney-client privilege; Work Product |
| STATE_004484 | E-mail | 2/6/2018 | Michael Wilson cc: Nick Cavey, Terry Custer, Nelson Reichart | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. The only email here is unredacted. It responds to a chain of emails about press inquiries (STATE_004488, STATE_004486, STATE_004889). | Executive/Deliberative Process Privilege |
| STATE_004486 | E-mail | 2/5/2018 | Ellington Churchill, Michael Wilson, Terry Custer, Nelson Reichart | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. It responds to an email about press inquiries (STATE_004488, STATE_004486, STATE_004889). | Executive/Deliberative Process Privilege |
| STATE_004488 | E-mail | 2/6/2018 | Nick Cavey cc: Ellington Churchill Terry Custer Nelson Reichart | Michael Wilson | Communication regarding a response to press inquiry regarding the incident. It responds to an email regarding a response to a press inquiry regarding the incident (STATE_004486), which responds to a press inquiry (STATE_004889). | Executive/Deliberative Process Privilege |
| STATE_004490 | E-mail | 2/14/2018 | Ellington Churchill cc: Nick Cavey, Nelson Reichart, Valerie Green | Michael Wilson | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004492 and STATE_004276) discuss a media request and deliberate about a draft statement to respond to it. The original press inquiry was produced at STATE_004780. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004492 | E-mail | 2/14/2018 | Nick Cavey cc: Nelson Reichart, Michael Wilson, Valerie Green | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. This email responds to another email (STATE_004276) that discusses a media request and deliberates about a draft statement to respond to it. The original press inquiry was produced at STATE_004780. | Executive/Deliberative Process Privilege |
| STATE_004494 | E-mail | 2/14/2018 | Nick Cavey cc: Michael Wilson, Nelson Reichart | Ellington Churchill | Communication regarding a response to press inquiry regarding the lawsuit. The only email here is from Ellington Churchill to Nick Cavey and it discusses a media inquiry. It responds to another email discussing the same matter (STATE_4500). The subject line is "Re: MEDIA INQUIRY - Lawsuit on DGS" | Executive/Deliberative Process Privilege |
| STATE_004495 | E-mail | 2/14/2018 | Michael Wilson cc: Ellington Churchill, Nelson Reichart, Valerie Green | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004490, STATE_004492, and STATE_004276) discuss a media request and deliberate about a draft statement to respond to it. The original press inquiry was produced at STATE_004780. | Executive/Deliberative Process Privilege; Attorney-client privilege; Work Product |
| STATE_004497 - 004498 | E-mail | 2/14/2018 | Nick Cavey cc: Michael Wilson, Nelson Reichart, Valerie Green | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (produced at STATE_004495, STATE_004490, STATE_004492, and STATE_004276) discuss a media request and deliberate about a draft statement to respond to it. The original press inquiry was produced at STATE_004780. | Executive/Deliberative Process Privilege; Attorney-client privilege; Work Product |
| STATE_004500 | E-mail | 2/15/2018 | Ellington Churchill, Michael Wilson, Nelson Reichart | Nick Cavey | Communication regarding a response to press inquiry regarding the lawsuit. The subject line is "MEDIA INQUIRY - Lawsuit on DGS" | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004502 - 004503 | E-mail | 2/14/2018 | Ellington Churchill cc: Michael Wilson, Nelson Reichart, Valerie Green | Nick Cavey | Communication regarding a response to press inquiry regarding the lawsuit. The only email here is produced unredacted. The chain of emails that it responds to are communications regarding a response to a press inquiry regarding the incident. This emails on the chain (produced at STATE_004497, STATE_004495, STATE_004490, STATE_004492, and STATE_004276) discuss a media request and deliberate about a draft statement to respond to it. The original press inquiry was produced at STATE_004780. | Executive/Deliberative Process Privilege; Attorney-client privilege; Work Product |
| STATE_004508 - 004510 | E-mail | 2/15/2018 | Ellington Churchill | Shareese DeLeaver-Churchill | Communication regarding a response to press inquiry regarding the lawsuit. This email and others on the chain (STATE_004805, STATE_004803, STATE_004799, STATE_004798, and STATE_004830) all discuss draft language for a response to a press inquiry. The subject line is "Fwd: Media Inquiry - Hulberts file Lawsuit" | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004511 | E-mail | 2/16/2018 | Ellington Churchill | Tiffany Robinson | Communication about the lawsuit and an unrelated matter regarding fundraising. It includes communication with executive staff regarding this lawsuit. It was forwarded to executive staff by Secretary Churchill (STATE_004280). It includes communication with counsel and leadership about this lawsuit (STATE_003829). | For the communications about the lawsuit: attorney-client privilege and work product. For the communications about fundraising: non-responsive and executive/deliberative process privilege |
| STATE_004512-004513 | E-mail | 2/13/2018 | Michael Wilson cc: Ellington Churchill Terry Custer Nelson Reichart | Nick Cavey | Communication regarding a response to press inquiry regarding a different protest. In deliberating about the response, one of the emails mentions a Patriot Picket rally that occurred on the same night (STATE_004542). The emails in the chain were produced at STATE_004521, STATE_004519, STATE_004542, STATE_004409, and STATE_004788. | Executive/Deliberative Process Privilege; mostly non-responsive |
| STATE_004515 - 004518 | E-mail | 2/13/2018 | Michael Wilson cc: Ellington Churchill, Terry Custer, Nelson Reichart | Nick Cavey | Communication regarding a response to press inquiry regarding a different protest. In deliberating about the response, one of the emails mentions a Patriot Picket rally that occurred on the same night (STATE_004542). The emails in the chain were produced at STATE_004512, STATE_004521, STATE_004519, STATE_004542, STATE_004409, and STATE_004788. | Executive/Deliberative Process Privilege; mostly non-responsive |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004519 - 004520 | E-mail | 2/13/2018 | Michael Wilson cc: Ellington Churchill, Terry Custer, Nelson Reichart | Nick Cavey | Communication regarding a response to press inquiry regarding a different protest. In deliberating about the response, one of the emails mentions a Patriot Picket rally that occurred on the same night (STATE_004542). The emails in the chain were produced at STATE_004542, STATE_004409, and STATE_004788. | Executive/Deliberative Process Privilege; mostly non-responsive |
