IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFF HULBERT, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Case No. SAG-18-00461 |
| | * |
| SGT. BRIAN T. POPE, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs Jeff and Kevin Hulbert ("the Hulberts") and Maryland Shall Issue, Inc. ("MSI") (collectively "Plaintiffs") filed this case against Sergeant ("Sgt.") Brian T. Pope and Colonel ("Col.") Michael Wilson (collectively "Defendants"), alleging several constitutional and state law claims arising from the Hulberts' arrest during a demonstration on February 5, 2018.  ECF 1.  On April 22, 2021, this Court issued a Memorandum Opinion, ECF 88 ("the Opinion"), and Order, ECF 89, granting in part and denying in part Defendants' Motion for Summary Judgment, ECF 76.  Sgt. Pope has now filed a Motion for Reconsideration of this Court's Order, ECF 91.  The issues have been fully briefed, ECF 101, 102, and no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons that follow, Sgt. Pope's Motion will be denied.[1]

**I.   Background**

The alleged facts in this case are set forth in detail in this Court's earlier Opinion, ECF 88, and will not be fully reiterated herein.  As relevant here, this lawsuit began, as alleged, when the Hulberts were arrested during a demonstration outside the Maryland State House on February 5,

---

[1] As a result of the rulings made herein, Defendant's motion for leave to file electronic video file in physical format, ECF 93, is denied as moot.

2018.  *See* ECF 88.  Plaintiffs filed suit in this Court against Defendants alleging claims under the First and Fourth Amendments, the Maryland Declaration of Rights, and the common law.  ECF 1.  After discovery, Defendants filed a Motion for Summary Judgment.  ECF 76.  After considering the parties' briefing, this Court issued its Opinion and Order, which granted Defendants' motion: (1) as to all claims against Col. Wilson; (2) entirely as to Counts V, VI, VII, VIII, IX, and X; (3) as to all claims for punitive damages; and (4) as to all claims in Count III relating to charges filed on the day after the arrest.  ECF 88, 89.  This Court, in its Opinion, also identified several genuine disputes of material fact, which precluded summary judgment as to the remaining claims against Sgt. Pope in Counts I, II, III, and IV.  *Id.*

On May 7, 2021, Sgt. Pope sought reconsideration of this Court's order.  ECF 91.  While that motion was pending, Sgt. Pope filed a notice of interlocutory appeal in the United States Court of Appeals for the Fourth Circuit,  ECF 94.  This Court stayed the case pending the outcome of the appeal, ECF 98.  The Fourth Circuit subsequently remanded the case for the limited purpose of allowing this Court to rule on the pending motion for reconsideration,  ECF 99.

**II.   Legal Standards**

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision" that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time" before entry of a final judgment.  *See also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991) (approving the trial court's reference to Rule 54(b) in reconsidering its ruling on the defendant's Rule 12(b)(6) motion to dismiss); *Lynn v. Monarch Recovery Mgmt, Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013) ("Motions for reconsideration of an interlocutory order are governed by Federal Rule of Civil Procedure 54(b) . . . .").  In this Court, motions for reconsideration must be filed within fourteen days after the Court enters the order.  Loc. R. 105.10.

While the Fourth Circuit has not clarified the precise standard applicable to motions for reconsideration, *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015), it has stated that motions for reconsideration "are not subject to the strict standards applicable to motions for reconsideration of a final judgment" under Rules 59(e) and 60(b), *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)); *see Fayetteville Investors*, 936 F.2d at 1470 (expressing "vigorous[] disagree[ment]" with a trial court's use of a Rule 60(b) standard in reconsidering its previous order on a Rule 12(b)(6) motion). However, courts in this District frequently look to the standards used to adjudicate Rule 59(e) and 60(b) motions for guidance when considering Rule 54(b) motions for reconsideration. *Carrero*, 310 F. Supp. 3d at 584; *Butler*, 307 F.R.D. at 449; *Cohens v. Md. Dep't of Human Resources*, 933 F. Supp. 2d 735, 741 (D. Md. 2013); *see also Fayetteville Investors*, 936 F.2d at 1470 (positively discussing a district court's reference, but not strict adherence, to the Rule 60(b) standards in reconsidering its prior ruling (citing *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102 (M.D. Pa. 1989)).

Motions to amend final judgments under Rule 59(e) may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Further, Federal Rule of Civil Procedure 60(b) explicitly provides that a court may only afford a party relief from a final judgment if one of the following is present: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief." In light of this guidance, "[m]ost courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions."

*Blanch v. Chubb & Sons, Inc.*, 124 F. Supp. 3d 622, 629 (D. Md. 2015); *see also, id.* ("Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." (quoting *Nana-Akua Takyiwaa Shalom v. Payless Shoesource Worldwide*, 921 F. Supp. 2d 470, 481 (D. Md. 2013))). As a general matter, "'a motion to reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." *Carrero*, 310 F. Supp. 3d at 584 (quoting *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001)). Ultimately, the decision to reconsider interlocutory orders rests in this Court's "broad discretion." *Am. Canoe Ass'n*, 326 F.3d at 515.