| STATE_004521 - 004523 | E-mail | 2/13/2018 | Michael Wilson cc: Ellington Churchill, Terry Custer, Nelson Reichart | Nick Cavey | Communication regarding a response to press inquiry regarding a different protest. In deliberating about the response, one of the emails mentions a Patriot Picket rally that occurred on the same night (STATE_004542). The emails in the chain were produced at STATE_004519, STATE_004542, STATE_004409, and STATE_004788. | Executive/Deliberative Process Privilege; mostly non-responsive |
| STATE_004524 - 004527 | E-mail | 2/13/2018 | Nick Cavey | Ellington Churchill | Communication regarding a response to press inquiry regarding a different protest. In deliberating about the response, one of the emails mentions a Patriot Picket rally that occurred on the same night (STATE_004542). The emails in the chain were produced at STATE_004515, STATE_004512, STATE_004521, STATE_004519, STATE_004542, STATE_004409, and STATE_004788. | Executive/Deliberative Process Privilege; mostly non-responsive |
| STATE_004528 - 004531 | E-mail | 2/13/2018 | Nick Cavey cc: Michael Wilson, Ellington Churchill, Terry Custer | Nelson Reichart | Communication regarding a response to press inquiry regarding a different protest. In deliberating about the response, one of the emails mentions a Patriot Picket rally that occurred on the same night (STATE_004542). The emails in the chain were produced at STATE_004512, STATE_004521, STATE_004519, STATE_004542, STATE_004409, and STATE_004788. | Executive/Deliberative Process Privilege; mostly non-responsive |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004532 - 004535 | E-mail | 2/13/2018 | Nelson Reichart cc: Michael Wilson, Ellington Churchill, Terry Custer | Nick Cavey | Communication regarding a response to press inquiry regarding a different protest. In deliberating about the response, one of the emails mentions a Patriot Picket rally that occurred on the same night (STATE_004542). The emails in the chain were produced at STATE_004528, STATE_004512, STATE_004521, STATE_004519, STATE_004542, STATE_004409, and STATE_004788. | Executive/Deliberative Process Privilege; mostly non-responsive |
| STATE_004537, 004539 | E-mail | 2/9/2018 | Ellington Churchill | Michael Wilson | Communications deliberating about the charges and associated messaging. The email got broken into STATE_004537 and STATE_004539, and its attachment is at STATE_004538. | Executive/Deliberative Process Privilege |
| STATE_004538 | Attachment | | | | Draft language related to the charges and associated messaging. | Executive/Deliberative Process Privilege |
| STATE_004542 | E-mail | 2/13/2018 | Nick Cavey cc: Ellington Churchill, Terry Custer, Nelson Reichart | Michael Wilson | Communication regarding a response to press inquiry regarding a different protest. In deliberating about the response, this email mentions a Patriot Picket rally that occurred on the same night (STATE_004542). The emails in the chain were produced at STATE_004409 and STATE_004788. | Executive/Deliberative Process Privilege; mostly non-responsive |
| STATE_004550 | E-mail | 2/9/2018 | Valerie Green cc: Michael Wilson | Ellington Churchill | Communication with counsel about the incident. The email is from Ellington Churchill to counsel for DGS with a carbon copy to Chief Wilson. It responds to another email with counsel about the incident. | Attorney-client privilege; work product (attachment to the email is produced at STATE_004551) |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004552 - 004553 | E-mail | 2/13/2018 | Nick Cavey cc: Michael Wilson, Ellington Churchill, Terry Custer | Nelson Reichart | Communication regarding a response to press inquiry regarding a different protest. In deliberating about the response, one of the emails mentions a Patriot Picket rally that occurred on the same night (STATE_004542). The emails in the chain were produced at STATE_004519, STATE_004542, STATE_004409, and STATE_004788. | Executive/Deliberative Process Privilege; mostly non-responsive |
| STATE_004555 | E-mail | 2/9/2018 | Nick Cavey | Ellington Churchill | Communication deliberating about a press release/statement concerning the charges. The only email is from Ellington Churchill to Nick Cavey. The subject is "Statement Recommendation" | Executive/Deliberative Process Privilege |
| STATE_004556-004557 | E-mail | 2/13/2018 | Nick Cavey cc: Michael Wilson, Ellington Churchill, Terry Custer | Nelson Reichart | Communication regarding a response to press inquiry regarding a different protest. In deliberating about the response, one of the emails mentions a Patriot Picket rally that occurred on the same night (STATE_004542). The emails in the chain were produced at STATE_004521, STATE_004519, STATE_004542, STATE_004409, and STATE_004788. | Executive/Deliberative Process Privilege; mostly non-responsive |
| STATE_004562-004563 | E-mail | 2/10/2018 | Michael Wilson cc: Nick Cavey, Todd May, Rebecca Labs | Terry Custer | Communication regarding a response to press inquiry regarding the incident. The redacted emails on the chain were detailed in the privilege log entry for STATE_00682 - STATE_000683. The other emails on the chain deliberate about a response to a press inquiry (STATE_004719, and STATE_4683). The original press inquiry was produced at STATE_000665. | Executive/Deliberative Process Privilege |
| STATE_004564-004565 | E-mail | 2/5/2018 | Michael Wilson | Rebecca Labs | Responding to the communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004566 | E-mail | 2/8/2018 | Michael Wilson | Terry Custer | Communications deliberating about the charges and associated messaging. This email is not redacted, but an email on the chain is (STATE_004678). It deliberates about the charges and associated messaging. | Executive/Deliberative Process Privilege |
| STATE_004567 | E-mail | 2/8/2018 | Terry Custer | Michael Wilson | Communications deliberating about the charges and associated messaging. This email is not redacted, but an email on the chain is (STATE_004678). It deliberates about the charges and associated messaging. | Executive/Deliberative Process Privilege |