**III.    Analysis**

Sgt. Pope asks the Court to reconsider its rulings on whether his orders were narrowly tailored to serve a significant government interest, ECF 91 at 1, and whether he had probable cause to arrest the Hulberts, ECF 91 at 5. Sgt. Pope deploys two primary arguments in support of his requests. First, Sgt. Pope asserts that previously unsubmitted surveillance footage resolves the factual disputes identified in this Court's Opinion as to whether his orders served a significant government interest. ECF 91 at 2. Second, Sgt. Pope contends that relevant precedent and evidence in the record contravenes this Court's conclusion that there are genuine issues of material fact as to whether a legitimate government interest was served by the police action, and whether the arrests were supported by probable cause. *Id.* at 3-9. The Court will address each argument in turn.

### A. Unsubmitted Video Evidence

Sgt. Pope asserts that he is entitled to reconsideration because previously unsubmitted "surveillance footage depicting the Patriot Picket demonstration before and during the arrests [] shows that the group regularly walked across the streets with their signs before the arrests." ECF 91 at 2. Sgt. Pope contends that this surveillance video resolves the factual dispute as to whether the Hulberts or affiliated protestors were impeding pedestrian or vehicular traffic prior to being told to move to Lawyer's Mall. *See* ECF 88 at 15.

A motion to reconsider under Rule 54(b) does not constitute a license to present new evidence that was previously available to the movant. *Carrero*, 310 F. Supp. 3d at 584 (quoting *Royal Ins. Co. of Am*, 142 F. Supp. 2d at 677 n.1); *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991) (clarifying that a 59(e) motion cannot "be used to raise arguments . . . . [or] to submit evidence which should have been submitted before."). As a general matter, judgment will not be reconsidered on the basis of exhibits filed after the entry of the court's order, particularly "where the party seeking to amend the judgment has made absolutely no showing that the additional evidence offered could not have been timely submitted in the exercise of reasonable diligence." *Bess v. Kanawha Cty. Bd. of Educ.*, 2008 WL 11429807, at *2 (S.D.W. Va. 2008) (quoting *Jensen v. Conrad*, 570 F. Supp. 114, 128-29 (D.S.C. 1983)).

There is no indication that the evidence, which Sgt. Pope now submits as his predicate for reconsideration, was previously unavailable to him. *See* ECF 101 at 11 (clarifying that the surveillance footage in question was provided to Sgt. Pope in February, 2018). Nor does Sgt. Pope establish that the evidence, although in his possession, could not have been timely submitted to this Court in the exercise of reasonable diligence. Sgt. Pope appears to blame "ongoing technical difficulties" for his failure to submit this evidence to this Court prior to its Opinion. ECF 91 at 2 n.1; ECF 102 at 11. Sgt. Pope's reliance on technical difficulties, however, does not carry the day.

5

Sgt. Pope has since overcome his technical difficulties by using the "screen capture" feature to record the video in a file format acceptable to this Court.[2] ECF 102 at 11-12. In fact, Sgt. Pope now seeks leave to file this video in physical format, ECF 93, in connection with his Motion for Reconsideration. Simply put, if Sgt. Pope used reasonable diligence to convert the evidence into an acceptable format, such that it could be considered with his Motion for Reconsideration, the same reasonable diligence could have been exercised to ensure timely submission of the evidence with his Motion for Summary Judgment.

Sgt. Pope further avers that he did not previously submit the surveillance video to this Court because he "did not anticipate that this would be as significant an issue during briefing of the motion for summary judgment." ECF 91 at 2. This argument misses the mark. It is well established that the party moving for summary judgment bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). The Defendants inevitably made strategic choices regarding their presentation of evidence in support of their Motion for Summary Judgment.[3] Sgt. Pope's subsequent reassessment of these strategies, following an adverse decision, does not justify reconsideration by this Court.

---

[2] Electronic filing policies issued pursuant to Loc. Rs. 102 and 202 (D. Md. 2021) require parties to seek leave of court to file physical copies of video files. If leave is granted, video files must be submitted in the following file formats: .avi, .mp3, .mp4, .mpeg, .wma, .wav, or .wmv. *See* Electronic Case Filing Policies and Procedural Manual, U.S. Dist. Ct. Md. (Oct. 2020), available at: https://www.mdd.uscourts.gov/sites/mdd/files/CMECFProceduresManual.pdf.

[3] Notably, Defendants submitted several other videos as evidence in support of their Motion for Summary Judgment, *see* ECF 76-2 (Exhibit list), which were considered by the Court prior to the issuance of its Opinion. Defendants apparently decided at the summary judgment stage to submit the "*Bryan Sears Video*," which purportedly depicted demonstrators using crosswalks, rather than the evidence at issue here, which Defendants characterized as a "lengthier surveillance video [which] depicts demonstrators regularly using the crosswalks." ECF 76-1 at 6 n.6. Defendants' presentation of evidence reflects that they possessed the technical capacity to submit video evidence, and chose to highlight certain pieces of video evidence to the exclusion of others. A motion for reconsideration may not be used to revisit these choices.