| STATE_004569 - 004570 | E-mail | 2/23/2018 | Valerie Green | Michael Wilson | Communication with counsel about this lawsuit. The only email here is from Chief Wilson to counsel for DGS. The emails in the chain (STATE_003734 and STATE_003732) are also communications about this lawsuit with counsel. | Attorney-client privilege; work product |
| STATE_004571 - 004572 | E-mail | 3/1/2018 | Robert McFarland | Michael Wilson | Communication with counsel about this lawsuit. It is a duplicate of STATE_003902. The only email here is from Chief Wilson to counsel about this lawsuit. It is in response to an email from counsel about this lawsuit (STATE_003899). It is in response to a forwarded email from Chief Wilson to counsel (STATE_003908). The forwarded email is STATE_003829. | Attorney-client privilege; work product |
| STATE_004573 | E-mail | 2/28/2018 | Robert McFarland | Michael Wilson | Communication with counsel about this lawsuit. It is a duplicate of STATE_003897. The only email here is from Chief Wilson to counsel about this lawsuit. It is in response to an email from counsel about this lawsuit (STATE_003898). | Attorney-client privilege; work product |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004574 | E-mail | 2/28/2018 | Robert McFarland | Michael Wilson | Communication with counsel about this lawsuit. It is a duplicate of STATE_003908. The only email here is from Chief Wilson to counsel, which is forwarding another email about this lawsuit (STATE_003829). | Attorney-client privilege; work product (attachments to the email produced at STATE_004575 - 004640) |
| STATE_004641 | E-mail | 2/6/2018 | Nick Cavey cc: Michael Wilson | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004386. The only email here deliberates about a response to a press inquiry. The only other redacted email on the chain immediately preceeds it and was separately produced at STATE_004474. It also discusses media inquiries for deliberation. | Executive/Deliberative Process Privilege |
| STATE_004644-004645 | E-mail | 2/5/2018 | Rebecca Labs | Michael Wilson | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004646 | E-mail | 2/6/2018 | Nick Cavey Michael Wilson Valerie Green | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004376. The only email here is from Ellington Churchill to Nick Cavey, Chief Wilson, and counsel for DGS. It discusses legal advice from counsel and deliberates about a media inquiry. It responds to another email discussing a media inquiry (STATE_004378). | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004647-004648 | E-mail | 2/5/2018 | Michael Wilson | Rebecca Labs | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004649-004650 | E-mail | 2/5/2018 | Michael Wilson | Rebecca Labs | Emails between MCP employees after receiving communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004655-004656 | E-mail | 2/10/2018 | Nick Cavey | Michael Wilson | Communication regarding a response to press inquiry regarding the incident. The redacted emails on the chain were detailed in the privilege log entry for STATE_00682 - STATE_000683. The other emails on the chain deliberate about a response to a press inquiry (STATE_004685, STATE4688, STATE_004562, STATE_004719, and STATE_4683). The original press inquiry was produced at STATE_000665. | Executive/Deliberative Process Privilege |
| STATE_004659 | E-mail | 2/5/2018 | Ellington Churchill, Nelson Reichart cc: Walter Landon, George White | Michael Wilson | Email that forwarded the MCP Case Report Information. It is a duplicate of STATE_004184. | Personally identifiable information - Date of Birth |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004660 | Attachment | | | | Maryland Capitol Police Case Report. It is a duplicate of STATE_004186. | Personally identifiable information - Date of Birth |
| STATE_004672-004674 | E-mail | 2/6/2018 | Nick Cavey Michael Wilson | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004391. The only email here is from Ellington Churchill to Nick Cavey and Chief Wilson. It deliberates about a response to a press inquiry. The other emails on the chain also deliberate about a media inquiry (STATE_004376 and STATE_004378). | Executive/Deliberative Process Privilege |
| STATE_004675-004677 | E-mail | 2/6/2018 | Ellington Churchill cc: Nick Cavey | Michael Wilson | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004397. The only email here is from Chief Wilson to Ellington Churchill with a carbon copy to Nick Cavey. It deliberates about a response to a press inquiry. The other emails on the chain also deliberate about a media inquiry (STATE_004391, STATE_004376, and STATE_004378). | Executive/Deliberative Process Privilege |
| STATE_004678 | E-mail | 2/8/2018 | Michael Wilson Dave Mitchell | Michael Wilson | Communications deliberating about the charges and associated messaging. | Executive/Deliberative Process Privilege |
| STATE_004679 | Attachment | | | | Draft language related to the charges and associated messaging. It is an attachment to STATE_004678. | Executive/Deliberative Process Privilege |
| STATE_004682 | E-mail | 2/8/2018 | Terry Custer | Michael Wilson | Communications deliberating about the charges and associated messaging. This email is not redacted, but an email on the chain is (STATE_004678). It deliberates about the charges and associated messaging. | Executive/Deliberative Process Privilege |
| STATE_004683 | E-mail | 2/10/2018 | Nick Cavey Michael Wilson cc: Todd May Rebecca Labs | Terry Custer | Communication regarding a response to press inquiry regarding the incident. The redacted emails on the chain were detailed in the privilege log entry for STATE_00682 - STATE_000683. The original press inquiry was produced at STATE_000665. | Executive/Deliberative Process Privilege |

| Amended Privilege Log Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004685-004686 | E-mail | 2/10/2018 | Rebecca Labs cc: Terry Custer Michael Wilson Todd May | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email is not redacted. The redacted emails on the chain were detailed in the privilege log entry for STATE_00682 - STATE_000683. The other emails on the chain deliberate about a response to a press inquiry (STATE_004688, STATE_004562, STATE_004719, and STATE_4683). The original press inquiry was produced at STATE_000665. | Executive/Deliberative Process Privilege |