### B. Remaining Arguments

Sgt. Pope also argues that evidence in the record justifies reconsideration of this Court's Opinion that genuine disputes of material fact preclude summary judgment as to whether Sgt. Pope's orders served a government interest, and could therefore serve as the basis for probable cause. In support of his motion, Sgt. Pope cites to a body of relevant precedent, much of which was previously cited in Defendants' Motion for Summary Judgment.

"Although there may be many valid reasons to reconsider an order, 'a motion to reconsider is not a license to reargue the merits . . .'". *Carrero*, 310 F. Supp. 3d at 584 (quoting *Royal Ins. Co. of Am*, 142 F. Supp. 2d at 677 n.1); *see also In re Marriott Int'l, Inc.*, 2021 WL 1516028, at *3 (D. Md. Apr. 16, 2021) ("[A] motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court." (quoting *Cezair v. JPMorgan Chase Bank*, 2014 WL 4955535, at *1 (D. Md. Sep. 30, 2014))); *Cezair*, 2014 WL 4955535, at *2 ("A Rule 54(b) motion may not be used to rehash previously rejected arguments."). By contrast, a court may grant reconsider its prior judgment "to correct a clear error of law or prevent manifest injustice." *Carrero*, 310 F. Supp. 3d at 584 (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). In the Rule 59(e) context, for a previous judgment to be "clear error," the court's previous decision must be "dead wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). Indeed, the Fourth Circuit in *TFWS* used even stronger language in describing the standard for clear error: the prior judgment cannot be "just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* (quoting *Bellsouth Telesensor v. Info. Sys. Networks Corp.*, 1995 WL 520978, at *5 n.6 (4th Cir. Sept. 5, 1995) (unpublished)).

This Court does not understand Sgt. Pope to assert that this Court's Opinion constituted clear legal error. Sgt. Pope's motion does not identify any purported legal errors. *See* ECF 91.

7

Sgt. Pope's most strident criticisms are leveled in his reply brief, where he argues that this Court's identification of factual disputes in the record is "incorrect." *See* ECF 102 at 3 ("This Court's statement that there is a factual dispute 'as to whether a legitimate government interest was served by the police action' is incorrect."); *id.* at 7-8 ("This alleged factual dispute is also incorrect . . . The record exclusively contains evidence that Sgt. Pope was attempting to 'avert anticipated safety risks.'") (internal citations omitted). These disagreements with the Court's factual interpretations, however, fall far below the "unrefrigerated dead fish" threshold. *TFWS*, 572 F.3d at 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor*, 1995 WL 520978, at *5 n.6) (unpublished)).

Rather, Sgt. Pope merely disputes the conclusions of law that this Court reached after careful consideration of relevant precedent and the parties' briefings. *See, e.g.*, ECF 91 at 4-5 (arguing that the previously unsubmitted surveillance video, and ECF 74-14, "are, as a matter of law, sufficient to meet the threshold of satisfying the State's burden that the orders to the Hulbert brothers furthered the government's safety interests."); *see also id.* at 9 (claiming that "the facts establishing probable cause [such as ECF 76-17] . . . are not such that 'every reasonable officer' (or prosecutor, for that matter) would understand that the alleged constitutional violation was established 'beyond debate.'"). At bottom, Sgt. Pope's contentions to this effect are an attempt to reargue Defendants' Motion for Summary Judgment on the merits. But courts in this district have routinely rejected such attempts. *See Carrero*, 310 F. Supp. 3d at 584 (quoting *Royal Ins. Co. of Am*, 142 F. Supp. 2d at 677 n.1); *In re Marriott Int'l, Inc.*, 2021 WL 1516028, at *3; *Cezair*, 2014 WL 4955535, at *2. The claims that Sgt. Pope raises in his motion are not meaningfully distinguishable from arguments that he made, or could have made, in his Motion for Summary Judgment. *Compare* ECF 76-1 at 28, 38 (Motion for Summary Judgment citing ECF 76-14 (Ex. O.) as evidence that Sgt. Pope's order served a significant governmental interest and asserting that

*McCormick v. State*, 211 Md. App. 261, 270 (2013) (quoting *Devenpeck v. Alford*, 543 U.S. 146 (2004)) supports a finding of probable cause), *with* ECF 91 at 3, 5 (Motion for Reconsideration citing the same).  Sgt. Pope's efforts to use Rule 54(b) to relitigate portions of his Motion for Summary Judgment are unavailing.  Thus, this Court sees no basis justifying reconsideration of its decision.

### IV.  CONCLUSION

For the reasons set forth above, Defendant Pope's Motion for Reconsideration, ECF 91, is DENIED.  A separate Order follows.

Dated:  October 6, 2021                                        /s/
                                                       Stephanie A. Gallagher
                                                       United States District Judge