| STATE_004688-004689 | E-mail | 2/10/2018 | Terry Custer cc: Michael Wilson Nick Cavey Todd May | Rebecca Labs | Communication regarding a response to press inquiry regarding the incident. The redacted emails on the chain were detailed in the privilege log entry for STATE_00682 - STATE_000683. The other emails on the chain deliberate about a response to a press inquiry (STATE_004562, STATE_004719, and STATE_4683). The original press inquiry was produced at STATE_000665. | Executive/Deliberative Process Privilege |
| STATE_004691 - 004692 | Attachment | | | | Draft Special Order pending review and approval. | Executive/Deliberative Process Privilege |
| STATE_004693 | E-mail | 2/14/2018 | Ellington Churchill cc: Nick Cavey Nelson Reichart Valerie Green | Michael Wilson | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_00004490. This email and the others on the chain (produced at STATE_004492 and STATE_004276) discuss a media request and deliberate about a draft statement to respond to it. The original press inquiry was produced at STATE_004780. | Executive/Deliberative Process Privilege |

| Amended Privilege Log Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004695-004696 | E-mail | 2/14/2018 | Ellington Churchill cc: Michael Wilson Nelson Reichart Valerie Green | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email does not have a redaction. The email before it does not have a redaction (STATE_004502). Other emails on the chain do have redactions (produced at STATE_004497, STATE_004495, STATE_004490, STATE_004492, and STATE_004276), and discuss a media request and deliberate about a draft statement to respond to it. The original press inquiry was produced at STATE_004780. | Executive/Deliberative Process Privilege |
| STATE_004699-004700 | E-mail | 2/14/2018 | Nick Cavey cc: Michael Wilson Nelson Reichart Valerie Green | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004497. This email and the others on the chain (produced at STATE_004495, STATE_004490, STATE_004492, and STATE_004276) discuss a media request and deliberate about a draft statement to respond to it. The original press inquiry was produced at STATE_004780. | Executive/Deliberative Process Privilege; Attorney-client privilege; work product |
| STATE_004703 - 004704 | Attachment | | | | Draft language related to the charges and associated messaging. | Executive/Deliberative Process Privilege; work product |
| STATE_004705 | E-mail | 2/16/2018 | Valerie Green | Michael Wilson | Communication from Chief Wilson to counsel about this lawsuit, and the chain includes other communications between counsel and the client. It is a follow-up to another email (STATE_003743), which is about internal management of the lawsuit. That original email (STATE_003829) is also an attorney-client communication about this lawsuit. | Attorney-client privilege; work product |
| STATE_004706 - 004707 | E-mail | 2/9/2018 | Michael Wilson | Nick Cavey | Communication regarding a response to press inquiry regarding the lawsuit. It discusses draft language for a media response. The subject line is "Fwd: Media Inquiry-Arrest at Lawyers Mall" | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004708 | E-mail | 2/7/2018 | Rebecca Labs<br>Dennis Donaldson<br>cc: Terry Custer | Todd May | It forwards an email (STATE_004269), which is an email with MCP officers to deliberate about how to staff officers for rallies in Annapolis. | Executive/Deliberative Process Privilege |
| STATE_004710-004711 | E-mail | 2/6/2018 | Walter Landon | Michael Wilson | Email that forwarded the MCP Case Report Information. | Personally identifiable information - Date of Birth |
| STATE_004713 | E-mail | 2/7/2018 | Michael Wilson | Walter Landon | Email that forwarded the MCP Case Report Information. | Personally identifiable information - Date of Birth |
| STATE_004715 | E-mail | 2/9/2018 | Ellington Churchill | Michael Wilson | Communications deliberating about the charges and associated messaging. It is a duplicate of STATE_004537. | Executive/Deliberative Process Privilege |
| STATE_004716 | Attachment | | | | Draft language related to the charges and associated messaging. It is an attachment to STATE_004715. | Executive/Deliberative Process Privilege |
| STATE_004719 | E-mail | 2/10/2018 | Terry Custer<br>cc: Nick Cavey<br>Todd May<br>Rebecca Labs | Michael Wilson | Communication regarding a response to press inquiry regarding the incident. The redacted emails on the chain were detailed in the privilege log entry for STATE_00682 - STATE_000683. Another email on the chain deliberates about a response to a press inquiry (STATE_4683). The original press inquiry was produced at STATE_000665. | Executive/Deliberative Process Privilege |
| STATE_004723 - 004724 | Attachment | | | | Draft Special Order pending review and approval. It is an attachment to STATE_004721. | Executive/Deliberative Process Privilege |
| STATE_004725 | E-mail | 2/6/2018 | Michael Wilson<br>cc: Nick Cavey<br>Terry Custer<br>Nelson Reichart | Ellington Churchill | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004484. The only email here is unredacted. It responds to a chain of emails about press inquiries (STATE_004488, STATE_004486, STATE_004889). | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004727 | E-mail | 2/6/2018 | Nick Cavey<br>cc: Ellington Churchill<br>Terry Custer<br>Nelson Reichart | Michael Wilson | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004488. It responds to an email regarding a response to a press inquiry regarding the incident (STATE_004486), which responds to a press inquiry (STATE_004889). | Executive/Deliberative Process Privilege |
| STATE_004730 - 004731 | Attachment | | | | Draft Special Order pending review and approval. | Executive/Deliberative Process Privilege |
| STATE_004732- 004733 | E-mail | 2/8/2018 | Michele Sanders | Rebecca Labs | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004734 | E-mail | 2/21/2018 | Rebecca Labs | Michele Sanders | Communication regarding draft letter to Annpolis Police Department regarding its assistance on 2/12, which seeks input about the draft and deliberates about its content. | Executive/Deliberative Process Privilege |
| STATE_004735 | Attachment | | | | Draft letter to Annapolis Police Department regarding its assistance on 2/12. It is an attachment to STATE_004734. | Executive/Deliberative Process Privilege |
| STATE_004736 | E-mail | 2/26/2018 | Michele Sanders | Eric Greynolds | Email regarding Moms Demand Action event. | Privacy - personal cell phone number. |
| STATE_004746 | Attachment | | | | Draft language regarding responses to press inquiries. It is an attchment to STATE_004745. | Executive/Deliberative Process Privilege |

**Amended**
**Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004754 | E-mail | 2/6/2018 | Nick Cavey cc: Ameila Chasse Shareese DeLeaver-Churchill | Douglass Mayer | Communication regarding a response to press inquiry regarding the incident. This email and the other on the chain (produced at STATE_004895) discusses a media request and a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_004771 - 004772 | E-mail | 2/6/2018 | Douglass Mayer Ameila Chasse Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. The email discusses media questions and deliberates about a response to it. The subject line is "Media Inquiry-Follow up Questions" | Executive/Deliberative Process Privilege |
| STATE_004773-004775 | E-mail | 2/6/2018 | Valerie Green | Nick Cavey | Communication with counsel to provide legal advice concerning the media responses. | Attorney-client privilege; work product |
| STATE_004776-004777 | E-mail | 2/6/2018 | Douglass Mayer Ameila Chasse Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. The email discusses media questions and deliberates about a response to it. The prior email (STATE_004771) also discusses a press inquiry and deliberates about a response to it. | Executive/Deliberative Process Privilege |
| STATE_004778 | E-mail | 2/6/2018 | Douglass Mayer Ameila Chasse Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. The email deliberates about a response to the press. The subject line is "Suggested Language-Media Requests." | Executive/Deliberative Process Privilege |
| STATE_004779 | E-mail | 2/6/2018 | Nick Cavey cc: Ameila Chasse Shareese DeLeaver-Churchill | Douglass Mayer | Communication regarding a response to press inquiry regarding the incident. The email deliberates about a response to the press. The prior email on the chain (STATE_004778) also deliberates about a response to the press. | Executive/Deliberative Process Privilege |
| STATE_004781-004783 | E-mail | 2/6/2018 | Nick Cavey cc: Ameila Chasse Shareese DeLeaver-Churchill | Douglass Mayer | Communication regarding a response to press inquiry regarding the incident. The email discusses media questions and deliberates about a response to it. The prior emails (STATE_004776 and STATE_004771) also discusse a press inquiry and deliberate about a response to it. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004789-004790 | E-mail | 2/10/2018 | Nick Cavey | Michael Wilson | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004655. The redacted emails on the chain were detailed in the privilege log entry for STATE_00682 - STATE_000683. The other emails on the chain deliberate about a response to a press inquiry (STATE_004685, STATE4688, STATE_004562, STATE_004719, and STATE_4683). The original press inquiry was produced at STATE_000665. | Executive/Deliberative Process Privilege |
| STATE_004794 | E-mail | 2/10/2018 | Terry Custer cc: Nick Cavey Todd May Rebecca Labs | Michael Wilson | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004794. The redacted emails on the chain were detailed in the privilege log entry for STATE_00682 - STATE_000683. Another email on the chain deliberates about a response to a press inquiry (STATE_4683). The original press inquiry was produced at STATE_000665. | Executive/Deliberative Process Privilege |
| STATE_004798 | E-mail | 2/14/2018 | Nick Cavey cc: Douglass Mayer Ameila Chasse | Shareese DeLeaver-Churchill | Communication regarding a response to press inquiry regarding the lawsuit. This email and another on the chain (STATE_004830) discuss draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |
| STATE_004799 - 004800 | E-mail | 2/14/2018 | Shareese DeLeaver-Churchill cc: Nick Cavey Ameila Chasse | Douglass Mayer | Communication regarding a response to press inquiry regarding the lawsuit. This email and others on the chain (STATE_004798 and STATE_004830) discuss draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |
| STATE_004803 - 004804 | E-mail | 2/14/2018 | Douglass Mayer cc: Shareese DeLeaver-Churchill Ameila Chasse | Nick Cavey | Communication regarding a response to press inquiry regarding the lawsuit. This email and others on the chain (STATE_004799, STATE_004798, and STATE_004830) discuss draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |
| STATE_004805-004807 | E-mail | 2/14/2018 | Nick Cavey cc: Shareese DeLeaver-Churchill Ameila Chasse | Douglass Mayer | Communication regarding a response to press inquiry regarding the lawsuit. This email and others on the chain (STATE_004803, STATE_004799, STATE_004798, and STATE_004830) discuss draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004811 | E-mail | 2/15/2018 | Nick Cavey<br>cc: Douglass Mayer<br>Ameila Chasse | Shareese DeLeaver-Churchill | Communication regarding a response to press inquiry regarding the lawsuit. This email and the other on the chain (STATE_004833) discusses draft language for a response to a press inquiry. The subject line is "Re: Media Inquiry-ABC 2-Hulberts Lawsuit" | Executive/Deliberative Process Privilege |
| STATE_004812 | E-mail | 2/15/2018 | Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the lawsuit. This email and the others on the chain (STATE_004811 and STATE_004833) discuss draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |
| STATE_004830 | E-mail | 2/14/2018 | Douglass Mayer<br>Ameila Chasse<br>Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the lawsuit. It discusses draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |
| STATE_004833 | E-mail | 2/15/2018 | Douglass Mayer<br>Ameila Chasse<br>Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the lawsuit. It discusses draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |
| STATE_004842 | Attachment | | | | Draft language regarding press release. It is an attachment to STATE_004841. | Executive/Deliberative Process Privilege |
| STATE_004847-004848 | E-mail | 2/9/2018 | Douglass Mayer<br>Ameila Chasse<br>Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email and the other on the chain (STATE_004849) discusses draft language for a response to a press inquiry. The subject line is "Re: Media Inquiry-Arrest at Lawyers Mall" | Executive/Deliberative Process Privilege |
| STATE_004849 | E-mail | 2/9/2018 | Douglass Mayer<br>Ameila Chasse<br>Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the lawsuit. It discusses draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |
| STATE_004853-004855 | E-mail | 2/9/2018 | Douglass Mayer<br>cc: Ameila Chasse<br>Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (STATE_004876, STATE_004847, and STATE_004849) discuss draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004860-004862 | E-mail | 2/9/2018 | Douglass Mayer cc: Ameila Chasse Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident, including follow-up questions and additional responses. This email and the others on the chain (STATE_004853, STATE_004876, STATE_004847, and STATE_004849) discuss draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |
| STATE_004863-004866 | E-mail | 2/9/2018 | Nick Cavey cc: Ameila Chasse Shareese DeLeaver-Churchill | Douglass Mayer | Communication regarding a response to press inquiry regarding the incident, including follow-up questions and additional responses. This email and the others on the chain (STATE_004863, STATE_004853, STATE_004876, STATE_004847, and STATE_004849) discuss draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |
| STATE_004876-004878 | E-mail | 2/9/2018 | Nick Cavey cc: Ameila Chasse Shareese DeLeaver-Churchill | Douglass Mayer | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (STATE_004876, STATE_004847, and STATE_004849) discuss draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |
| STATE_004893 - 004894 | E-mail | 2/6/2018 | Douglass Mayer cc: Ameila Chasse Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email and the others on the chain (STATE_004754 and STATE_004895) discuss draft language for a response to a press inquiry. The subject line is "Re: DGS-Media Inquiry-Arrests at Lawyers Mall" | Executive/Deliberative Process Privilege |
| STATE_004895 | E-mail | 2/6/2018 | Douglass Mayer Ameila Chasse Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This email discusses a media inquiry and a response to it. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004896 - 004897 | E-mail | 2/5/2018 | Michael Wilson | Rebecca Labs | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004647. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004898-004899 | E-mail | 2/5/2018 | Rebecca Labs | Todd May | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004901 | E-mail | 2/6/2018 | Rebecca Labs | CAD.RMS@MARYLAND.GOV | Case Report Information | Personally identifiable information - Date of Birth |
| STATE_004902 | Attachment | | | | Maryland Capitol Police Case Report | Personally identifiable information - Date of Birth |
| STATE_004905 | E-mail | 2/7/2018 | Rebecca Labs Dennis Donaldson cc: Terry Custer | Todd May | It forwards an email (STATE_004269), which is an email with MCP officers to deliberate about how to staff officers for rallies in Annapolis. It is a duplicate of STATE_004708. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004906 - 004907 | E-mail | 2/6/2018 | Michael Wilson | Rebecca Labs | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004649. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004910 - 004911 | E-mail | 2/6/2018 | Todd May cc: Dennis Donaldson | Rebecca Labs | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004259. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004914- 004915 | E-mail | 2/6/2018 | Rebecca Labs | Todd May | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004918 - 004919 | E-mail | 2/6/2018 | Dennis Donaldson | Rebecca Labs | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004270. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004921 - 004922 | E-mail | 2/5/2018 | Rebecca Labs | Michael Wilson | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004644. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004923 - 004924 | E-mail | 2/5/2018 | Michael Wilson | Rebecca Labs | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004564. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004925-004926 | E-mail | 2/10/2018 | Michael Wilson cc: Nick Cavey Todd May Rebecca Labs | Terry Custer | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004562. The redacted emails on the chain were detailed in the privilege log entry for STATE_00682 - STATE_000683. The other emails on the chain deliberate about a response to a press inquiry (STATE_004719, and STATE_4683). The original press inquiry was produced at STATE_000665. | Executive/Deliberative Process Privilege |
| STATE_004928 | E-mail | 2/8/2018 | Terry Custer | Michael Wilson | Communications deliberating about the charges and associated messaging. It is a duplicate of STATE_004681. This email is not redacted, but an email on the chain is (STATE_004678). It deliberates about the charges and associated messaging. | Executive/Deliberative Process Privilege |
| STATE_004929 - 004930 | E-mail | 2/6/2018 | Rebecca Labs bcc: Terry Custer | Todd May | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004898. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004932 | Attachment | 2/6/2018 | | | Maryland Capitol Police Case Report. It is an attachment to STATE_004931. | Personally identifiable information - Date of Birth |
| STATE_004937 | E-mail | 2/6/2018 | Terry Custer | Todd May | Email that forwarded the MCP Case Report Information. It is a continuation of the email at STATE_004931. For some reason, the email was split in two. | Personally identifiable information - Date of Birth |

**Amended
Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004939 | E-mail | 2/8/2018 | Michael Wilson | Terry Custer | Communications deliberating about the charges and associated messaging. It is a duplicate of STATE_004566. This email is not redacted, but an email on the chain is (STATE_004678). It deliberates about the charges and associated messaging. | Executive/Deliberative Process Privilege |
| STATE_004941 | E-mail | 2/8/2018 | Terry Custer | Michael Wilson | Communications deliberating about the charges and associated messaging. It is a duplicate of STATE_004567. This email is not redacted, but an email on the chain is (STATE_004678). It deliberates about the charges and associated messaging. | Executive/Deliberative Process Privilege |
| STATE_004943 | E-mail | 2/10/2018 | Nick Cavey Michael Wilson cc: Todd May Rebecca Labs | Terry Custer | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004683. The redacted emails on the chain were detailed in the privilege log entry for STATE_00682 - STATE_000683. The original press inquiry was produced at STATE_000665. | Executive/Deliberative Process Privilege |
| STATE_004945-004946 | E-mail | 2/14/2018 | Terry Custer | Michael Wilson | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004695. This email does not have a redaction. The email before it does not have a redaction (STATE_004502). Other emails on the chain do have redactions (produced at STATE_004497, STATE_004495, STATE_004490, STATE_004492, and STATE_004276), and discuss a media request and deliberate about a draft statement to respond to it. The original press inquiry was produced at STATE_004780. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|-----------|----------|------|-----|------|-------------|--------------------|
| STATE_004948 - 004949 | E-mail | 2/6/2018 | Rebecca Labs | Todd May | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004898. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004951 - 004952 | E-mail | 2/6/2018 | Dennis Donaldson, Rebecca Labs | Todd May | Emails between MCP employees after receiving communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004254. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |
| STATE_004954 - 004955 | E-mail | 2/6/2018 | Rebecca Labs | Todd May | Communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It is a duplicate of STATE_004913. The original email on the chain (STATE_003736) is the only email with redactions. It is a communication to leadership regarding arrest by Sergeant Pope so they can respond to inquiries about the arrest. It discusses the nature of the incident, the date and time of the incident, the relevant chanrges, and a description of the incident that would be helpful in formulating a response. | Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004959 | E-mail | 2/6/2018 | Terry Custer | Todd May | Email that forwarded the MCP Case Report Information. It is a duplicate of STATE_004931. | Personally identifiable information - Date of Birth |
| STATE_004960 | Attachment | | | | Maryland Capitol Police Case Report. It is a duplicate of STATE_004932. | Personally identifiable information - Date of Birth |
| STATE_004964 | E-mail | 2/6/2018 | Todd May | CAD.RMS@MARYLAND.GOV | Case Report Information. It was also produced at STATE_000697. | Personally identifiable information - Date of Birth |
| STATE_004965 | Attachment | | | | Maryland Capitol Police Case Report | Personally identifiable information - Date of Birth |
| STATE_004968-004970 | E-mail | 2/6/2018 | Zenita Hurley cc: Valerie Green | Grace O'Malley | Communications with counsel regarding a response to a member of the public about the incident, and seeking advice for a response. | Attorney-client privilege; Work Product; Executive/Deliberative Process Privilege |
| STATE_004972-004973 | E-mail | 2/6/2018 | Valerie Green | OAG@oag.state.md.us | Communications with counsel regarding a response to a member of the public about the incident. The emails deliberate about how to respond to the inquiry . | Attorney-client privilege; Work Product; Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004975-004977 | E-mail | 2/6/2018 | Grace O'Malley cc: Valerie Green | Zenita Hurley | Communications with counsel regarding a response to a member of the public about the incident, and responding to a request for advice on how to respond to the inquiry. | Attorney-client privilege; Work Product; Executive/Deliberative Process Privilege |
| STATE_004978-004979 | E-mail | 2/6/2018 | Valerie Green cc: Zenita Hurley | Grace O'Malley | Communications with counsel regarding a response to a member of the public about the incident. | Attorney-client privilege; Work Product; Executive/Deliberative Process Privilege |
| STATE_004982-004986 | E-mail | 2/9/2018 | Grace O'Malley | Valerie Green | Communications with counsel regarding a response to a member of the public about the incident, and emails on the chain deliberate about a draft response. | Attorney-client privilege; Work Product; Executive/Deliberative Process Privilege |
| STATE_004989-004990 | E-mail | 2/6/2018 | Valerie Green | OAG@oag.state.md.us | Communications with counsel regarding a response to a member of the public about the incident. | Attorney-client privilege; Work Product; Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_004992-004995 | E-mail | 2/6/2018 | Grace O'Malley | Valerie Green | Communications with counsel regarding a response to a member of the public about the incident, and it deliberates about a draft response. | Attorney-client privilege; Work Product; Executive/Deliberative Process Privilege |
| STATE_004997 | E-mail | 2/16/2018 | Valerie Green | Grace O'Malley | Communication from Chief Wilson to counsel about this lawsuit, and the chain includes other communications between counsel and the client. It is a duplicate of STATE_004705.  It is a follow-up to another email (STATE_003743), which is about internal management of the lawsuit. That original email (STATE_003829) is also an attorney-client communication about this lawsuit. | Attorney-client privilege; work product |
| STATE_004998 - 004999 | E-mail | 2/23/2018 | Valerie Green | Michael Wilson | Communication with counsel about this lawsuit. It is a duplicate of STATE_004569. The only email here is from Chief Wilson to counsel for DGS. The emails in the chain (STATE_003734 and STATE_003732) are also communications about this lawsuit with counsel. | Attorney-client privilege; work product |
| STATE_005000 | E-mail | 2/23/2018 | Matisia Jones | Valerie Green | Communication with counsel to staff about this lawsuit. It is a duplicate of STATE_003754. The only email here is between counsel and her staff about internal management of the lawsuit. It also forwards and email (STATE_003829), which is an attorney-client communication. | Attorney-client privilege; work product; deliberative process privilege (attachments are produced at STATE_005001 - 005066) |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_005067-005069 | E-mail | 2/6/2018 | Valerie Green | Grace O'Malley | Communications with counsel regarding a response to a member of the public about the incident, and emails on the chain deliberate about a draft response. | Attorney-client privilege; Work Product; Executive/Deliberative Process Privilege |
| STATE_005071-005075 | E-mail | 2/6/2018 | Grace O'Malley | Valerie Green | Communications with counsel regarding a response to a member of the public about the incident, and emails on the chain deliberate about a draft response. | Attorney-client privilege; Work Product; Executive/Deliberative Process Privilege |
| STATE_005077 | E-mail | 2/6/2018 | OAG@oag.state.md.us | Valerie Green | Communications with counsel regarding a response to a member of the public about the incident. | Attorney-client privilege; Work Product; Executive/Deliberative Process Privilege |
| STATE_005079-005080 | E-mail | 2/6/2018 | Grace O'Malley cc: Zenita Hurley | Valerie Green | Communications with counsel regarding a response to a member of the public about the incident. | Attorney-client privilege; Work Product; Executive/Deliberative Process Privilege |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_005082 - 005083 | E-mail | 2/7/2019 | Tiffany Robinson | Cara Sullivan | Communication between executive staff regarding the arrests. The prior, and only, email on the chain is at STATE_005093, and it also includes communications between executive staff regarding the arrests. | Executive/Deliberative Process Privilege; Work Product |
| STATE_005086 | E-mail | 2/7/2018 | Cara Sullivan | Tiffany Robinson | Email that forwarded the MCP Case Report Information. | Personally identifiable information - Date of Birth |
| STATE_005087 | Attachment | | | | Maryland Capitol Police Case Report | Personally identifiable information - Date of Birth |
| STATE_005093 | E-mail | 2/7/2018 | Matthew Clark Christopher Shank Douglass Mayer bcc: Cara Sullivan | Tiffany Robinson | Communication between executive staff regarding the arrests. | Executive/Deliberative Process Privilege; Work Product (attachment is produced at STATE_005094) |
| STATE_005097 | Attachment | | | | Document addressing the arrest by Sergeant Pope for the purpose of preparing responses to inquiries about the arrest. It is an attachment to STATE_005095. | Executive/Deliberative Process Privilege; Work Product |

| Amended Privilege Log Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_005098 | E-mail | 2/6/2018 | Matthew Clark<br>Christopher Shank<br>Douglass Mayer | Tiffany Robinson | Communication between executive staff regarding the arrests. | Executive/Deliberative Process Privilege; Work Product |
| STATE_005099 | Attachment | | | | Document addressing the arrest by Sergeant Pope for the purpose of preparing responses to inquiries about the arrest. It is an attachment to STATE_005098. | Executive/Deliberative Process Privilege; Work Product |
| STATE_005100 | E-mail | 2/8/2018 | Tiffany Robinson<br>cc: Christopher Shank<br>Matthew Clark | Matthew Clark | Communication between executive staff regarding a meeting with Delegate Kipke. The only two redacted emails were communications for this purpose (STATE_005100 and STATE_005132). The unredacted emails were produced at STATE_005109, STATE_003600, STATE_003575, STATE_003578, STATE_003582, STATE_003581, STATE_004479. | Executive/Deliberative Process Privilege; Work Product |
| STATE_005104 | E-mail | 2/8/2018 | Matthew Clark<br>cc: Christopher Shank<br>Matthew Clark | Tiffany Robinson | Communication between executive staff regarding a meeting with Delegate Kipke. The only three redacted emails were communications for this purpose (STATE_005104, STATE_005100, and STATE_005132). The unredacted emails were produced at STATE_005109, STATE_003600, STATE_003575, STATE_003578, STATE_003582, STATE_003581, STATE_004479. | Executive/Deliberative Process Privilege; Work Product |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_005119 | E-mail | 2/7/2018 | Matthew Clark Christopher Shank Douglass Mayer | Tiffany Robinson | Communication between executive staff regarding the arrests. It is a duplicate of STATE_005093. | Executive/Deliberative Process Privilege; Work Product (attachment is produced at STATE_005120) |
| STATE_005121 | E-mail | 2/8/2018 | Matthew Clark cc: Christopher Shank Matthew Clark | Tiffany Robinson | Communication between executive staff regarding a meeting with Delegate Kipke. The only three redacted emails were communications for this purpose (STATE_005121, STATE_005100, and STATE_005132). The unredacted emails were produced at STATE_005109, STATE_003600, STATE_003575, STATE_003578, STATE_003582, STATE_003581, STATE_004479. | Executive/Deliberative Process Privilege; Work Product |
| STATE_005127 | E-mail | 2/7/2018 | Christopher Shank, Douglass Mayer, Matthew Clark | Tiffany Robinson | Email that forwarded the MCP Case Report Information. | Personally identifiable information - Date of Birth |
| STATE_005128 | Attachment | | | | Maryland Capitol Police Case Report. It's an attachment to STATE_005125. | Personally identifiable information - Date of Birth |
| STATE_005132 | E-mail | 2/8/2018 | Christopher Shank cc: Matthew Clark | Tiffany Robinson | Communication between executive staff regarding a meeting with Delegate Kipke. This is the only redacted email. The unredacted emails were produced at STATE_005109, STATE_003600, STATE_003575, STATE_003578, STATE_003582, STATE_003581, STATE_004479. | Executive/Deliberative Process Privilege; Work Product |

**Amended Privilege Log**

| Bates No. | Document | Date | To | From | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| STATE_005136 - 005137 | E-mail | 2/6/2018 | Nick Cavey cc: Ameila Chasse Shareese DeLeaver-Churchill | Douglass Mayer | Communication regarding a response to press inquiry regarding the incident. This is a duplicate of STATE_004754. This email and the other on the chain (produced at STATE_004895) discusses a media request and a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_005138 - 005140 | E-mail | 2/6/2018 | Douglass Mayer cc: Ellington Churchill Ameila Chasse Shareese DeLeaver-Churchill | Nick Cavey | Communication regarding a response to press inquiry regarding the incident. This emails on the chain (produced at STATE_004427, STATE_004425, STATE_004893, STATE_004754, and STATE_004895) discuss a media request and deliberate about a draft statement to respond to it. | Executive/Deliberative Process Privilege |
| STATE_005141-005144 | E-mail | 2/9/2018 | Nick Cavey cc: Ameila Chasse Shareese DeLeaver-Churchill | Douglass Mayer | Communication regarding a response to press inquiry regarding the incident. It is a duplicate of STATE_004876. This email and the others on the chain (STATE_004876, STATE_004847, and STATE_004849) discuss draft language for a response to a press inquiry. | Executive/Deliberative Process Privilege |
| STATE_005150 | Attachment | | | | Document addressing the arrest by Sergeant Pope for the purpose of preparing responses to inquiries about the arrest. It is an attachment to STATE_005149. | Executive/Deliberative Process Privilege; Work Product |